May 11th, 2025

Jeffrey Simpson

1055 Park Avenue, 4

New York, NY 10028

Regarding NOTICE OF REMOVAL 158055-2023, dated May 9th, 2025

Dear Judge Cohen,

This concerns NYS Supreme Court cases 158055-2023 (main case) and 654928-2024 (Chassen v Simpson per JJ Investment Entities and in SDNY currently).

Given the hearing scheduled for Monday, May 12th, 2025, I respectfully ask that you advise the parties if you plan to continue or if you are going to cancel given the Removal to SDNY.  There are very serious implications borne by the actions surrounding the hearings scheduled for May 12th and May 20th that will cause further irreparable harm and lack due process that I am entitled to by law (and have not had in almost 2 years now).   It is unconscionable that there has been 1 deposition (mine) and no others this entire time.   Any Discovery provided has been materially irrelevant and lacks the details of the actions surrounding the conspired malicious acts against me of this case.

Your Honor is aware that the Receiver has now expanded the scope (on behalf of Mr. Chassen, Oak, and their attorneys) to include all JJ Arch Investment Entities.   If considered or granted, it will allow Oak to achieve their ultimate goal of removing me from all rights as per executed agreements per their "blueprint" of July 19th, 2023.    Oak recognizes JJ Arch's importance as this can exonerate their fraudulent conveyances since I am on the only authorized signatory on the JJ Arch investment entities. They require "non pro tunc" consents to vindicate their malicious fraud[1] which is now in the hundreds of millions.   Per my Friday notices, Your Honor signing the latest OSC, overlapped into SDNY jurisdiction. -The other matters that have no type of "remand" Order at this time as they do not exist in NYS.   The further Removal of the Main case illustrates this and is Removed on filing.   There is also a request for SDNY Consolidation, to bring all the cases together.

On May 5th, 2025, Judge Vargas from the SDNY (BK Appeal) denied AREH Motion to attempt to dispose the Appeal on frivolous grounds as Oak (who is driving counsel for AREH) is fearful that this Appeal holds the jurisdictional path that I have articulated since the alleged Bankruptcy dismissal (it was not actually dismissed, see May 9th, 2025 correspondence on this issue).   I will remind this Court that there is a fair likelihood that no Motion practice should have occurred until that Appeal is disposed or adjudicated and this recent correspondence illustrates such.

Oak's goal was always to give the properties back to the lenders to relieve liability and leave the liability on me. Their actions have hurt other investors in ways that are not contractual and have consent requirements that they used this Court's Orders to maliciously bypass.  They proclaimed

---

[1] Oak has admitted that they need the JJ Investment consents in the various settlement discussions and if one were to review the property conveyance consents since the start of this litigation, Oak conveniently attempts to have Jared commit fraud by signing on behalf of the required JJ Inv entities which has no authority whatsoever.  I beg this Court to ask David Heymann of Meltzer Lippe this question or hire a third party forensic attorney to review my position on this.

this to me, Chassen, Miller, Paul, Last and most of my prior AREH office in mid 2023.  It is my belief that the prior staff will not speak up as they are concerned they will be sued by Oak. They have witnessed the damage that I have experienced.  I am grateful however, yet not surprised that no lenders or investors are suing me. A few of these individuals have contacted me advising that they are willing to speak up (at this point).  They too wonder how this litigation continues with Chassen funding that which he cannot afford nor does he have the ability or knowledge (or authority) to drive it.

The Receiver has crossed the line before he started with extreme conflicts, the exhibits will illustrate this.  I have asked for conversations to discuss a mutually beneficial strategy; this has not happened.  In addition, to the extent the Receiver felt he had authority to invade my properties, conduct US Postal fraud, and theft of Trust funds, he had to file Motions with the Court rather than "forcefully" entering them, changing locks, and stealing funds from the bank account that are used to make payroll.  **Your Honor, I beg this Court to Demand that the funds are returned so that I am not in breach of Labor laws and can make payroll, which is now behind.**  The police reports exhibited by Mr. Rajotte illustrate that I called them, not the reverse.   The Receiver had no jurisdictional authority to do anything based on the Removals to SDNY.   He plead to SDNY and got no response, this shows his malicious intent (or that of the parties that he is working for which was illustrated in the past days).

Since Mr. Chassed Resigned himself on August 4th, 2023 (execution of JDA), he had no right to make any Motion whatsoever, (JDA that was supposed to be shared in the Evidentiary Hearing but somehow got pushed to a month afterwards, even though Your Honor acknowledged that the GFI case law did not help the opposition in holding back this agreement any longer).

