```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JEFFREY SIMPSON, individually and derivatively, as      :
managing member of JJ ARCH LLC, suing derivatively as   :
managing member of ARCH REAL ESTATE                     :
HOLDINGS LLC, and JJ ARCH LLC                           :    Case No.: 1:25-cv-04004 (LTS)
                                                        :
              Plaintiff,                                :
                                                        :
   - against -                                          :
                                                        :
JARED CHASSEN, FIRST REPUBLIC BANK                      :
              Defendants                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

## DECLARATION OF ALLEN SCHWARTZ, ESQ. IN SUPPORT OF EMERGENCY MOTION

ALLEN SCHWARTZ, Esq., an attorney duly admitted to practice law before this Court, declares pursuant to 28 U.S.C. § 1746, as follows:

1. I am counsel to Jared Chassen, the defendant and counterclaim plaintiff in this proceeding.

I submit this declaration in support of Chassen's emergency motion seeking an order (1) pursuant to 28 U.S.C. § 1447, granting an expedited remand of this action to the New York State Supreme Court, County of New York, Commercial Division ("Commercial Division") for lack of federal subject matter jurisdiction and failure to comply with the requirements for removal mandated by 28 U.S.C. § 1446; (2) pursuant to 28 U.S.C. § 1447, and the Court's inherent powers, imposing sanctions, including the imposition of costs and attorney's fees, against Plaintiff Jeffrey Simpson ("Simpson") and his counsel Benjamin Rajotte, Esq. ("Rajotte"), incurred as a result of this removal; (3) pursuant to the Court's inherent powers, enjoining Simpson from any further removal of this proceeding without the prior permission of this Court;

(5) holding and adjudging Simpson and Rajotte in civil contempt of the Commercial Division's March 11, 2025 Order Appointing a Temporary Receiver and the Commercial Division's May 12, 2025 Order Compelling Jeffrey Simpson to Comply with the Receivership Order and Directing Sheriff to Enforce Receivership Order (together the "Orders"), ordering Simpson be incarcerated until he complies with the Orders, and holding a hearing to adjudicate Chassen's damages as against Simpson and Rajotte and (6) granting an injunction pending the hearing of this motion enforcing the Orders and directing the United States Marshal's service to enforce the Orders; and (7) granting such other and further relief this Court deems just and proper.

2. I have personal knowledge of the facts detailed herein based on my role as counsel to Chassen in the removed proceedings.

### I. The Need for Expedited and Emergency Relief and Compliance with Local Rule 6 and the Court's Individual Rule 2(b)

3. This motion is brought on an emergency basis and seeks emergency relief. Jeffrey Simpson, *the removing plaintiff*, is attacking the dignity and the integrity of the judicial system with impunity. Simpson's defiance of the Commercial Division's orders is egregious, and his repeated abuse of the removal process can only be viewed as a textbook case for enjoining unilateral removals. As shown below, he is openly and repeatedly defying state court orders and using the cover of repeated frivolous "pro se" removals (while represented by counsel) to do it. One prong of this emergency motion seeks the expedited remand of this proceeding, sanctions, and an injunction barring further removals, all of which are critical here to prevent further irreparable injury to the integrity and dignity of the judicial system.

4. That Simpson's removal is frivolous and warrants an immediate remand is self-evident from his place in the caption alone. The removal statute is reserved for defendants, but Simpson is the plaintiff. The removal itself, even if otherwise proper, is untimely, as this action

has been ongoing since 2023, and it runs afoul of defendant consent requirements, as defendant Chassen does not consent to remove. None of the claims asserted in this case are federal claims. *In re JJ Arch LLC*, 663 B.R. 258, 291, n. 56 (Bankr S.D.N.Y. 2024) (the claims in this action "arise exclusively under New York law."). Simpson did not comply with any of the other procedural requirements for removal, failing to file a short concise statement of jurisdiction or to attach the pleadings and orders in the action.

5. The other prong of this emergency motion seeks to hold Simpson and his counsel, Benjamin Rajotte, in contempt of court orders and seeks immediate interim relief enforcing the court's orders and restraining Simpson from any further defiance of these orders pending the Court's decision on the remand and contempt motion.[1] Simpson and his counsel's recent defiance of court orders is extraordinary and was committed in the face of two pending contempt motions. Simpson has unilaterally seized receiver property. Simpson and his counsel are making a mockery of the judicial system.

