# EXHIBIT 15

**Subject:** Re: NYSCEF Notification: New York - Commercial - Other - Commercial Division - Notification from Court <COURT NOTICE> 158055/2023 (JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing mem…
**Date:** Sunday, May 25, 2025 at 2:39:17 PM Eastern Daylight Time
**From:** Benjamin Robert Rajotte
**To:** Allen Schwartz

We have evidence, Allen, that your client stole the Mercedes, among other things, in collusion with Receiver Huebscher

Proceed accordingly

**MAIDEN LANE LAW GROUP**
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

**From:** Allen Schwartz <allen@allenschwartzlaw.com>
**Sent:** Sunday, May 25, 2025 2:35:52 PM
**To:** Benjamin Robert Rajotte <rajb@mllg.nyc>
**Cc:** Martin Bunin <MBunin@farrellfritz.com>; Pascarella, Darren A. <dpascarella@farrellfritz.com>; allenschwartzlaw@gmail.com <allenschwartzlaw@gmail.com>; Thorne, Leslie <Leslie.Thorne@haynesboone.com>; Bottini, Aishlinn <Aishlinn.Bottini@haynesboone.com>; Koevary, Jonathan T. <JKoevary@olshanlaw.com>
**Subject:** Re: NYSCEF Notification: New York - Commercial - Other - Commercial Division - Notification from Court <COURT NOTICE> 158055/2023 (JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing mem...

Dear Ben:

What you just did is not advocacy, but contempt of Court, which Mr. Chassen will pursue against both you and Mr. Simpson. Mr. Simpson has repeatedly defied court orders, but this time he has done so together with you, his counsel. Unlike Mr. Simpson's prior counsel who moved to withdraw rather than collaborate in a contempt of Court, you have chosen to advise and encourage a contempt of court. Your statement that "the Court has divested [the Receiver] of any authority" is knowingly false and frivolous since the Receiver has been in place by court order well before this latest removal by court orders entered in March 2025.

Further, your claim that the May 13, 2025 order is jurisdictionally defective, while irrelevant to your contempt of the March 2025 order, is also meritless. You claim the order can be disobeyed because it was issued "four days after my client perfected his notice of removal" but that claim is belied not only by Judge Cohen's findings on the record that he retained jurisdiction to enter that order on May 13, 2025, but by the fact that as recently as May 23, 2025 you sought affirmative relief from Judge Cohen (in addition to filing oppositions and requesting adjournments of pending motions purportedly to ensure that your client would comply with the Court's orders you have now defied). Further, as Judge Cohen made clear on the record, and you recognized by your

filings, your client could not "perfect the removal" in state court acting pro se without leave of Court. CPLR 321(a). The pro se removal Judge Cohen recognized was your client's May 15, 2025 removal notice at NYSCEF Nos. 1517-1518 showing that a federal case had been opened and a judge assigned. NYSCEF No. 1527 (Judge Cohen recognizing the May 15, 2025 filings at NYSCEF Nos. 1517-1518 as the notice of removal); *See also* 28 USC 1446(d) (removal only effective upon notice filed with the state court).

Your claim below that Mr. Chassen is not a member of JJ Arch is a further defiance of the March Receiver Order, which expressly states and orders that Mr. Chassen remains a member of JJ Arch, and further demonstrates that Mr. Simpson and you believe that you are free to disregard court orders. Whether you or Mr. Simpson disagree with the Receiver Order, you both must obey it. And while you were not counsel during the two day evidentiary hearing in February 2025 that led to that order, the Receiver Order was entered because Mr. Chassen, who is also a personal guarantor of the JJ Arch mortgages, showed that, among other things, your client had committed waste, looted assets, brought all the properties into foreclosure, and had shown an inclination to defy court orders, as he and you are doing now.

Be advised that Mr. Chassen will be imminently moving to remand the removed proceeding with sanctions and will be seeking to hold you and your client in contempt of Court and other appropriate relief. Mr. Chassen also intends to seek Rule 11 sanctions against you and your firm for aiding and abetting the frivolous removal of this action and using it as a vehicle to provide frivolous "cover" to defy court orders.

I am available to meet and confer today.

Have a good day.

Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com


On Fri, May 23, 2025 at 11:11PM Benjamin Robert Rajotte <rajb@mllg.nyc> wrote:
> Dear Gentlemen:
>
> Mr. Huebscher is a quasi-judicial officer, and the Court has divested him of any continuing authority. Orders lacking jurisdiction are not subject to continuance. Section 1450 of the U.S. Code plainly states that orders "had in such action prior to its removal" are only those which are to "remain" in force and effect. The May 13, 2025 order was issued four days after my client perfected his notice of removal. Everyone on this email seems to acknowledge that this case was then under the District Court's exclusive jurisdiction.

