# Exhibit C



**Martin G. Bunin**
Counsel

Direct Dial: 646.329.1982
Direct Fax: 646.329.1992
mbunin@farrellfritz.com

622 Third Avenue
Suite 37200
New York, NY 10017
www.farrellfritz.com

Our File No.
35477/123

May 27, 2025

<u>VIA NYSCEF</u>

The Honorable Joel M. Cohen, J.S.C.
Supreme Court of the State of New York
New York County, Commercial Division
60 Centre Street
New York, New York 10007

**Re:**     *Simpson v. Chassen et. al.*, **Index No. 158055/2023**

Dear Judge Cohen:

We represent Eric M. Huebscher as Receiver (the "<u>Receiver</u>") in the above action. We write to apprise the Court of our communications with Benjamin R. Rajotte, counsel for plaintiff Jeffrey Simpson ("<u>Simpson</u>"), and the actions taken by Simpson, after the Court entered its Court Notice (NYSCEF No. 1527) on Friday afternoon, May 23. At 7:00 p.m. that evening, Mr. Rajotte sent an e-mail to my firm and to Allen Schwartz, counsel for defendant Jared Chassen, that began as follows:

> <u>By Justice Cohen's Notice entered this afternoon, the Commercial Division has confirmed Federal jurisdiction and divested the Receiver of authority. All Receivership Orders are unenforceable, the 'contempt' hearing is abated and leave need not be requested to bring a plenary action for damages nor for moving on a TRO</u>… (emphasis added).

(*see* Exhibit A [Mr. Rajotte's May 23, 2025 e-mail @ 7:00 p.m.]).

The e-mail continues by demanding immediate access for the "retransition of control over…the subject properties and assets" to Simpson, including the (1) "immediate return of the keys to…all four properties, including Rêver Motors", (2) the "return of all cash withdrawn from the Citizens Bank account", and (3) the return of "all titles and other documentation taken from onsite." Mr. Rajotte's goes on to say that "**[m]y client is on his way to safeguard and take control of the assets immediately. If the keys are not readily available, my client will be changing locks as soon as this evening**" (*see Id.*) (emphasis in original).

After receiving this e-mail, I telephoned and then e-mailed Mr. Rajotte, explaining that 28 U.S.C. § 1450 provides that, whenever any action is removed from a state court to a federal district court, "[a]ll injunctions, orders and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court" (*see* Exhibit A [my May 23 e-mail @ 8:16 p.m.; *see also* Mr. Schwartz's e-mail @ 7:41 p.m.]). As a result, the March 11 order appointing the Receiver (NYSCEF No. 1360) and the May 13 order enforcing the order appointing the Receiver (NYSCEF No. 1508*corrected*) have been and continue to be in full force and effect. Mr. Rajotte rejected my and Mr. Schwartz's explanations. Mr. Rajotte instead responded that "the Court has divested [the Receiver] of any continuing authority" (*see* Exhibit A [Mr. Rajotte's May 23 e-mail @ 11:11 p.m.]). I responded to the false assertions in Mr. Rajotte's e-mail early the next morning, May 24 (*see* Exhibit A, my May 24 e-mail @ 7:57 a.m.]).

It is clear from Mr. Rajotte's e-mail at 11:11 p.m. last Friday evening that Simpson followed through on these unlawful threats and re-entered and re-took possession of the 1640 Montauk Highway property and the Rêver Motors business premises.

This unlawful re-possession of 1640 Montauk Highway and the Rêver Motors premises is preventing the Receiver from doing his job as a Court-appointed fiduciary. After Simpson removed this action to the federal district court the first time, in late March 2025, the district court per Chief Judge Swain gave Mr. Simpson 30 days to pay the filing fee to the district court clerk and, after he failed to, dismissed the action without prejudice and remanded the action to this Court. As explained in detail in the Receiver's First Interim Status Report filed in this Court yesterday (NYSCEF No. 1528), the Receiver has been actively working at 1640 Montauk Highway, Rêver Motors, 225 Head of Pond Road, and the other receivership properties. The unlawful re-entry and re-possession by Mr. Simpson will substantially prevent and prejudice the Receiver's ability to carry out his duties. And there is no underestimating the havoc that Mr. Simpson's re-entry and re-possession may wreak.

The Receiver will not attempt to regain access to 1640 Montauk Highway or the Rever Motors premises out of safety concerns until Simpson's unlawful conduct ceases.

Very truly yours,

*s/Martin G. Bunin*

Martin G. Bunin

MGB/an

Cc: All counsel of record by NYSCEF

FF\15606079.1

FILED: NEW YORK COUNTY CLERK 05/27/2025 10:04 AM

NYSCEF DOC. NO. 1530

INDEX NO. 158055/2023

RECEIVED NYSCEF: 05/27/2025

# <u>Exhibit A</u>

**From:** Bunin, Martin
**Sent:** Saturday, May 24, 2025 7:57 AM
**To:** Benjamin Robert Rajotte <rajb@mllg.nyc>
**Cc:** ehuebscher huebscherconsulting.com <ehuebscher@huebscherconsulting.com>; Pascarella, Darren A. <dpascarella@FarrellFritz.com>; Collins, Patrick <PCollins@FarrellFritz.com>; Allen Schwartz <allen@allenschwartzlaw.com>
**Subject:** FW: Fw: NYSCEF Notification: New York - Commercial - Other - Commercial Division - Notification from Court <COURT NOTICE> 158055/2023 (JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivative... [F-F.FID1934821]

Ben,

Your email of 11:11 pm last night makes no mention of the March 11, 2025 order appointing the Receiver and granting him full managerial control and authority over the 1640 Montauk Highway, 225 Head of Pond Road, 550 Metropolitan Avenue and 146 East 89th Street properties, as well as Rever Motors.  That order, as I explained to you in our phone conversation of yesterday and my email to you of last evening (below), was entered before your client removed this action to federal district court for the first time and was, is and remains in full force and effect.  The May 13, 2025 order has been and remains in full force and effect for the reason set forth in Judge Cohen's Court Notice of yesterday and my email to you of yesterday evening.

Marty


**From:** Benjamin Robert Rajotte <rajb@mllg.nyc>
**Sent:** Friday, May 23, 2025 11:11 PM
**To:** Allen Schwartz <allen@allenschwartzlaw.com>
**Cc:** Bunin, Martin <MBunin@FarrellFritz.com>; Pascarella, Darren A. <dpascarella@FarrellFritz.com>; allenschwartzlaw@gmail.com
**Subject:** Re: NYSCEF Notification: New York - Commercial - Other - Commercial Division - Notification from Court <COURT NOTICE> 158055/2023 (JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing mem...

[**Warning**: External Email]


Dear Gentlemen:

Mr. Huebscher is a quasi-judicial officer, and the Court has divested him of any continuing authority. Orders lacking jurisdiction are not subject to continuance. Section 1450 of the U.S. Code plainly states that orders "had in such action prior to its removal" are only those which are to "remain" in force and effect. The May 13, 2025 order was issued four days after my client perfected his notice of removal. Everyone on this email seems to acknowledge that this case was then under the District Court's exclusive jurisdiction.

His Honor gave notice that the receivership is in a "procedural and jurisdictional quagmire," yet I and my client have been "warned" with innuendo to sanctions or another Rule 11 motion.  This is at least the third time that your client has moved for contempt, not counting AREH's Rule 11 motion filed at the very outset of the first removal of this case, before even briefing was due on any motion for remand. No officer of the Court has authority to demand that I stand down from advocating for my client. The professional duty to do so is obvious. It applies not simply to a quandary of jurisdictional problems, but even more strongly against a pattern of harassing and suspicious motion practice brought in your client's name, under the fatally flawed argument that he is still a member of JJ Arch. He is not, and his recent "consent" to the Benner transaction, for example, will be found undeserving of the attorney-client privilege. It is as invalid as is the receivership. We renew our demand for the Joint Defense Agreement.

If protecting the status quo were the true goal of your client's motion, and not punishing an adversary and smearing his good name throughout the country, why have assets been removed and the business stripped off of value. Simpson was stripped of his lawful authority over this business and all affected properties just as wrongly and ignominiously as he was ousted from the Arch Companies. The playbook is the same: get Simpson out of the way, try to keep him down (which is impossible), and fire-sale all of the assets, wiping out both creditors and Simpson alike.

The letter filed this morning describes several credible and unsolicited accounts from exasperated customers. Fallout from the Receiver's secretive and haphazard conduct has occupied the vast majority of my time over the past ten days. Cars are gone. There's been no an inventory or accounting of anything. Receiver Huebscher & Co.'s posting of a "First Status Report" within minutes of Justice Cohen's notice will not be dignified with a response. The basement has been ransacked. Doors to both Rêver and the Head of Pond property were left unlocked. Mr. Huebscher took keys to Stella McCartney's car, believe it or not. Rare parts and tools are missing, including among other things four welding machines at a loss exceeding $15,000, and other tools worth even more. Priceless other items that were passed down from my client's father are nowhere to be found. I understand that Mr. Huebscher has spoken with counsel for Rudy Sahay, who commissioned Simpson personally to build a Land Rover on behalf of his son with the unique specifications. A $10,000 customized "roll cage" for his vehicle is missing. This email is being forwarded to his counsel.

We are prepared to litigate all issues. Please be advised that any attempt to threaten my client through the use of armed bodyguards or to impede his access to any of the subject properties, for the express purpose of safeguarding assets and mitigating indisputable harm, will be confronted with all lawful action and undertaken in such a way that is both swift and decisive. The Southampton Town Police Department has been notified.

Benjamin Robert Rajotte, Esq.
(212) 463-6669
rajb@mllg.nyc

**From:** Bunin, Martin
**Sent:** Friday, May 23, 2025 8:16 PM
**To:** Benjamin Robert Rajotte <rajb@mllg.nyc>
**Cc:** Pascarella, Darren A. <dpascarella@FarrellFritz.com>; allenschwartzlaw@gmail.com; Allen Schwartz <allen@allenschwartzlaw.com>; ehuebscher huebscherconsulting.com <ehuebscher@huebscherconsulting.com>; Collins, Patrick <PCollins@FarrellFritz.com>
**Subject:** RE: Fw: NYSCEF Notification: New York - Commercial - Other - Commercial Division - Notification from Court <COURT NOTICE> 158055/2023 (JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivative... [F-F.FID1934821]

Ben:

       28 USC section 1450 provides that, whenever any action is removed from a state court to a federal district court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

       The March 11, 2025 order appointing the Receiver, which was entered before your client removed this action to federal district court for the first time and grants the Receiver full managerial control and authority over 1640 Montauk Highway, Rever Motors and 225 Head of Pond Road, remains in full force and effect. The May 13 order enforcing the March 11 Receiver order, which was entered after Judge Swain dismissed the removed action from district court and remanded it to state court and before your client's second removal of the action occurred, remains in full force and effect.

       I called you after receiving your email below and explained this to you. You rejected the explanation.

       In the event your client attempts to access and take control of 1640 Montauk Highway as threatened in your e-mail below, the Receiver will move to hold both you and your client in contempt and seek monetary damages for the harm you and your client have caused to the receivership estate.

       Marty

**From:** Allen Schwartz <allen@allenschwartzlaw.com>
**Sent:** Friday, May 23, 2025 7:41 PM
**To:** Benjamin Robert Rajotte <rajb@mllg.nyc>
**Cc:** Bunin, Martin <MBunin@FarrellFritz.com>; Pascarella, Darren A. <dpascarella@FarrellFritz.com>; allenschwartzlaw@gmail.com
**Subject:** Re: Fw: NYSCEF Notification: New York - Commercial - Other - Commercial Division - Notification from Court <COURT NOTICE> 158055/2023 (JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing mem...

[**Warning**: External Email]

Mr Rajotte:

As you know, federal law is clear that Justice Cohen's orders remain in effect. See 28 USC 1450. Mr. Chassen will move to hold both you and Mr Simpson in contempt of court should Mr Simpson take the actions you threaten and encourage below. Be guided accordingly.

Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com

On Fri, May 23, 2025 at 7:00 PM Benjamin Robert Rajotte <rajb@mllg.nyc> wrote:
Dear Marty, Darren, and Allen,

By Justice Cohen's Notice entered this afternoon, the Commercial Division has confirmed Federal jurisdiction and divested the Receiver of authority. All Receivership Orders are unenforceable, the "contempt" hearing is abated, and leave need not be requested to bring a plenary action for damages nor for moving on a TRO for immediate relief.

Our demands for the retransition of control over and access to the subject properties and assets are stated below and include the following (this is a non-exhaustive list):

- Immediate return of the keys to and all interests for safekeeping for all four properties, including Rêver Motors.
- All correspondence made to customers or anyone else on behalf of Rêver or any other property.
- Return of all cash withdrawn from its Citizens Bank account.
- Disclosure of any agreements or transactions entered into concerning any of the properties or entities.
- All titles and other documentation taken from onsite.
- Access credentials to all computer systems, programs and websites, and the immediate disengagement of any security or surveillance systems.
- An accounting for and prompt return of all assets removed from the properties.

**My client is on his way to safeguard and take control of the assets immediately. If the keys are not readily available, my client will be changing locks as soon as this evening. If your client chooses not to cooperate, be advised that we will proceed immediately with judicial intervention.**

**MAIDEN LANE LAW GROUP**
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

---

**From:** efile@nycourts.gov <efile@nycourts.gov>
**Sent:** Friday, May 23, 2025 1:56 PM
**To:** ssouthard@klestadt.com <ssouthard@klestadt.com>; jkoevary@olshanlaw.com <jkoevary@olshanlaw.com>; tlf@msf-law.com <tlf@msf-law.com>; sbm@msf-law.com <sbm@msf-law.com>; admin@spi-pc.com <admin@spi-pc.com>; charles@cwertmanlaw.com <charles@cwertmanlaw.com>; aishlinn.bottini@haynesboone.com <aishlinn.bottini@haynesboone.com>; sfc-part3@nycourts.gov <sfc-part3@nycourts.gov>; brenda.diaz@haynesboone.com <brenda.diaz@haynesboone.com>; lulerio@grifflegal.com <lulerio@grifflegal.com>; courtnotifications@farrellfritz.com <courtnotifications@farrellfritz.com>; mbunin@farrellfritz.com <mbunin@farrellfritz.com>; jsimpson001@icloud.com <jsimpson001@icloud.com>; ndenning@wiggin.com <ndenning@wiggin.com>; #-FirmPSDocketing@Steptoe.com <#-FirmPSDocketing@Steptoe.com>; FFNYSMAO@FarrellFritz.com <FFNYSMAO@FarrellFritz.com>; leslie.thorne@haynesboone.com <leslie.thorne@haynesboone.com>; kaf@msf-law.com <kaf@msf-law.com>; kmateo@olshanlaw.com <kmateo@olshanlaw.com>; coliver@grifflegal.com <coliver@grifflegal.com>; robert@lorenclaw.com <robert@lorenclaw.com>; sgross@westermanllp.com <sgross@westermanllp.com>; gkeller@steptoe.com <gkeller@steptoe.com>; ahaynes@westermanllp.com <ahaynes@westermanllp.com>; d@olshanlaw.com <d@olshanlaw.com>; jhy@msf-law.com <jhy@msf-law.com>; Lori.Mitchell@haynesboone.com <Lori.Mitchell@haynesboone.com>; jmiller@westermanllp.com <jmiller@westermanllp.com>; carey.wallick@haynesboone.com <carey.wallick@haynesboone.com>; pg@msf-law.com <pg@msf-law.com>; allen@allenschwartzlaw.com <allen@allenschwartzlaw.com>; kwarner@westermanllp.com <kwarner@westermanllp.com>; allenschwartzlaw@gmail.com <allenschwartzlaw@gmail.com>; sgriffin@grifflegal.com <sgriffin@grifflegal.com>; Benjamin Robert Rajotte <rajb@mllg.nyc>
**Subject:** NYSCEF Notification: New York - Commercial - Other - Commercial Division - Notification from Court <COURT NOTICE> 158055/2023 (JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of A...



## New York County Supreme Court
### Notification of Filing by Court
### 05/23/2025

The NYSCEF System has received the documents listed below from a court user. Please keep this notice as a confirmation of this filing.

## Case Information

Index #: **158055/2023**

Caption: **JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC et al v. JARED CHASSEN et al**

eFiling Status: **Partial Participation Recorded**

Assigned Case Judge: **Joel M. Cohen**

## Documents Received

| Doc # | Document | Received Date |
|-------|----------|---------------|
| 1527 | COURT NOTICE | 05/23/2025 |

## E-mail Notifications Sent

| Name | Email Address |
|------|---------------|
| SAM PETER ISRAEL | admin@spi-pc.com |
| THOMAS L FRIEDMAN | tlf@msf-law.com |
| KEVIN A FRITZ | kaf@msf-law.com |

| | |
|---|---|
| JEFFREY A MILLER | jmiller@westermanllp.com |
| Robert Christopher Lorenc | robert@lorenclaw.com |
| CHARLES WERTMAN | charles@cwertmanlaw.com |
| STEPHEN B. MEISTER | sbm@msf-law.com |
| ALLEN SCHWARTZ | allen@allenschwartzlaw.com |
| JONATHAN TODD KOEVARY | jkoevary@olshanlaw.com |
| JESSE HOLIHAN YOUNG | jhy@msf-law.com |
| NATHAN EDWARD DENNING | ndenning@wiggin.com |
| LESLIE C. THORNE | leslie.thorne@haynesboone.com |
| KATHERINE ELYNOR MATEO CASADO | kmateo@olshanlaw.com |
| AISHLINN ROBIN BOTTINI | aishlinn.bottini@haynesboone.com |
| SCOTT ANTHONY GRIFFIN | sgriffin@grifflegal.com |
| GILANA KELLER | gkeller@steptoe.com |

FILED: NEW YORK COUNTY CLERK 05/27/2025 10:04 AM

NYSCEF DOC. NO. 1530

INDEX NO. 158055/2023

RECEIVED NYSCEF: 05/27/2025

| | |
|---|---|
| MARTIN GERALD BUNIN | mbunin@farrellfritz.com |
| BENJAMIN ROBERT RAJOTTE | rajb@mllg.nyc |
| SEAN CHRISTOPHER SOUTHARD | ssouthard@klestadt.com |
| Jeffrey Simpson | jsimpson001@icloud.com |

## E-mail Notifications NOT Sent
*Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent*

| Party | Attorney |
|---|---|
| FIRST REPUBLIC BANK, Defendant/Respondent | No Representation Recorded |

## Please Note
The documents referenced above have been e-filed by the County Clerk in order to maintain a complete electronic docket. Receipt of this notification does not constitute service of the referenced documents upon any party.

**Emergency Applications**

For Emergency Applications made after 5 p.m. or on days when the court is closed, please call 800-430-8457 or email emergency@nycourts.gov.

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
**Phone:** 646-386-5956
**Website:** http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml