**SCHWARTZ LAW PLLC**
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Email: allen@allenschwartzlaw.com

May 28, 2025

**VIA ECF**
Hon. Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Jeffrey Simpson v. Jared Chassen*, et. al., Index No. 1:25-cv-04004-LTS

Dear Judge Swain:

      I am counsel to Jared Chassen and write regarding Chassen's pending emergency motion. ECF No. 6. Yesterday evening, I received the May 12, 2025 hearing transcript that was held before the Honorable Justice Joel M. Cohen after which the Commercial Division issued the *Order Compelling Jeffrey Simpson to Comply with the Receivership Order and Directing Sheriff to Enforce Receivership Order*. I annex a copy of the hearing transcript as <u>Exhibit 1</u> in further support of the emergency motion.

      At the hearing, Justice Cohen made clear to all present that "Removal does not eliminate state court orders. To the extent that that's been anybody's understanding, that is just not -- not correct." *Id.* at 9:24-10:1.[1] And at the hearing, Justice Cohen warned Mr. Simpson:

> You know, you can disagree with the order, but, for now, it's just about property; it's not about freedom. Just leave the property alone until this is worked out; appeal my order; do whatever you want. But breaching the peace in the face of this order would be so insanely dumb, because it will have to be dealt with either by the

---

[1] Justice Cohen provided three reasons why he retained jurisdiction until a docket was opened here and a judge assigned. First, "Mr. Simpson has counsel in this case who has noted an appearance as counsel of record. Under CPLR 321(a), once that occurs, Mr. Simpson can no longer make filings as a pro se litigant, and so all the filings made on Friday are essentially procedurally improper." *Id.* at 6:20-25. Second, "at a bare minimum, unless and until there is actually a case opened in federal court where the federal court agrees to open the case -- and in this case, there is more than ample reason why they may not -- there is no basis, I don't think, for me to fail to do my job, which is to continue to hear the case until the federal court takes jurisdiction." *Id.* at 7:17-23. Justice Cohen also noted that any purported removal was untimely and that a plaintiff could not remove. *Id.* at 7:24-9:7. Justice Cohen concluded that before a docket was opened in the federal court, there was nothing that "legitimately requires me, or would even permit me, to just let this case dangle without any court having jurisdiction." *Id.* at 9:8-12.

authorities out there or going to Rikers, which just strikes me as just an impossible thing for someone in this position to even contemplate putting themselves at risk of.

*Id.* at 26:9-17; *id.* at 59:4-6 ("the next time that we are together, where there is an unambiguous violation of any of these orders, the results could be potentially very severe . . ."). He told him, "It may not be the order you want, but all of these logistics things, where they, for whatever reason, come to a flashpoint that involves talking about things like the police cannot happen again. They simply cannot; and if they do, you're going to regret it. It's not a good idea." *Id.* at 64:1-6. He said, "Look, we're in a really bad spot if this happens again. And, you know, I genuinely hope that it does not. I don't know exactly what to think is likely to happen next." *Id.* at 71:14-16.

During the hearing, Mr. Simpson could not assure Justice Cohen that he would comply with the Receiver Order and ultimately stormed out of the courtroom muttering "With a real judge," "ruined my life," "he ruined my life." *Id.* at 74:14-75:3. Mr. Simpson "when given a chance to assure the Court that he would comply with it going forward, I think it's fair to say, I did not get a straight answer, or simple answer, that he would." *Id.* at 82:23-83:1.

On May 23, 2025, as detailed in the emergency motion, Mr. Simpson and his counsel seized Rever Motors from the Receiver, with the Court-appointed Receiver telling both this Court and Justice Cohen yesterday that he fears for his safety if he attempts to perform his court-ordered duties. Chassen respectfully urges the Court to expedite the remand of this proceeding and grant the relief requested in the emergency motion.

Sincerely,  
___/s/_____  
Allen Schwartz, Esq.