UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC, and JJ Arch<br><br>                                  Plaintiff,<br><br>v.<br><br>JARED CHASSEN, FIRST REPUBLIC BANK<br><br>                                Defendants. | 25-CV-04004 (LTS) |

**JOINDER OF ARCH REAL ESTATE HOLDINGS LLC TO JARED CHASSEN'S MOTION FOR COSTS AND ATTORNEY'S FEES, SANCTONS, CIVIL CONTEMPT, AND IMMEDIATE INJUNCTIVE RELIEF ENFORCING COURT ORDERS**

        Arch Real Estate Holdings LLC ("AREH"), a defendant and nominal defendant in the above captioned case, by and through its undersigned counsel, submits this joinder (the "Joinder") to Jared Chassen's *Motion for Expedited Remand, Costs and Attorney's Fees, Sanctions, Civil Contempt, and Immediate Injunctive Relief Enforcing Court Orders* dated May 27, 2025 (the "Motion") [Dkt. No. 6] and the accompanying Memorandum of Law dated May 27, 2025 (the "MOL") [Dkt. No. 7].[1] In furtherance of the Joinder, AREH respectfully submits as follows:

        With the Court having remanded this case on May 29, 2025 [Dkt. No. 21], AREH reiterates the need for sanctions and fees pursuant to 28 U.S.C. § 1447(c). While AREH supports an award of the full panoply of sanctions, the most critical sanction would be an injunction prohibiting further removal.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the MOL.

12904031-1

Plaintiff Simpson is a serial abuser of the state and federal court system. The MOL establishes his propensity to act in defiance of those orders and rules that he refutes. But what then is the role of the judiciary in civil cases if parties are free to substitute their judgment for the judgment of the courts?

As set forth in the MOL, the first time Mr. Simpson caused removal of the underlying state court proceeding was in connection with derivative plaintiff JJ Arch LLC's 2024 chapter 11 filing, which filing was subsequently dismissed on bad faith grounds. *See generally In re Arch LLC*, 663 B.R. 258 (Bankr. S.D.N.Y. 2024). The Bankruptcy Court found that the chapter 11 filing was an exercise in Mr. Simpson's forum shopping: it was not to "rehabilitat[e] or liquidat[e] to a good-faith debtor . . . and was instead an attempt by Mr. Simpson to avoid the resolution of the governance issues raised in the State Court Proceeding [i.e., this case]—a proceeding initiated by Mr. Simpson." *Id.* at 284 (internal marks & citations omitted).

As set forth in the MOL, in the last three months alone, Mr. Simpson has twice again halted the underlying state court proceeding (each time on the eve of enforcement actions taken against him) through blatantly improper removals.

In addition to the abuses discussed at length in the MOL, these removals have added time and expense to the litigation. It took over half a year and significant motion practice on both AREH's and Mr. Chassen's part to obtain the bad faith dismissal of the bankruptcy case together with the first remand of this case. *See generally In re JJ Arch LLC*, Bankr. S.D.N.Y. No. 24-10381 (JPM).[2] Then, in connection with the March 2025 removal, AREH prepared and filed a joinder to

---

[2] Four months prior to entering his dismissal order, Judge Mastando issued proposed findings of fact recommending remand to the District Court without having addressed dismissal of the bankruptcy case. *Memorandum Opinion and Order and Findings of Fact and Conclusions of Law* dated June 10, 2024 *In re JJ Arch LLC*, Bankr. S.D.N.Y. No. 24-10391 (JPM) [Dkt. No. 131]  JJ Arch objected to the proposed findings and on November 19, 2024, the District Court, dismissed those objections as moot once the case was remanded as part of the dismissal. *Id.* Endorsed Memorandum dated November 20, 2024 [Dkt. No. 226].

Mr. Chassen's remand motion and prepared, served, and following the 21 day safe-harbor, on April 24, 2025, filed, a Rule 11 motion against Mr. Simpson and his then counsel, Robert Lorenc of the Lorenc Law Firm. S.D.N.Y. No. 25-cv-02372 (LTS) [Dkt Nos. 16-17, 28-30]. The District Court, Swain, C.J., denied all motions as moot, however, the next day when the Court entered an order dismissing the case for Mr. Simpson's non-payment of the fee. *Id.* [Dkt. No. 34].

While AREH believes both fees and contempt are warranted here, given the brazen and destructive serial nature of Mr. Simpson's activities, only through an injunction (carrying significant penalties for violation thereof) against further removal can the parties and the courts receive anything close to an assurance that this will be the last time Mr. Simpson wreaks the kind of havoc he has so far to date.

Finally, this Court should not overlook Mr. Simpson's counsel assistance with his baseless removals. Each time this year that Mr. Simpson caused removal, he did so by personally filing removal papers in the state court proceeding. These filings were in violation of CPLR 321(a)'s prohibition on a party acting in person absent consent of the Court when represented by counsel. *See* MOL at 7; 9-10 (noting that Mr. Simpson was represented by counsel at the time of each 2025 removal). Those counsel were careful not to file notices of appearance in federal court but otherwise acquiesced; did nothing to undo the patently flawed removals; and in different manners, assisted Mr. Simpson's abuse of process. This time around, Mr. Rajotte's assistance was so brazen in that he openly conspired with Mr. Simpson to breach the express orders entered by the state court by taking the brazenly false position that the state court orders were unenforceable on account of the removal. MOL at 14; Schwartz Decl. Exh. 15, Rajotte Email Chain.

In short, the record makes clear that Mr. Simpson is no garden variety *pro se* party entitled to a level of deference ordinarily granted to *pro se* litigants. Rather, Mr. Simpson is a party who,

at least when it comes to removals, knows exactly what he is doing in gaming the system and has done it so far with significant success to the detriment of other parties and against the interests of judicial economy. And he does this with counsel assistance. This Court must put a stop to it.

Dated: New York, New York
June 4, 2025

**OLSHAN FROME WOLOSKY LLP**
*Attorneys for Arch Real Estate Holdings LLC*

By:  /s/ Jonathan T. Koevary
Jonathan T. Koevary
1325 Avenue of the Americas
New York, NY 10019
212.451.2300
jkoevary@olshanlaw.com

4

12904031-1