<u>Emergency Action Relief Request</u>     June 13, 2025

Jeffrey Simpson, personally, Pro Se
Managing Member of JJ Arch LLC, YJ Simco LLC, and personally
1055 Park Avenue
New York, NY 10028

Delivered via email to all parties and Pro Se Intake: (ProSe@nysd.uscourts.gov) and NYSCEF

| | |
|---|---|
| District Judge Honorable Vargas | (1:24-CV-08649) |
| District Judge Honorable Vyskocil | (1:25-CV-02375) |
| District Judge Honorable Ricardo | (1:25-CV-02373) |
| District Judge Honorable Furman | (1:25-CV-04004) |
| District Judge Honorable Carter | (1:23-CV-08966) |
| District Chief Judge Honorable Swain | (1:25-CV-02372 + other Pro Se SDNY actions above) |

Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

| | | |
|---|---|---|
| United States Bankruptcy Court Judge Honorable Mastando III | JJ Arch LLC | (1:24-BK-08649) |
| United States Bankruptcy Court Judge Honorable Beckerman | YJ Simco LLC | (1:25-BK-10437) |
| United States Bankruptcy Trustee Grey M. Zipes | YJ Simco LLC | (1:25-BK-10437) |

Southern District of New York
One Bowling Green
New York, NY, 10004

NYS Judge Honorable Judge Cohen                 158055-2023
60 Centre Street
New York, NY 10007

Re: **Request for Emergency Court Intervention – Respectfully Submitted**

Honorable Justices of the Federal Southern District, Bankruptcy Court, and Honorable Justice of NYS Court:

Dear Honorable Judges,

I write to you with the utmost respect and deep humility, seeking your attention to an urgent matter. I fully recognize that this correspondence does not follow the standard rules of motion practice, and I sincerely apologize for any procedural missteps.  However, I respectfully request

1

the Court's consideration for emergency intervention due to the exceptional and escalating circumstances involved.

Although Benjamin Rajotte, Esq. has generously offered support, the complexity and scope of this matter have proven to be more than any modest practitioner —particularly one working pro bono—can reasonably manage. While Mr. Rajotte has made an appearance in NYS Court and intends to formally withdraw in accordance with proper procedures, he has not yet appeared in the SDNY or Bankruptcy Court, pending finalization of his credentials. I am especially grateful for his service to help facilitate resolution in this extremely challenging circumstance.

The gravity of what has transpired has resulted in a profound erosion of my rights—including civil liberties and constitutional protections. This situation continues to deteriorate, affecting not only myself and my family, but also numerous others connected to my longstanding business dealings over the past two decades.

I am currently facing a multitude of lawsuits, actions, and motions across various courts—each involving overlapping facts, parties, and legal issues (mostly all starting from the same source). These matters are deeply interconnected, making it virtually impossible to manage or defend effectively without proper or potentially unlimited legal representation. The volume and complexity of these proceedings further compound the risk of inconsistent outcomes and procedural errors. Through this emergency request, I respectfully ask that the Court please consider consolidation of these related matters, so that the full scope of facts—including evidence of criminal misconduct—can be properly presented in a unified and coherent manner and most importantly that due process may occur.

I have made numerous attempts to seek help from the appropriate authorities, including the DOJ, FBI, NY State Troopers, NYPD, and NYS state officials. The prevailing response has been that civil litigation must proceed before any criminal elements are addressed. I understand that this may be common practice, but I question whether it aligns with the intent or application of the law, whereby there is extreme (and always urgent) malicious intentions to damage me rather than find resolution. There have been countless settlement proposals, requests for mediation and none proceed as the Court has not intervened. In addition, I have not had any significant income in over 2 years as a result of the actions herein. I have contractual D&O insurance, indemnifications, etc, none of which have been enforced given the volatile circumstances herein.

There are credible indications that criminal acts have occurred. I am aware that initial investigations are underway at the local level (Southampton Town Police Detectives and potentially Suffolk County), though I am deeply concerned that individuals with limited resources or understanding may ultimately bear responsibility for actions stemming from the illegal acts and more coordinated effort led by others. The individuals of concern include Jared Chassen and several associated with the Oak family. I also note that Lilyann Goldstein Wiener is now publicly identifying as General Counsel, which raises additional questions. It is very concerning as to what (and who) Eric Huebscher's role is here, that has merit or proper authority. Undisclosed in any prior documentation, the Wieners have caused damage to others in Toronto in 2003 and have currently two other circumstances in Canada and Israel that have similar concerns. I am in touch with the CEO of one and there are claims of fraud from the Wiener's actions too.

I have been plagued with a partnership dispute that started in early 2023 and became extremely litigious by summer of 2023.  Although I have tried to share with the various Courts the malicious intentions by Oak (by using Chassen as their pawn / proxy) will not stop their attempts to damage me until I have nothing left, they have told me to my face, on the phone, to Chassen, and to others.   Chassen is merely a weapon they can attempt to use because they had no privity to do what they are trying to do in any of the agreements.

There has been a misconception in the various filings and news articles that I am on a "scorched earth" campaign and that is the farthest thing from the truth.  I simply want freedom from the situation.  The lack of discovery and testimony in 2 years is underwhelming to just about any practioner.  I did nothing improper.  When Oak started on their path to relieve themselves of contractual loan obligations in 2023, they circumvented me and every other investor in the AREH business for their self gain.  We literally have the explicit proof from them telling me (and my team, in writing) that they were out of money, this is before the accusations started.

I started AREH in 2017, I only required a partner for seed equity and loan guarantees.  Oak had zero complaints for 5 years but the moment that interest rates inflated and they had liabilities that they didn't forecast or like, they openly said that they want to shed those responsibilities by May 2023.  I tried my hardest to do that with my team and with a highly respectable attorney, Y. David Scharf, Managing Partner of Morrison Cohen (who ultimately was not paid by Oak when they promised to do so).  I offered to replace Oak on any loan guarantees possible with my own additional risk (not required contractually).  I have even requested subpoena of Mr. Scharf to the Courts (he has a conflict) to confirm this and that has not been granted.

When the situation became unbearable for me in July of 2023, I offered the "keys" to Oak and said that I would walk way for zero, but I simply required a release from their actions (to protect myself and the others).   Instead they offered me multiple millions to "go away" and cooperate.  I could not do this because I had fiduciary duties to $150M of other investors and I refused to participate in fraud.  At that point, they illustrated their collusive plan to Chassen in a memo on July 19th, 2023.   At the same time, I tried to source replacement equity and loan guarantees from third parties and after communicating with counsel, I was advised by corp. counsel that a bankruptcy for AREH was necessary since the accrued payables was over $25M in just a matter of months.

When Chassen refused to stand down from the 7.19 memo, I had no choice but to fire him   I could not imagine that he already pre mediated a plan to avoid this with Oak (we have evidence).   That plan illegally removed me from my own business.  The NYS Court sort of understood it but the high horsepower legal team that Chassen and Oak brought to the table already started making false accusations of me to try and deter the process.

There is a misnomer and I apologize in advance to Hon. Judge Mostando but the JJ Arch Oct 11, 2024 Opinion is incorrect by suggesting that I started this litigation.   When Oak saw I derailed their 7.19.23 plan by firing Chassen, they immediately threatened and sued me in the SDNY.   As Chassen told me, this was to intimidate me to surrender on what they wanted (and already took).   I could not do that for the reasons already described and counsel alerted me that I must start in NYS Court due to the jurisdictional requirements in the JJ Arch agreement (solely me and Chassen, not Oak).    If anyone were to review just the first few entries of the docket (158055-2023), it is all there.   I understand that NYS Court tries to make peace with "status quo" but when an employee or partner steals, there is no turning back upon

termination.  Although, an early case transcript of August 16th, 2023 has direct communication from the State Court that interprets the Agreement to say that Simpson had virtually all the powers and Chassen had no rights since the 2021 Amendment, this is either ignored or "steam rolled" over by Chassen and counsel for 2 years.  The actions that Chassen has taken are not even good for him and his own family, this too raises serious concerns.  When the drafting attorney for these documents was under Oath, on the stand, Feb 2025, he confirmed with certainty that this was the contract and the intention.  It is remarkable how large legal expenditures can be used to maneuver the system from the clear contract.

Chassen and counsel committed perjury to the NYS Court by explicitly stating on the record that Chassen did not work for Oak.  Oak pretended to have nothing to do with this case until Oct 2, 2023 whereby a PI was issued against Chassen for his "illegal activities" in NYS Court.  There is even proof on the docket that Chassen had his legal bills paid for by Oak, $250,000 to start (notwithstanding by lawyers that were in conflict as they served AREH at some point under my leadership).  Chassen pleads for a bond and in that affirmation, he admits to the theft and says that he did it for the right reasons.  He also acknowledges that JJ Arch LLC has direct involvement and ownership of real property, under exhibit F of his pleading for a Bond.  Chassen and Oak adamantly tells the BK Court that these JJ Arch investments have nothing to do with JJ Arch, just 6 months later.  This leads to an Opinion about "core" vs. "non core" and leads to a "Bad Faith" bankruptcy filing allegation against me but it was based on false pretenses.  To be illustrated more specifically on in this letter, Chassen breaches the JJ Arch BK stay on multiple fronts.

The moment after Chassen "lost" in NYS on Oct. 2nd, 2023, Oak intervenes in this NYS case and I become the Defendant (apparently captions are not easily updated but this circumstance is also unusual, I am told).   Honorable Judge Furman, I respectfully request that you look at this more carefully as the most recent Remand illustrates a technical matter that should have been fixed administratively quite some time ago but it was outside of my control.   Simultaneously, Oak did keep their 2023 SDNY case alive until March of 2024 without any Motions or Process Service.  It is my understanding that this allows for Removal at anytime to the District Court, notwithstanding, there are prohibitions about pursuing a defendant in two similar actions (in different forums) simultaneously which happened here.

Oak pursues in NYS in early October 2023 a separate action to forbid my ability to enter AREH into bankruptcy.  This is unconstitutional, it was Removed to SDNY for emergency relief.   Judge Andrew Carter attended to the matter and used every effort to get the parties to come to the table to settle the case quickly.   The moment that Oak saw NYS Court put an Order with a footnote precluding BK filing, they immediately withdrew this action from SDNY.   I have explored this with counsel and I understand there are violations for attorneys conducting this activity.   It is also unconstitutional for a State Court to attempt to stop bankruptcy filings.  As Judge Carter said, anyone can file a bankruptcy, and it is for the Bankruptcy Court to decide if it is a good or bad faith filing subject to opposition.   With this footnote prohibition, I did not proceed with the much needed AREH bankruptcy.  AREH being a LLC, counsel was uncomfortable with the filings as well, in respect of the NYS Court, regardless if it was lawful or not.

Unbeknownst to me, the NYS Court offers to give Chassen a "proxy" approval right when Oak improperly removed JJ Arch from AREH in November of 2023.   This action was based on false testimony, perjury and the like.  The action immediately triggered $500M of loan guarantees into full recourse.   There was no opportunity to defend myself with rapid fire TRO's without any live testimony, or discovery.    If JJ Arch was Removed, how can Chassen do anything?  If Chassen received a PI without bond or appeal for theft, how can he be allowed to give consents when impacting investors funds?   This action seriously considers Securities Fraud.  The logic dissipates quickly and most lawyers

do not want to stick with me as this circumstance is unconscionable and defies process / procedure and anything short of malicious fraud and the words of the 4 corner of the contracts are simply ignored.   Even the very AREH agreement does not allow for me to be removed under any terms, it offers a "flip flop" right to daily operations.    When this was enacted (after a Receiver[1] was sought the first time (of many) and failed), I have not been treated in any comparable way of the contractual obligations of the provision and the temp Managing Member's obligations per the Court Order.   NYS Court has been made aware of this countless times.   The problem here is that this Order only effects the operating company, it does not cover what is required for major real estate transactions at the property companies.   This was attempted to be explained to the BK Court and NYS Court via an Adversary Proceeding, no reply of merit has been generated.   Therefore, all transactions that were accomplished via Oak's goal to date have been completed fraudulently and it is my understanding that they are subject to clawback, damages or penalty for participating parties.

Bankruptcy is likely the only way that judicial intervention occurs.   When looking at the JJ Arch LLC bankruptcy, it can be proven that it was dismissed (subject to appeal) for all the wrong reasons.   It is not considered or contemplated that my legal expenses from D&O were undermined mid stream by Chassen and Oak (fraudulently) in the midst of this, all to stop me from pursuing discovery and exposing their true intentions.  Chassen's ask for an insurance claim (6 months later), simultaneously to Oak suing the carrier triggers insurance fraud.    The mere fact that Chassen asked NYS Court for a TRO on transfers of the property companies during this bankruptcy is bankruptcy fraud to the highest level (when there was a stay in place).   It is no surprise that Judge Mastando respected the NYS Court's TRO because that was put in front of him.   The system expects honesty from lawyers, not trickery.   The mere ask of Abstention and Remand of "corporate control" is toxic on it's face.   The very agreements could not be clearer that Chassen had no rights since 2021.  We later learn in NYS Court that he admits on the witness stand that he did work for Oak since August 2023, even though him and his counsel said that he did not.  Chassen put Lis Pendis on property owned by JJ Arch before the dismissal, these are not issues to brush off.   The very nature of if JJ Arch's bankruptcy pending appeal should not allow NYS to take such an aggressive approach against me.   There is not a single lawyer who believes that an issue that is undecided in the Federal Court can be litigated in the State Court prior to adjudication or disposal.   It is an interlocutory issue that has risk of decisions that may be irreversible.   It is my belief that the latest Remand by Judge Furman was not even Removed or Remanded to State Court pending the very action in front of Judge Vargas.  After consulting with the US BK 2nd Circuit Clerk and case manager, this BK case is still open pending an appeal.    I wrote a letter to the Courts at the end of Dec of 2024 with similar concerns.

So now here we are, NYS Court is flustered with me, the case, etc., it allows Chassen to seek a Receiver when there were no grounds to do such.   The Receiver, Eric Huebscher has countless conflicts, he pleads to SDNY for support but ignores the lack of response and destroys further business around my name and companies.   He supports this plan to take away all income that I have, all assets that I own and make me be virtually "dead" and subject to judgements.    There does not seem to be a way to stop this without Court Intervention.   I am not able to fund counsel, insurance has an obligation to fund my defense costs and no human should be humiliated and treated this horribly.   Once again, there is suggestion of my incarceration for standing up for what is right and wrong, what is contractual, what is not, using every effort to follow the process, virtually on my own.

---

[1] Each AREH contract contemplates the definition of Receiver under the term Bankruptcy.   It is standard in partnership and loan documents.   The language explicitly says "Seek, Acquiese, or Consent" to a Receiver is essentially an admission to Bankruptcy action.

My non related assets are at risk, including my home.   YJ Simco has my investment interests from JJ Arch by proper transfer in 2022.  The NYS Court allows Oak and Chassen to withdraw YJ Simco as a defendant in that case so that the collusive parties can avoid it being Removed into that bankruptcy.  This too has serious implications and risks for lack of consent.   Putting that aside, just last week, Kevin Wiener shows up to the YJ Simco 341 call and says that he is representing AREH (the same who just told NYS Court that they withdraw YJ as a defendant).   Why?  He wants to try to attack my homes and personal investments too.

The Receiver Order has caused serious dismay in the Town of Southampton.   There is now a police investigation with arrests likely to come into play whereby the Receiver chose an off script agenda to damage assets (appears to be in conjunction with Oak and Chassen) and I demand justice to the validity of this Order and I am subject to Contempt?   This makes no sense whatsoever, at this point.   Hard working individuals may have harsh consequences for theft that occurred in conjunction with the Receiver or as a consequence of his actions.  Is this proper?   I beg for this Court to help me investigate what Chassen and Wiener have done.

Wiener has two other circumstances in two other countries that mimic what is happening here, people are finally starting to speak up.

My former AREH, Controller (the only in company history, for 5+ years), Yechiel Lehrfield told me two weeks ago that Michael Wiener called him and told him that if does not sign an affidavit against me for fraud, they will pursue him.   I told Yechiel, I cannot hold this back, it is simply too illegal and toxic.  Yechiel affirms that I did not commit fraud and neither did he.

Although I am not a lawyer, my day job has been solving complicated disputes over the last 20 years.  Rarely did they turn into litigation or more notable, my involvement resulted in discontinuation of litigation.  This is new to me in my career because there is no solution when parties will do anything to hide the truth and are frightened of the results of their criminal actions.   Virtually no one wants to stand up to Oak because they do not want to be in the circumstance that I am in.

I beg and plead the Courts to:
1. Put a "stay" on all litigation until it is sorted out which Courts are handling which matters without the need of further Removal or Remand to protect interests and rights.
2. Compel Great American Insurance Company to fund it's contractual defense costs to support my defense in these overly complex matters.
3. Start an investigation of the fraud and misconduct of Wiener and Chassen, starting with the Joint Defense Agreement (that has been avoided from discovery for 2 years now).  If the Courts compel the criminal justice authorities, I can leave the detective work to them and this process can get back on track for judicial resolution.


Respectfully submitted,

Jeffrey Simpson