```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JEFFREY SIMPSON,                                                  :
                                                                  :
                           Plaintiff,                             :
                                                                  :      25-CV-4004 (JMF)
              -v-                                                 :
                                                                  :      MEMORANDUM OPINION
JARED CHASSEN et al.,                                             :           AND ORDER
                                                                  :
                           Defendants.                            :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Jeffrey Simpson, proceeding without counsel, removed this case from New York State Supreme Court. *See* ECF No. 1 ("Notice of Removal"). By Memorandum Opinion and Order entered May 29, 2025, the Court granted Defendant Jared Chassen's request for expedited remand of this case "for a straightforward reason: Simpson is the plaintiff in the state-court action, and only a defendant may remove an action to federal court." ECF No. 21 ("Remand Order"), at 1. The Court reserved judgment on Chassen's request for sanctions and/or fees and costs in connection with the improper removal pending further briefing. Simpson did not file any opposition to that request, which the Court now GRANTS in part and DENIES in part.

First, the Court grants Chassen's request for costs and attorney's fees. *See* ECF No. 7 ("Def.'s Mem."), at 21-23. It is well established that courts may award attorney's fees under 28 U.S.C. § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). That is the case here, as the law could not be clearer: "Quite simply, a party who is in the position of a plaintiff cannot remove." *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988). As the Court noted in its Remand Order, Simpson's suggestion that counterclaims asserted against him

in state court placed him in the position of a defendant who may remove the case to federal court had no merit. *See* Remand Order 1 (citing *Yun Fei Xiao v. City of New York*, No. 09-CV-8599 (BSJ) (KNF), 2010 WL 286684, at *1 (S.D.N.Y. Jan. 25, 2010)).  Simpson thus lacked an objectively reasonable basis for seeking removal.

Second, the Court enjoins Simpson from future removal of this case to federal court without this Court's prior permission.  "A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (internal quotation marks omitted).  "In determining whether to restrict a litigant's future ability to sue, a court must consider whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713-14 (2d Cir. 2019) (internal quotation marks omitted).  In evaluating whether a litigation bar is appropriate, a court should consider five factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam).

Here, all five factors weigh in favor of enjoining Simpson from further removals in this case.  Simpson's vexatious history of litigation is evidenced by his three baseless attempts to remove this action to federal court.  *See* Def.'s Mem. 2-10.  Simpson's record of frivolous removal efforts — coupled with his vexatious conduct in state court — have caused needless expense to the other parties, burdened the federal and state courts involved, and leads the Court to believe that Simpson "used the removal as a vehicle to defy the [state court's] orders."  *See id.*

at 22.  Simpson's repeated and frivolous efforts to delay state court proceedings also persuade this Court that an anti-filing injunction, compared to other sanctions, is necessary to "dissuade [Simpson] from continuing [his] litigation campaign."  *Eliahu*, 919 F.3d at 716.  Finally, although Simpson proceeded before this Court *pro se*, he is represented by counsel in the underlying state court action.  *See* Def.'s Mem. 1.  Given that Simpson has, "at varied stages in this litigation, . . . received the assistance of counsel," there is less "basis to afford [him] the latitude usually granted to *pro se* litigants."  *Eliahu*, 919 F.3d at 715.  The Court thus agrees that entry of an anti-filing injunction against Simpson is warranted.  The injunction's scope is limited to future removal of *this* action to federal court.  To the extent Chassen seeks to enjoin future litigation conduct unrelated to this action, that request is denied.

Third, and finally, the Court denies Chassen's request for an order finding Simpson and his lawyer in the state court proceedings, Benjamin Rajotte, in contempt of state court orders.  The Court's Remand Order explained that, "[t]o the extent that Defendant seeks relief relating to orders entered by the state court, those requests are denied without prejudice to renewal before the state court."  Remand Order 2.  This action has been remanded to state court, where contempt proceedings are already underway.  *See* ECF No. 29 (noting that "there is a pending contempt hearing scheduled for Friday, June 27, 2025 in the state court").  Further, Rajotte never appeared before this Court.  Under these circumstances, it is far from clear that this Court would have authority to sanction Rajotte or address violations of the state court's orders.  Regardless, the state court is the more appropriate forum in which to litigate any such issues.

In sum, the Court GRANTS Chassen's requests for attorney's fees and an anti-filing injunction as to this case but DENIES his request for a contempt order without prejudice for renewal in the state court.  More specifically, before removing this lawsuit to federal court again,

3

Simpson must first seek and obtain leave from the Court.  Additionally, no later than **two weeks from the date of this Memorandum Opinion and Order**, Chassen shall submit an accounting of his relevant attorney's fees and costs, supported by contemporaneous billing records and other appropriate documentation.  Simpson shall file any response no later than **one week thereafter**. No reply may be filed absent leave of Court.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Simpson.

SO ORDERED.

Dated: June 27, 2025
New York, New York

JESSE M. FURMAN
United States District Judge