UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY SIMPSON,<br><br>    Plaintiff,<br><br>   - v -<br><br>JARED CHASSEN et al.,<br><br>    Defendants. | Case #25-04004 (JMF)<br><br>Before the Honorable<br>Jesse M. Furman, U.S.D.J.<br><br>**ATTORNEY DECLARATION** |

  I, Benjamin Robert Rajotte, Esq., am an attorney admitted to the Courts of State of New York (#4349049), appearing on behalf of Mr. Simpson, with an office located at One Maiden Lane, Suite 900, New York, New York 10038, declares the following, pursuant to 28 U.S.C. § 1746, under penalty of perjury of the laws of the United States of America, that all parts of this submission are true and correct to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

  1. Undersigned counsel wishes to acknowledge the extension afforded in responding to the Declaration of Allen Schwartz, Esq. in Support of Fee Award, dated July 10, 2025, and apologizes that it is being filed after midnight; alternatively requesting leave to do so.

  2. This declaration is submitted to this Honorable Court in support of Plaintiff-Respondent JEFFREY SIMPSON in opposition to the attorneys' fees and costs demanded in this case. Reference is made to the Court's Memorandum Opinion and Order, dated June 27, 2025 (ECF doc. #31), awarding attorneys' fees on the petition of Movant JARED CHASSEN (ECF docs. #6-13), which was joined soon thereafter by RECEIVER ERIC M. HUEBSCHER (ECF docs. #14, 16-17), and ARCH REAL ESTATE HOLDINGS LLC ("AREH") (ECF docs. #24-26).

3. Under *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), "[a]bsent unusual circumstances, courts may award [attorneys' fees under 28 U.S.C. § 1447(c)] only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. As a threshold part of this analysis, the Court retains discretion "to consider whether unusual circumstances warrant departure from the [usual application of § 1447(c)] in a given case." *Id.*[1]

4. This is not the first motion for attorneys' fees, against Simpson and former counsel – it is at least the fourth time, including a motion that AREH brought under Rule 11 of the Federal Rules of Civil Procedure while the case was before Chief Judge Swain. The penultimate iteration is Mr. Chassen's reincarnated contempt motion pending hearing.

5. Justice Joel M. Cohen, J.S.C., at the outset of the most recent hearing on July 21, 2025 (the transcript of which is expected to be posted to the docket shortly) in *Simpson v. Chassen*, Index #158055/2023 (N.Y. Sup. Ct. N.Y. County, Comm. Div. Aug. 15, 2023), ruled that all "charges" – including the same pattern of unfounded allegations of criminal and civil contempt as he unsuccessfully alleged twice before in the same case. The only difference is that the current contempt motion is now against undersigned as Mr. Simpson's new counsel.

6. Neither myself, nor my office, were served or given any other form of notice on the motion. The instant fee-shifting demand is predicated on the same facts being alleged before the Supreme Court, and reflects a vexatious and ill-intended pattern of attacking both attorney and client, as if it were commonplace to do so. As Mr. Schwartz has previously notified this Court, these issues are actively being heard on Mr. Chassen's own motion in the Supreme Court hearings commencing on July 21, 2025, continued to two half-days on August 1 and 4, 2025.

---

[1] Fee applications are generally required to be supported by contemporaneous time records detailing the date, hours expended, and nature of the work performed, which is not the case here. Applications lacking such affirmations are generally disallowed. *In re Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *Scott v. City of New York*, 643 F.3d 56, 58 (2d Cir. 2011).

7. My client acted on the advice of counsel in reinitiating the removal, under the unique circumstances of clandestine retaliation against a whistleblower and the destruction of his property owned either by himself or his customers. It was not on my advice, yet no lawyer should have to defend themselves against such unwarranted and unethical attacks against the profession and time and time again against Simpson's right to counsel.

8. If vindicated, the removal could not be frivolous, because Simpson lacked full-representation and sought the sanctuary of the Judiciary as a whole. If vindicated, collateral estoppel based on record testimony would run like a thread through many cross-cutting issues in at least ten cases in litigation. These circumstances are like nothing I have ever seen.

9. Mr. Simpson is pleased to have an opportunity to present his case before Justice Cohen on these essential factual questions resting with the Supreme Court, and cross-cutting issues that include Great American Insurance Company's *prima facie* bad faith in abruptly withholding all costs of defense coverage midstream into the *In re JJ Arch LLC* bankruptcy.

10. For these reasons, we respectfully submit that instant fee-shifting petition rests on issues that are best presented in hearings underway before the Supreme Court on remand of the *In re JJ Arch LLC* bankruptcy action. Therefore, we respectfully submit that the Supreme Court in this case on remand is presently adjudicating the merits of these issues.

11. Counsel for 608941 NJ, Inc. (commonly referred to as "Oak") in the Supreme Court action, moreover, is in a conflict of interest with the counsel that Oak, on information and belief, designated to represent AREH in the Supreme Court action, The same law firm appears on behalf of AREH before the District Court on review of the *In re JJ Arch LLC*, Case #24-08649 (S.D.N.Y. Nov. 14, 2024) dismissal, which it moved for when the case was before the Bankruptcy Court, Case #24-10381 (Bankr. S.D.N.Y. Mar. 7, 2024).

12. Oak's and AREH's lawyers in the Supreme Court action, furthermore, appear on opposite sides of the "v" in the *Wietschner v. 9 Vandam JV LLC* action, Index #155573/2023 (N.Y. Supr. Ct. N.Y. County, Comm. Div. Nov. 8, 2023), in which AREH's counsel holds itself out to the New York Supreme Court as representing the interests of Simpson, Mr. Chassen, and Oak at the same time – which is belied by an affirmation by Oak's principals accusing Simpson of mismanagement on the same allegations as the instant case on remand in *Simpson v. Chassen*, *supra*. AREH's counsel is omnipresent across all of these matters, through the same lawyer.

13. AREH moved in this action for sanctions, yet it never petitioned for attorneys' fees. The same is true for Receiver Huebscher. Neither has disclosed who is paying their fees. Nor has Mr. Chassen, other than acknowledging that Oak has paid at least $250,000 to date.

14. This is a highly unusual circumstance, as it challenges any reasonable person to reliably ask what they would do in facing unprecedented adversity. It is a testament to Simpson's fortitude and resolve that he is still standing. He has informed the record of his affirmed beliefs of these truths, telling and affirming the same facts – but up until now, without dedicated counsel to help present his case and navigate process, a well-known issue for first-time *pro se* litigants.

15. The Supreme Court retains jurisdiction over several threshold factual and legal questions, including, among other things, interconnected issues of corporate control, insurance coverage, and the body of factual allegations contained within this briefing and originating in filings before the Supreme Court. He comes now to the Court seeking the opportunity to clear his name against the same body of false allegations that Mr. Chassen is prosecuting on remand.

*Signature continued on next page*

Respectfully submitted,

Dated: July 29, 2025  MAIDEN LANE LAW GROUP
      Hartford County, Connecticut

*/s/ Benjamin Robert Rajotte*
_____
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

*Attorneys for Jeffrey Simpson and JJ Arch LLC*