I appreciate that Your Honor illustrated on the record that Chassen had grounds to make this Receiver Motion in the evidentiary hearing record (after his direct testimony verifying his Resignation of JJ Arch) citing prior Orders but that is factually incorrect.  The prior Orders talked about a forced Resignation with Cause and Notice, not Resignation for not spending materially all of the Members time working on behalf of the Company (defined in Resignation in JJ Arch).  The February 6th, 2024 Order acknowledges that Chassen cannot unreasonably deny the sale of any JJ Arch property (he initiated a Lis Pendis action during bankruptcy, in breach of stay).   In addition that very Order talks about the JJ Arch Member rights and Your Honor added "(as amended)", more indication that Chassen is powerless by any contractual corporate governance and certainly had no ability to object to a Bankruptcy.   Chassen sent a sworn affirmation to the SDNY BK Court in March of 2024 illustrating that he fully understands that he will be resigned if he worked for someone else, he even suggested that he did not receive any income from anyone else other than JJ Arch.  This is direct perjury from his testimony in February in Your Honor's Court when he stated he had been paid by Oak.

In August of 2023, Your Honor explicitly cited on the record that Chassen had "virtually no rights since 2021" per the Amendment of JJ Arch.   Testimony from the attorney that drafted the agreements in February, David Heymann, confirmed this.   There is even case law (highest level of the NYS judiciary) from June of 2024 that deals with this exact issue of NYS's abilities to modify contracts, the difference between a contract amendment and amended and restated, and the

language "date hereto".  I consulted with the attorney who appeared in that Appeal, Len Lesser to confirm it's intentions.

**With all this said, no arguments are required at this time as this is in the Federal Jurisdiction as of Friday, on Notice.**  I respectfully ask Your Honor to please acknowledge the current Jurisdictional circumstances   I have made an Emergency request to SDNY on these concerns.   I am prepared to send in a CPLR 5519 request to AD1 immediately if that is needed.  Obviously sending in a request to Your Honor or AD1 can be seen as my own concern of Federal jurisdiction, but to the contrary, I am simply concerned that I and SDNY are not equipped to correspond to the issues fast enough, especially since I am not on ECF and Pro Se (significant time delay as all filing must go through the Pro Se office).  To the extent any Motion practice will occur in front of Your Honor (current, remand, or any circumstance), I am prepared to immediately submit a Motion of Recusal of the Honorable Joel Cohen on grounds of extreme prejudice, bias, and circumventing my rights in the Federal Court on these matters over the last two years.   AREH should have been in bankruptcy in fall of 2023, none of these attacks on me and losses for lenders, investors, vendors, and the like could have happened by Oak taking the matters in their own hands.  Your Honor advised that Chassen committed bad acts ("extra illegal") via confirming a Preliminary Injunction, Oct 2nd, 2023. Your Honor did not allow for a bond or appeal yet Mr. Chassen was allowed back on premises where there are fiduciary risks regarding investor and lenders funds.   These acts allowed Chassen and Oak to ruin my life and attempt to strip everything from me forever more.  The Court endorsing this is a non reconcilable circumstance at this point and to consider my incarceration has absolutely no grounds or merit

With regards to counsel, I continue to face issues herein.   It is not because I am the person that this group makes me out to be, but it is merely the extremely troubled circumstances of Motion practice and false allegations and an insurance company that rides along with it instead of paying their NYS law mandatory coverage requirements for defense.   Robert Lorenc wasn't my lawyer the day he asked Your Honor for an Ex Parte communication without advising me first.   Benjamin Rajotte was asked to help me in the Federal matters by engagement letter.  I did not ask him to appear last week, he chose to on his own.  If there is a hearing, he may choose to attend but I am not authorizing counsel to represent me when there are serious issues here on Jurisdiction, extreme bias and prejudice.   Mr. Rajotte is working on contingency financial rentention, that has its positives and negatives.   That is the only choice I have at this point and when Criminal Implications are raised against my good name, this process cannot continue in this fashion, it is unlawful and unconstitutional.

I apologize for writing  Your Honor on the weekend but given the timing and extreme relief sought against me (tomorrow), I hereby request Your Honor cancel (or postpone) the hearings scheduled until the Federal Court may respond in with their view on the circumstances.

Respectfully submitted,

Jeffrey Simpson

Pro Se

CC:  opposing counsel, SDNY (various Judges)