6. Expedited and emergency relief is necessary here to remedy what amounts to an egregious defiance of the rule of law.[2] Pursuant to this Court's rules, Simpson and his counsel were given advance notice of this motion by email and declined to meet and confer in advance of this motion. Further, I notified Simpson and his counsel prior to bringing this motion via email that Chassen would be filing a motion seeking emergency interim relief today. *See* Exhibit 16, Simpson and Rajotte Email Chain.

7. The undersigned hereby certifies that he has used his best efforts to resolve informally the matters raised in this motion, which efforts were unsuccessful.

---

[1] Chassen will also be seeking Rule 11 sanctions against Simpson and his counsel in another forthcoming motion and this motion is filed without prejudice to initiate a criminal contempt proceeding.

[2] Except as detailed herein, no prior application has been made for this relief to this or any other Court.

3

## II. In this August 2023 Proceeding, Simpson and Chassen Seek to Terminate Each Other as Members of JJ Arch LLC and the Court Enjoined Both of Them

8. This 2023 state court action involves Simpson and Chassen's competing claims to terminate each other from an entity known as JJ Arch LLC, an entity they are both members in.[3] They formed JJ Arch in 2017 primarily to act as AREH's managing member, which was to manage a substantial real estate portfolio.[4] In addition to the properties owned by AREH, Chassen and Simpson purchased a handful of properties together which they owned and managed directly through JJ Arch, independent of AREH, as sole member of 1640 Montauk LLC, 1640 Motors LLC, JJ NY 550 LLC, and 225 HPR LLC. JJ Arch, with outside investors, also formed three entities, 146 E 89 Borrower 1 LLC, 146 E 89 Borrower 2 LLC, and 146 E 89 Borrower 3 LLC, to purchase a real property in Manhattan through a tenant in common structure, with JJ Arch acting as the managing member of each entity. *Id.*[5]

9. Simpson, who started the lawsuit in August 2023, simultaneously filed an emergency motion seeking to be restored to his managerial position at JJ Arch. In August 2023, the Commercial Division entered an order that restored Simpson to managerial control of JJ

---

[3] This removed state court litigation also centers around longstanding state law disputes between Simpson and 608941 NJ Inc. ("Oak"), the investor member in Arch Real Estate Holdings, LLC ("AREH").

[4] NYSCEF No. 721, JJ Arch LLC Operating Agreement; NYSCEF No. 722, Amended JJ Arch LLC Operating Agreement; NYSCEF No. 720, AREH Operating Agreement. "NYSCEF" refers to the New York State Courts Electronic Filing system, and citations to NYSCEF refer to specific filings in the action captioned *Simpson et. al. v. Chassen et. al.*, Index No. 158055/2023 (N.Y. Co.). Due to the voluminous papers involved in the removed action, in lieu of being physically attached as exhibits, many of the documents from the action are cited to the NYSCEF record with hyperlinks. "[T]he Court may take judicial notice of documents filed on this system as they are part of the public record." *Windward Bora LLC v Lungen*, 2023 U.S. Dist. LEXIS 153609, at *2, n 2 (S.D.N.Y. Aug. 29, 2023); *Town of Newburgh v Newburgh Eom LLC*, No. 24-CV-5059 (CS), 2025 U.S. Dist. LEXIS 61516, at *5, n 5 (S.D.N.Y. Mar. 27, 2025) ("[T]he Court takes judicial notice of the docket entries filed in the state court from which Ramada removed this case.") (citation omitted).

[5] The 225 HPR LLC Operating Agreement is available at NYSCEF No. 1172. The 1640 Montauk LLC Operating Agreement is available at NYSCEF No. 1173. The JJ NY 550 LLC Operating Agreement is available at NYSCEF No. 1174. The 146 E 89 Borrower 1 LLC Operating Agreement is available at NYSCEF No. 1179. The 146 E 89 Borrower 2 LLC Operating Agreement is available at NYSCEF No. 1180. The 146 E 89 Borrower 3 LLC Operating Agreement is available at NYSCEF No. 1181.

Arch, subject to, among other things, Chassen's membership and consent rights to major decisions, defined in the JJ Arch Operating Agreement, and directed them to cooperate in good faith with each other in their respective roles. *See* NYSCEF No. 36, Order Regarding Interim Operating Procedures. The Commercial Division also nullified their respective August 2023 terminations of each other. *Id.*

10. Despite being directed to cooperate in good faith, within days of being restored to managerial control, on September 1, 2023, Simpson attempted to terminate Chassen. In orders entered in September and November 2023, the Commercial Division restored Chassen and barred either member from terminating the other without prior court permission. NYSCEF No. 86, September 2023 TRO; NYSCEF No. 419, November 2023 Preliminary Injunction.[6] The Commercial Division granted Simpson a preliminary injunction in September 2023 in which it incorporated the August 2023 Interim Order and September 2023 TRO. NYSCEF No. 159, September Preliminary Injunction. The Commercial Division made clear that "unless and until this partnership is broken up, Mr. Chassen is a 49 percent member without managerial control . . . But Mr. Chassen, his contractual rights are to be a 49 percent member with substantial consent rights to important decisions." *See* NYSCEF No. 224, Sept. 29, 2023 Hr. Tr. at 54:5-55:4; *See also* NYSCEF No. 128, Sept. 15, 2023 Hr. Tr.; NYSCEF No. 83, Sept. 11, 2023, Hr. Tr.

### III. Simpson's Bad-Faith Bankruptcy Filing as Purported Sole Member of JJ Arch and First Bad-Faith Removal of this Proceeding

11. In April 2024, Simpson removed the Corporate Control Action to federal bankruptcy court after he filed a unilateral petition as purported "sole member" without Chassen's consent even though the Commercial Division's orders that had restored Simpson to

---

[6] *See also* NYSCEF No. 417, Nov. 20, 2023 Hr. Tr.

5

managerial control in August 2023 were expressly conditioned on Chassen's consent rights and a bar on any unilateral terminations. NYSCEF Nos. 36, 86, 159, 419, 630, 631, 632, 635. The Bankruptcy Court (Mastando, J.), after a thorough review and recitation of the record, including the pleadings, orders, and hearing transcripts, found that Mr. Simpson's removal of the Corporate Control Action was an act of forum shopping. *See In re JJ Arch LLC*, Nos. 24-10381 (JPM), 24-1335 (JPM), 2024 Bankr. LEXIS 1347, at *33-47 (Bankr. S.D.N.Y. June 10, 2024); *id.* at, at *44, n 24 (citing to and noting that "[m]any of Mr. Simpson's emails indicate a certain displeasure for Mr. Chassen . . . and—perhaps most notably—Justice Cohen's Interim Orders.").

12. Later, on October 11, 2024, the Bankruptcy Court dismissed the JJ Arch bankruptcy case entirely because of, inter alia, Simpson's subjective and objective bad faith in filing it and his subsequent gross mismanagement of JJ Arch. *In re JJ Arch LLC*, 663 B.R. 258, 275-290 (Bankr. S.D.N.Y 2024). The Bankruptcy Court remanded this action and another proceeding, an insurance interpleader, to state court. *Id.* at 290.[7]

### IV. After the Dismissal of the Bad-Faith Bankruptcy, the Commercial Division Appoints a Temporary Receiver over JJ Arch

13. After the dismissal of the bankruptcy and remand of this proceeding, Chassen moved, among other things, to hold Simpson in contempt of the Commercial Division's orders and for a temporary receiver over the assets controlled by JJ Arch.[8] On March 11, 2025, the

---

[7] Simpson appealed the Bankruptcy Court's October 2024 dismissal and remand, which is currently pending before Judge Vargas. *See In re JJ Arch LLC*, Dkt. No. 1:24-bk-10281 (Bankr. S.D.N.Y. 2024), at ECF No. 218 (Notice of Appeal). He did not, however, seek a stay pending appeal from the Bankruptcy Court or, if impracticable, the District Court hearing the appeal. *Tenore v Frost (In re Tenore),* No. 24-CV-9729 (CS), 2025 U.S. Dist. LEXIS 8509, at *2-3 (S.D.N.Y. Jan. 6, 2025) (to obtain a stay of a bankruptcy dismissal pending appeal, party seeking stay must follow Federal Rule of Bankruptcy Procedure 8007 and other requirements). The appeal itself remains unperfected since the October 2024 dismissal. *See generally In re JJ Arch LLC*, Dkt. No. 1:24-cv-08649 (S.D.N.Y. 2024).

[8] NYSCEF Nos. 711-757, 994-1000, 1002, 1004-1010, 1028-1037, 1041, 1080-1082, 1162, 1165, 1166, 1169-1278, 1346-1348, 1370-1379.

Commercial Division, after a two-day evidentiary hearing, appointed a temporary receiver over the entities controlled by JJ Arch, namely 1640 Montauk LLC, 1640 Motors LLC, JJ NY 550 LLC, 225 HPR LLC, 146 E 89 Borrower 1 LLC, 146 E 89 Borrower 2 LLC, and 146 E 89 Borrower 3 LLC. Exhibit 1, NYSCEF No. 1508, Receiver Order. The Receiver Order was supported by an extensive factual record and showing, wherein Chassen established that Simpson had failed to pay taxes since 2022, caused all the subject properties to go into default or foreclosure, with Chassen named as a defendant guarantor, left properties vacant and unattended for over a year, diverted JJ Arch assets to himself rather than pay debt servicing and leases, and engaged in a longstanding pattern of defiance of court orders and unilateral actions in disregard of Mr. Chassen's rights as a member of JJ Arch as provided by prior court orders.[9]

14. In the leadup to the hearing, Simpson sent the Commercial Division abusive emails despite being directed not to send such emails to the Court. *See eg.* NYSCEF Nos. 1248-1249. On February 9, 2025, Simpson sent an email directly to Justice Cohen in which he asserted that this:

> is a court of non-competent jurisdiction, who has been biased since the first day and has made rulings that are not at all practical or thoughtful or considerate to anything or anyone here especially when you can't even remember what it is you offered in a prior order or transcript. So you may not like my tone and you may criticize me and tell me that I'm not being proper but again if someone took from you what's been taken for me I would love to see what your tone will be like . . . All right reserved and yes I am copying every possible avenue of the NY court system that I know because there's no justice here. I will forward along later to the Southern District and make sure that all the judges who have touched this case have also seen what's going on here because it is not lawful.

NYSCEF No. 1132, Simpson Feb. 9, 2025 Email to Justice Cohen.

---

[9] *See, e.g.,* Exhibit 2, NYSCEF No. 1347, Post-Hearing Letter; Exhibit 3, NYSCEF No. 1275, Chassen Direct Testimony Affirmation; *see also* NYSCEF No. 1166, Peldman Direct Testimony Affirmation; NYSCEF No. 1165, Nicolardi Direct Testimony Affirmation; NYSCEF No. 1162, Gandhi Direct Testimony Affirmation.

15. Simpson's behavior towards counsel in the leadup to the hearing was also extremely abusive. For example, Simpson sat for a deposition on February 13, 2025, during which he lobbed abuse at counsel: "You're scum. Yeah, scum lying garbage you are. Keep going. Keep going. You lied to the Court literally. Keeping lying. Keep going . . . I can't believe the bar gives you a license." NYSCEF No. 1374, Simpson Dep. Tr. at 115:17-25. Simpson called counsel a "disgusting lawyer," *id.* at 322:20-10, and told him that "I think you're a lying, cheating thief." *Id.* at 280:5-12. Mr. Simpson also called counsel a "disgusting pig," and said ominously "You've lied to the Court every single time. Go ahead. That's okay. We'll have an investigation of you of a different kind." *Id.* at 183:3-24.

16. The Commercial Division was finally set to hear Chassen's longstanding contempt motion that Chassen had filed in October 2024 on March 27, 2025. NYSCEF Nos. 711-757, 980-933, 1363, 1372-1379.

**V.    To Avoid Enforcment of the Receiver Order and a Contempt Hearing, in March 2025 Simpson Frivolously Removes this Action a Second Time**

17. To avoid the Receiver Order and the upcoming contempt hearing, on March 20, 2025 Simpson purported to remove this action claiming there was federal question jurisdiction. *See* 1:25-cv-02372 (LTS), ECF 1. He also removed two other actions that were also before the Honorable Justice Joel M. Cohen, who he has accused of being biased against him. *See, e.g.*, NYSCEF Nos. 729, 730, 954, 955, 956, 957, 959, 1020, 1024, 1273, 1384, 1389, 1406, 1418. Simpson was represented by his former counsel, Robert Lorenc, when he purported to effectuate the removal. NYSCEF No. 1038.

18. Simpson then used the purported to removal to defy the Receiver Order and sent contemptuous correspondence to Justice Cohen. NYSCEF No. 1384, Simpson March 20, 2025 Letter to Court ("[Y]ou will learn, I am and was a very effective leader by making informed and

educated decisions and moving forward. This is not a 'free for all', it is my business that you invaded in ways that are unconscionable."); NYSCEF No. 1389, March 20, 2025 Letter to Court ("It is that you are simply fearful for your wrongdoings and bias nature of your role on the bench that you cannot help yourself but attack the most successful guy in the room (before you have attempted to ruin my life by bad orders, bias commentary and simply swallowing your own words from one hearing to another) . . . I will not be communicating with this Court again unless I am told otherwise by a higher power in the Federal Court."); NYSCEF No. 1406, March 24, 2025 Letter to Court (informing Commercial Division that he had expelled the Receiver from JJ Arch business).

19. Simpson instructed a JJ Arch lender not to give the Receiver a requested payoff statement, telling the lender that both Justice Cohen and the Receiver were "on the take." NYSCEF No. 1445, Simpson March 29, 2025 Email. On April 8, 2025, Simpson emailed the Receiver telling him to "stand down" and that if he didn't, Simpson would pursue him "because you're out of line just like the day you showed up and I told the police to get you out of my property." NYSCEF No. 1444, Simpson Apr. 8, 2025 Email. On April 12, 2025, Simpson wrote the receiver, copying the Court, telling him that he had no authority or jurisdiction, and telling him "I remind you how you invaded the property at 1640 Montauk improperly and the police removed you for trespassing. You have also tried to invade the bank accounts this past week . . ." NYSCEF No. 1441, Simpson Apr. 12, 2025 Email. On April 14, 2025, Simpson wrote this Court, copying the Receiver, and saying that Commercial Division was "either clueless or intentionally looking the other way." NYSCEF No. 1442, Simpson Apr. 14, 2025 Email (emphasis added). Simpson then forwarded this email to the Commercial Division in an *ex parte* email in which he taunted Justice Cohen that "The NYS system is a mockery on society and you

sir You do not listen to anything with merit or facts." NYSCEF No. 1418, Simpson Apr. 14, 2025 Email.

20. In an April 22, 2025 email to the Receiver, with the Commercial Division copied, he wrote "I just called him on the phone and warned him one more time not to step foot on one of my properties . . ." NYSCEF No. 1440, Simpson Apr. 22, 2025 Email.

21. On April 24, 2025, after Simpson failed to pay the filing fee within the 30 days as directed, the Court remanded this action. See Exhibit 4, Apr. 24, 2025 Order.[10]

### VI. Simpson Used the Period of the Second Bad-Faith Removal to Openly Defy the Receiver Order, Prompting Enforcment Actions by Mr. Chassen and the Receiver upon Remand

22. On April 28, 2025, the Receiver filed an order to show cause seeking to enforce the Receiver Orders. NYSCEF Nos. 1435-1445 (the "Receiver's Motion"). In support of the Receiver's Motion, the Receiver submitted two affidavits and attached police reports and other evidence showing that Simpson had (1) expelled the Receiver from assets under receivership; (2) sent abusive emails to the Receiver in defiance of the Receiver Order; and (3) interfered with the Receiver and provided no information or books and records. Exhibit 6, NYSCEF No. 1457, Receiver's Affirmation; Exhibit 7, NYSCEF No. 1471, Supplemental Receiver's Affirmation. Mr. Simpson's contempt of the state court during the removal was further evident in the emails and letters he sent the Commercial Division, or copied it on, in connection with, and during, the removal.[11] On April 30, 2025, Chassen moved by order to show cause seeking to hold Simpson

---

[10] On March 25, 2025, the Court entered an order stating that it would take no action in the case until Simpson paid the filing fee, directed him to do so within 30 days, and told him that if he failed to do so, the Court would dismiss the action. See Exhibit 5, Mar. 25, 2025 Order.

[11] See, e.g., NYSCEF No. 1384; NYSCEF No. 1387; NYSCEF No. 1389; NYSCEF No. 1406; NYSCEF No. 1418; NYSCEF No. 1440; NYSCEF No. 1441; NYSCEF No. 1442; NYSCEF No. 1444.

in civil and criminal contempt of the Receiver Order. *See* NYSCEF No. 1472, Chassen's Second Contempt Motion.

### VII. Simpson Attempts to Remove the Action a Third Time to Avoid Enforcement

23. On May 5, 2025, Benjamin Rajotte, Esq. appeared on behalf of Simpson in the Commercial Division. Schwartz Decl., Exhibit 8, NYSCEF No. 1479, Notice of Appearance. The next day, the Commercial Division held a conference and set hearing dates for May 12, 2025 for the Receiver's Motion and May 20, 2025 for the Chassen Second Contempt Motion. NYSCEF No. 1480, Case Management Order. On May 9, 2025, Simpson, while represented by Mr. Rajotte, filed "pro se" requests to stay the proceedings to the Second Circuit Court of Appeals, and this Court, and again purported to remove the proceeding "pro se" to avoid the hearing.[12] Despite his purported pro se removal, Simpson's counsel himself recognized the state court's continuning jurisdiction through his multiple filings after the purported *pro se* May 9, 2025 removal email, including opposition he filed to the Receiver's Motion just after the purported email of removal papers to the Pro Se Intake Unit. *See* Exhibit 9, NYSCEF No. 1498-1499, May 9, 2025 Opposition to Receiver's Motion; *see also* NYSCEF No. 1507; NYSCEF No. 1514; NYSCEF No. 1521.

24. Justice Cohen held the hearing on May 12, 2025 where he told the parties on the record that he still retained jurisdiction because (1) the removal could not be effectuated "pro se" under CPLR 321(a) without the Court's consent, as Simpson was represented by counsel who under the statute was the only one authorized to act in the case without leave of the court; (2) the removal was facially frivolous because Simpson could not remove as the plaintiff and there was Appellate Division, First Department precedent that held that a state court retained jurisdiction

---
[12] NYSCEF Nos. 1484-1490.

11

circumstances where a party was filing bad-faith frivolous removals to paralyze the judicial system; and (3) no docket had been opened yet in federal court evidencing that there had been a removal in federal court and the matter could not be in no court with no judge able to provide relief.[13]

25. During the hearing Simpson insisted on speaking to the Court directly, refused to affirm that he would comply with the Receiver despite being directly asked, and stormed out of the courtroom, saying that the Court was not a "real court."

## VIII. The Commercial Division Enters an Order Directing the Sheriff to Physically Remove Simpson from Receivership Property

26. On May 13, 2025, the Commercial Division entered an Order Compelling Jeffrey Simpson to Comply with the Receivership Order and Directing Sheriff to Enforce Receivership Order (the "Sheriff Order"). Exhibit 10, NYSCEF No. 1508, Sheriff Order. Simpson's counsel, Benjamin Rajotte, then sought to adjourn the contempt hearing Chassen's Second Contempt Motion claiming that Simpson was focused on complying with the Court's orders. Exhibit 11, NYSCEF No. 1516, Rajotte So-Ordered Letter. On May 14, 2025, the Commercial Division granted his counsel's request to adjourn the contempt hearing, setting a new hearing date of June 13, 2025. *Id.* (granting adjournment request and saying that Court "views future compliance with the Receivership Order, including the Court's recent order granting Mot. Seq. 023 (NYSCEF 1508), to have the highest priority at the moment.").

27. Simpson only minimally complied with the Receiver Order, but the receiver was able to take possession of the receivership properties. Exhibit 12, NYSCEF No. 1528, Receiver's Report. On May 15, 2025, Simpson filed a notice of removal on the NYSCEF system *pro se*

---

[13] Chassen is still awaiting receipt of the hearing transcript.

showing that a federal docket had been opened a judge assigned. Exhibit 13, NYSCEF No. 1517-1518, Simpson May 15, 2025 Notices of Removal. Several days later, his counsel filed a letter seeking to stay parts of the Sheriff Order on May 21, 2025 and a proposed order to show cause seeking that relief on May 23, 2025.[14] On May 23, 2025, Justice Cohen issued a Court Notice that stated that in light of the May 15, 2025 notice of removal showing that a case had now been opened in this Court and a judge now assigned, it could no longer rule on anything until it received an order of remand. Exhibit 14, NYSCEF No. 1527, Court Notice. *Id.* (stating that post-May 15, 2025, when Simpson showed that there was a federal docket opened and a judge assigned, the Commercial Division would not proceed, but that on May 12, 2025, where there was no ECF docket or judge assigned, this case "could not have been treated as being in NO court.").

### IX. Simpson and his Counsel Commit a Contempt of Court by Re-Seizing Receivership Property

28. Within a handful of hours, Simpson's counsel, Benjamin Rajotte, wrote the Receiver and Mr. Chassen's counsel that the receiver was now "divested of authority" and that Simpson "was on his way to safeguard and take control of the assets immediately." Exhibit 15, Rajotte Email Chain; *id.* (saying that "Court had divested him of any continuing authority."). Simpson and his counsel were advised that pursuant to 28 U.S.C. § 1450, the Commercial Division's orders, including the Receiver Order, remain in effect. *Id.* Simpson has expelled the Receiver from Rever Motors, who was threatened if he attempted to return to the property in receivership. *Id.* The Receiver sent a letter to Justice Cohen stating that he is afraid for his

---

[14] NYSCEF No. 1521-1526.

physical safety if he returns to the receivership property. Exhibit 17, NYSCEF Nos. 1529 and 1530, Receiver's May 27, 2025 Letter to Justice Cohen.

29. The Receiver Order was clear and unambiguous—it gave sole control of these assets, including Rever Motors, to the receiver, and barred Simpson from interfering with the Receiver. Exhibit 1, NYSCEF No. 1508, Receiver Order. The Sheriff Order was necessitated by Simpson's refusal to comply with the Receiver Order. Exhibit 10, NYSCEF No. 1508, Sheriff Order. After the Commercial Division notified the parties that the federal court had jurisdiction of this proceedings (Exhibit 14, NYSCEF No. 1527, Court Notice), Simpson and his counsel openly defied the Receiver Order and Sheriff Order by unilaterally seizing control of Rever Motors on May 23, 2025 and by threatening the Receiver if he made any attempt to regain control. Exhibit 15, Rajotte Email Chain. They have done the opposite of attempt to comply in a reasonable manner but have instead acted to willfully disobey it. *Id.*

30. Simpson and his counsel have taken the position that the May 13, 2025 Sheriff Order is ineffective because they say it was entered after Simpson's purported *pro se* removal of this action. Exhibit 15, Rajotte Email Chain. Even if that were true—and it is not (as explained in the memorandum of law)—the Receiver Order has been in place since March 2025, and Simpson refused to comply with it since its entry. Exhibit 1, NYSCEF No. 1508, Receiver Order; Exhibit 6, NYSCEF No. 1457, Receiver's Affirmation; Exhibit 7, NYSCEF No. 1471, Supplemental Receiver's Affirmation. His and his counsel's defiance on and after May 23, 2025 cannot be excused by claiming that the Sheriff Order was issued without jurisdiction because they are actively defying the Receiver Order. Indeed, in his opposition to the Receiver's Motion, Simpson and his counsel's acknowledged that the Receiver Order applied to the four properties, and merely sought clarification that it was limited to those properties. Schwartz Decl., Exhibit 16,

14

NYSCEF No. 1498, Rajotte Affirm. at ¶ 10. The opposition was effectively a motion asking the Commercial Division not to enforce the Receiver Order because they claimed it was to "harsh." *Id.* at ¶ 6.

X. **In addition to enforcing the court orders through civil contempt, the Court should expedite the remand of this proceeding and should award costs and attorney's fees against Simpson and his counsel**

31. In addition to an expedited remand of this proceeding and a contempt finding, the Court should impose costs and attorney's fees against Simpson and Rajotte for this bad-faith removal. Several factors support the imposition of costs and attorney's fees here against both Simpson and his counsel. First, Simpson may have filed the removal purportedly *pro se*, but he is represented by counsel, who has affirmed the bad-faith removal by relying on it to encourage and advise Simpson to defy court orders. Second, the timing of the removal evidences its bad-faith and supports the imposition of sanctions. Simpson's March 2025 removal came on the heels of the Commercial Division's March 11, 2025 Receiver Order—after a two-day evidentiary hearing. And he filed this removal right before a May 12, 2025 hearing seeking to enforce the Receiver Order. He and his counsel then used the removal as a vehicle to defy the Commercial Division's orders. Exhibit 15, Rajotte Email Chain. Third, Simpson's contemptuous correspondence, e-filed to the Commercial Division on NYSCEF in connection with his removals, also shows his bad-faith intent. *See e.g.*, NYSCEF No. 1384, NYSCEF No. 1389, NYSCEF No. 1406. Fourth, Simpson's prior history of bad faith supports sanctions. Since the beginning of this action, Simpson has repeatedly disobeyed or collaterally attacked the Commercial Division, this removal being only the latest iteration, and there are now two pending motions, other than this one, seeking redress for his contempt of court orders.

32. Considering this history, the Court should also enter an order barring further removal. Ultimately, without such an order, nothing will prevent Simpson from continuing to use the federal courts as a vehicle to collaterally attack the New York State Supreme Court and to ignore its orders.

**XI.     The Court should immediately enforce the Receiver Order and Sheriff Order, barring Simpson from entering the properties and businesses in receivership, and directing the Marshal to remove him pending the resolution of this motion**

33. The Court should enter the annexed proposed interim order seeking immediate enforcment of the Receiver Order and the Sheriff Order while these motions are being heard. The proposed order effectively seeks the immediate entry of the Sheriff Order already entered by Justice Cohen—and thus already an order of this Court—but here directed to the Federal Marshals.

34. Chassen is likely to succeed on the merits of both the contempt and remand motions, and faces irreparable injury if Simpson is allowed to defy the Commercial Division's orders while these motions are pending. The receiver was appointed after Chassen had established that Simpson had looted assets, failed to pay taxes, and caused all the properties to go into foreclosure, while Chassen is a full recourse guarantor. *See e.g.*, Exhibit 3, NYSCEF No. 1275, Chassen Direct Testimony Affirmation. The receiver has since determined that Rever Motors, which Simpson has unilaterally seized, is already insolvent and there is thus a grave danger that Simpson will loot whatever remains. *See* Schwartz Decl., Exhibit 12, NYSCEF No. 1528, Receiver's Report.

35. In addition to the Commercial Division's findings, and the Bankruptcy Court's 2024 findings of gross mismanagement, Simpson has also been found to have grossly mismanaged the assets of his own personal limited liability company, YJ Simco LLC, which he

recently put into a Chapter 11 Bankruptcy. On April 14, 2025, the United States Trustee moved to convert the bankruptcy to a Chapter 7 liquidation or to dismiss it for gross mismanagement and failure to insure properties, calling YJ Simco under Simpson a "poster child example of a debtor that does not abide by its fiduciary duties as a debtor-in-possession." *In Re YJ Simco LLC*, Case No. 25-10437 (LGB) (Bankr. S.D.N.Y.), United States Trustee Motion, ECF 7. On May 14, 2025, the Bankruptcy Court granted the motion and converted the YJ Simco bankruptcy to a Chapter 7 liquidation and appointed a Chapter 7 Trustee to take control of YJ Simco. *See* ECF 18, Order Converting Chapter 11 Case to Case Under Chapter 7.

36. Further, there is an ongoing irreparable injury that is occurring to the judicial system itself if Simpson is allowed to defy multiple court orders and threaten a court appointed receiver while these motions are pending. *Coronet Capital Co. v Spodek*, 279 A.D.2d 600, 602 (2d Dep't 2001) ("A receiver is . . . an officer of the court . . .").

37. This injunction seeks to restore the status quo before May 23, 2025 when Simpson took the law in his own hands and acted unilaterally and seize receivership property. The equities thus greatly favor Chassen since Simpson is a bad-faith actor who the Commercial Division found poses a danger to Chassen and who is actively defying court orders. Simpson has already previously engaged in repeated patter of defiance of court orders, as evidenced by his prior defiance of the Receiver Order, his bad faith bankruptcy filing, and his repeated attacks on Justice Cohen, and abusive conduct throughout the litigation. *See e.g.,* NYSCEF No. 1374, Simpson Dep. Tr. at 115:17-25 (calling counsel at deposition "lying garbage"); *Id.* at 280:5-12 (calling counsel at deposition "disgusting pig"); NYSCEF No. 1436, at ¶ 20 (calling Receiver a "disgusting human," a "money hungry pig," and "the biggest crook I've ever met."); NYSCEF No. 1445, Simpson Mar. 28, 2025 Email to Lender (baselessly impugning Court and Receiver of

17

being "on the take"); NYSCEF No. 1389, March 20, 2025 Letter to Court (making baseless, unsupported accusations of bias); NYSCEF No. 739 (telling Chassen that "only thing else you knew to do was be a male prostitute. Maybe that's what you're going be pursuing now because you're not able to do anything.").

38. Chassen respectfully requests that the Court grant an expedited remand of this proceeding, hold Simpson and Rajotte in contempt of the Receiver Order and Sheriff Order, enjoin Simpson from any further removals of this proceeding, and award costs and attorney's fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 27, 2025.

By: ___/s/_____
      Allen Schwartz, Esq.

# CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Allen Schwartz, Esq., certify that the foregoing Declaration contains less than 8750 words, as counted by Microsoft Word's word-processing system, excluding the caption, table of contents, table of authorities and signature block, and that it complies with the applicable word limits.

\_\_/s/_____
Allen Schwartz