His Honor gave notice that the receivership is in a "procedural and jurisdictional quagmire," yet I and my client have been "warned" with innuendo to sanctions or another Rule 11 motion. This is at least the third time that your client has moved for contempt, not counting AREH's Rule 11 motion filed at the very outset of the first removal of this case, before even briefing was due on any motion for remand. No officer of the Court has authority to demand that I stand down from advocating for my client. The professional duty to do so is obvious. It applies not simply to a quandary of jurisdictional problems, but even more strongly against a pattern of harassing and suspicious motion practice brought in your client's name, under the fatally flawed argument that he is still a member of JJ Arch. He is not, and his recent "consent" to the Benner transaction, for example, will be found undeserving of the attorney-client privilege. It is as invalid as is the receivership. We renew our demand for the Joint Defense Agreement.

If protecting the <u>status quo</u> were the true goal of your client's motion, and not punishing an adversary and smearing his good name throughout the country, why have assets been removed and the business stripped off of value. Simpson was stripped of his lawful authority over this business and all affected properties just as wrongly and ignominiously as he was ousted from the Arch Companies. The playbook is the same: get Simpson out of the way, try to keep him down (which is impossible), and fire-sale all of the assets, wiping out both creditors and Simpson alike.

The letter filed this morning describes several credible and unsolicited accounts from exasperated customers. Fallout from the Receiver's secretive and haphazard conduct has occupied the vast majority of my time over the past ten days. Cars are gone. There's been no an inventory or accounting of anything. Receiver Huebscher & Co.'s posting of a "First Status Report" within minutes of Justice Cohen's notice will not be dignified with a response. The basement has been ransacked. Doors to both Rêver and the Head of Pond property were left unlocked. Mr. Huebscher took keys to Stella McCartney's car, believe it or not. Rare parts and tools are missing, including among other things four welding machines at a loss exceeding $15,000, and other tools worth even more. Priceless other items that were passed down from my client's father are nowhere to be found. I understand that Mr. Huebscher has spoken with counsel for Rudy Sahay, who commissioned Simpson personally to build a Land Rover on behalf of his son with the unique specifications. A $10,000 customized "roll cage" for his vehicle is missing. This email is being forwarded to his counsel.

We are prepared to litigate all issues. Please be advised that any attempt to threaten my client through the use of armed bodyguards or to impede his access to any of the subject properties, for the express purpose of safeguarding assets and mitigating indisputable harm, will be confronted with all lawful action and undertaken in such a way that is both swift and decisive. The Southampton Town Police Department has been notified.

Benjamin Robert Rajotte, Esq.

(212) 463-6669
rajb@mllg.nyc

---

**From:** Allen Schwartz <allen@allenschwartzlaw.com>
**Sent:** Friday, May 23, 2025 7:41:03 PM
**To:** Benjamin Robert Rajotte <rajb@mllg.nyc>
**Cc:** Martin Bunin <MBunin@farrellfritz.com>; Pascarella, Darren A. <dpascarella@farrellfritz.com>; allenschwartzlaw@gmail.com <allenschwartzlaw@gmail.com>
**Subject:** Re: Fw: NYSCEF Notification: New York - Commercial - Other - Commercial Division - Notification from Court <COURT NOTICE> 158055/2023 (JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing mem...

Mr Rajotte:

As you know, federal law is clear that Justice Cohen's orders remain in effect. See 28 USC 1450. Mr. Chassen will move to hold both you and Mr Simpson in contempt of court should Mr Simpson take the actions you threaten and encourage below. Be guided accordingly.

Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com


On Fri, May 23, 2025 at 7:00PM Benjamin Robert Rajotte <rajb@mllg.nyc> wrote:
> Dear Marty, Darren, and Allen,
>
> By Justice Cohen's Notice entered this afternoon, the Commercial Division has confirmed Federal jurisdiction and divested the Receiver of authority. All Receivership Orders are unenforceable, the "contempt" hearing is abated, and leave need not be requested to bring a plenary action for damages nor for moving on a TRO for immediate relief.
>
> Our demands for the retransition of control over and access to the subject properties and assets are stated below and include the following (this is a non-exhaustive list):
> - Immediate return of the keys to and all interests for safekeeping for all four properties, including Rêver Motors.
> - All correspondence made to customers or anyone else on behalf of Rêver or any other property.
> - Return of all cash withdrawn from its Citizens Bank account.

- Disclosure of any agreements or transactions entered into concerning any of the properties or entities.
- All titles and other documentation taken from onsite.
- Access credentials to all computer systems, programs and websites, and the immediate disengagement of any security or surveillance systems.
- An accounting for and prompt return of all assets removed from the properties.

**My client is on his way to safeguard and take control of the assets immediately. If the keys are not readily available, my client will be changing locks as soon as this evening. If your client chooses not to cooperate, be advised that we will proceed immediately with judicial intervention.**

**MAIDEN LANE LAW GROUP**
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

---

**From:** efile@nycourts.gov <efile@nycourts.gov>
**Sent:** Friday, May 23, 2025 1:56 PM
**To:** ssouthard@klestadt.com <ssouthard@klestadt.com>; jkoevary@olshanlaw.com <jkoevary@olshanlaw.com>; tlf@msf-law.com <tlf@msf-law.com>; sbm@msf-law.com <sbm@msf-law.com>; admin@spi-pc.com <admin@spi-pc.com>; charles@cwertmanlaw.com <charles@cwertmanlaw.com>; aishlinn.bottini@haynesboone.com <aishlinn.bottini@haynesboone.com>; sfc-part3@nycourts.gov <sfc-part3@nycourts.gov>; brenda.diaz@haynesboone.com <brenda.diaz@haynesboone.com>; lulerio@grifflegal.com <lulerio@grifflegal.com>; courtnotifications@farrellfritz.com <courtnotifications@farrellfritz.com>; mbunin@farrellfritz.com <mbunin@farrellfritz.com>; jsimpson001@icloud.com <jsimpson001@icloud.com>; ndenning@wiggin.com <ndenning@wiggin.com>; #-FirmPSDocketing@Steptoe.com <#-FirmPSDocketing@Steptoe.com>; FFNYSMAO@FarrellFritz.com <FFNYSMAO@FarrellFritz.com>; leslie.thorne@haynesboone.com <leslie.thorne@haynesboone.com>; kaf@msf-law.com <kaf@msf-law.com>; kmateo@olshanlaw.com <kmateo@olshanlaw.com>;

coliver@grifflegal.com <coliver@grifflegal.com>;
robert@lorenclaw.com <robert@lorenclaw.com>;
sgross@westermanllp.com <sgross@westermanllp.com>;
gkeller@steptoe.com <gkeller@steptoe.com>;
ahaynes@westermanllp.com <ahaynes@westermanllp.com>;
d@olshanlaw.com <d@olshanlaw.com>; jhy@msf-law.com <jhy@msf-law.com>;
Lori.Mitchell@haynesboone.com <Lori.Mitchell@haynesboone.com>;
jmiller@westermanllp.com <jmiller@westermanllp.com>;
carey.wallick@haynesboone.com <carey.wallick@haynesboone.com>; pg@msf-law.com <pg@msf-law.com>;
allen@allenschwartzlaw.com <allen@allenschwartzlaw.com>;
kwarner@westermanllp.com <kwarner@westermanllp.com>;
allenschwartzlaw@gmail.com <allenschwartzlaw@gmail.com>;
sgriffin@grifflegal.com <sgriffin@grifflegal.com>; Benjamin Robert Rajotte <rajb@mllg.nyc>
**Subject:** NYSCEF Notification: New York - Commercial - Other - Commercial Division - Notification from Court <COURT NOTICE> 158055/2023 (JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of A...



# New York County Supreme Court
## Notification of Filing by Court
## 05/23/2025

The NYSCEF System has received the documents listed below from a court user. Please keep this notice as a confirmation of this filing.

# Case Information

Index #: **158055/2023**
Caption: **JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC et al v. JARED CHASSEN et al**
eFiling Status: **Partial Participation Recorded**
Assigned Case Judge: **Joel M. Cohen**

# Documents Received

| Doc # | Document | Received Date |
|---|---|---|
| 1527 | COURT NOTICE | 05/23/2025 |

## E-mail Notifications Sent

| Name | Email Address |
|---|---|
| SAM PETER ISRAEL | admin@spi-pc.com |
| THOMAS L FRIEDMAN | tlf@msf-law.com |
| KEVIN A FRITZ | kaf@msf-law.com |
| JEFFREY A MILLER | jmiller@westermanllp.com |
| Robert Christopher Lorenc | robert@lorenclaw.com |
| CHARLES WERTMAN | charles@cwertmanlaw.com |
| STEPHEN B. MEISTER | sbm@msf-law.com |
| ALLEN SCHWARTZ | allen@allenschwartzlaw.com |
| JONATHAN TODD KOEVARY | jkoevary@olshanlaw.com |
| JESSE HOLIHAN YOUNG | jhy@msf-law.com |
| NATHAN EDWARD DENNING | ndenning@wiggin.com |
| LESLIE C. THORNE | leslie.thorne@haynesboone.com |
| KATHERINE ELYNOR MATEO CASADO | kmateo@olshanlaw.com |
| AISHLINN ROBIN BOTTINI | aishlinn.bottini@haynesboone.com |
| SCOTT ANTHONY GRIFFIN | sgriffin@grifflegal.com |
| GILANA KELLER | gkeller@steptoe.com |
| MARTIN GERALD BUNIN | mbunin@farrellfritz.com |
| BENJAMIN ROBERT RAJOTTE | rajb@mllg.nyc |
| SEAN CHRISTOPHER SOUTHARD | ssouthard@klestadt.com |
| Jeffrey Simpson | jsimpson001@icloud.com |

## E-mail Notifications NOT Sent
### Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent

| Party | Attorney |
|---|---|
| FIRST REPUBLIC BANK, Defendant/Respondent | No Representation Recorded |

## Please Note

The documents referenced above have been e-filed by the County Clerk in order to maintain a complete electronic docket. Receipt of this notification does not constitute service of the referenced documents upon any party.

**Emergency Applications**
For Emergency Applications made after 5 p.m. or on days when the court is closed, please call 800-430-8457 or email emergency@nycourts.gov.



**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
**Phone:** 646-386-5956
**Website:** http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml