UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY SIMPSON,<br><br>        Plaintiff,<br><br>- v -<br><br>JARED CHASSEN et al.,<br><br>        Defendants. | Case #25-04004 (JMF)<br><br>Before the Honorable<br>Jesse M. Furman, U.S.D.J.<br><br>**MEMORANDUM OF LAW** |

      By and through undersigned counsel, Plaintiff JEFFREY SIMPSON ("Plaintiff" or "Movant") respectfully moves for relief from judgment pursuant to Rule 60(b), subparagraphs (2) through (4), of the Federal Rules of Civil Procedure. The motion is timely filed on the twenty-eighth (28th) day of judgment under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi). The basis for this motion is that the judgment is void for lack of jurisdiction for lack of standing, potentially newly discovered evidence, and abuse of process and fraud upon the Courts, as recently briefed in *In re JJ Arch LLC*, Case #24-cv-08649 (S.D.N.Y. Nov. 14, 2024).

      Related motions on these fundamental legal grounds will be made before the United States Bankruptcy Court, in *In re JJ Arch LLC*, Case #24-cv-10831 (Bankr. S.D.N.Y. Mar. 7, 2024) under Federal Rules of Bankruptcy Procedure 8008 (indicative ruling) and 9024 (incorporating Rule 60(b)). Notice of these proceedings will be filed with the United State District Court in the pending bankruptcy appeal, under Federal Rules of Bankruptcy Procedure 8013(a)(3) or 8014(f), which corresponds to Federal Rule of Appellate Procedure 28(j). Movant respectfully requests deferral of a ruling to vacate the judgment and hold this motion in abeyance pending resolution of the Bankruptcy Proceeding and appeal.

Standing requires a concrete injury or a direct interest in the matter at hand, through claim or request for relief in the underlying claim or controversy. A party with no claims to file or answer presumptively lacks standing to seek relief. *In re IBM Arb. Agmt. Litig.*, Case #21-cv-6296, 2021 U.S. Dist. LEXIS 239145 (S.D.N.Y. Dec. 14, 2021), the Court's Memorandum Opinion and Order denied a motion by the plaintiffs requesting a stay on arbitration. *Id.* at *1. The Opinion provides, "*there is only one Plaintiff* in these cases who has a pending arbitration, and he has not requested a stay of that arbitration. Thus, the relief Plaintiffs seek is only with respect to other parties." *Id.* at *1 n.1 (emphasis added); *see also id.* at *1 (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Jordan*, Case #17-cv-00049, 17-cv-00199, 2017 U.S. Dist. LEXIS 63749, at *7-8 (D. Del. Apr. 27, 2017)); *Phillips v. First Credit Services*, Case #24-cv-04440, 2024 U.S. Dist. LEXIS 196800, at *4-6 (S.D.N.Y. Oct. 29, 2024) (lack of concrete injury).

Defendant Arch Real Estate Holdings LLC ("AREH") is fundamentally an operating company. Mr. Simpson initiative the Supreme Court Action, *Simpson v. Chassen*, Index #158055/2023 (N.Y. Sup. Ct. N.Y. County, Comm. Div. Aug. 15., 2023) not in AREH's name directly, but derivatively as its Managing Member. Pending before the Southern District is Plaintiff's contention as Appellant that a single foreign adversary, 35 Oak Holdings Ltd. ("Oak"), seized control based on material fabrications and falsehoods against Mr. Simpson as Managing Member, abusing process not only in its own capacity, but subsequently by appointing counsel to AREH, and its acknowledged involvement with Mr. Chassen under the Joint Defense Agreement identified below. As such, AREH lacks prejudice, as it serves only to further a larger matrix of fraud led by 608941 N.J. Inc., through Oak as its Canadian holding company.

Defendant Jared Chassen is implicated in collusion as he and Oak, and their attorneys at the time, are acknowledged parties to a "Common Interest, Joint Prosecution and Joint Defense

Agreement" ("Joint Defense Agreement"). NYSCEF Dkt. #889. The Supreme Court is reviewing the document *in camera* and a determination on its release is pending. NYSCEF Dkt. # 1787.  In a recent series of briefing before the Honorable Joel M. Cohen, Oak and Mr. Chassen opposed the Court's release of the Joint Defense Agreement. Plaintiff's response provides:

> The fact that "the Joint Defense Agreement was prepared and signed by counsel" makes this issue worse for any argument of privilege or protection. The Agreement is not simply signed by counsel, it is "among the Parties' respective undersigned counsel," as well as "any advisers acting on their behalf." That Oak, AREH, and Mr. Chassen are working in lockstep cannot be denied, as each has in their own coordinated way swarmed around Mr. Simpson and his counsel throughout the State and Federal Judiciary. *See* Ex. A, Table of Parties and Counsel Common to Index #158055/2023 (partial account of coordinated motion practice). Mr. Chassen's counsel alone has brought five contempt motions. *Id.* AREH has supported Mr. Simpson being incarcerated for contempt. *Id.* As does Oak's instant filing.  NYSCEF Dkt. #1792 at 1.
>
> ….
>
> It is beyond dispute that Oak's principals serve as AREH's party representatives. In addition to revealing the existence of the Joint Defense Agreement, Mr. Chassen's emails additionally show that Oak had direct involvement in recommending legal counsel and advancing the significant costs of their fees. NYSCEF Dkt. #454-55 (emails re: M. Chassen requesting $250,000 for payment of his legal fees). In this regard, questions remain about whether Oak's principals are leveraging the Agreement and payment of legal fees as a form of duress against Mr. Chassen, and the nature and extent of Mr. Chassen's participation and informed consent remains an issue. This includes whether Mr. Simpson's offer of settlement through mediation on June 6, 2025 was ever communicated to him by counsel of record.

NYSCEF Dkt. #1808-10 (including demonstrative exhibits listing the five contempt motions brought by Mr. Chassen, and active coordination among Oak, AREH, and Mr. Chassen).

Mr. Chassen, furthermore, is co-movant with the temporarily appointed Receiver in the Supreme Court action. The docket is replete with diversionary motion practice, including contempt motions, filed by both Messrs. Chassen and Eric Huebscher, in his capacity as Temporary Receiver over four JJ Arch properties, and associated entities, and both the Receiver and Mr. Chassen have a pending civil and criminal contempt motion against Mr. Simpson. The evidence is clear, furthermore, that Mr. Chassen's counsel coordinated with counsel for AREH as well as Oak in the Supreme Court Action on removal.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests deferral on a ruling to vacate the judgment under Rule 60(b) pending resolution of the Bankruptcy Proceeding and appeal.

Respectfully submitted,

Dated: August 28, 2025
Hartford County, Connecticut

MAIDEN LANE LAW GROUP

_____
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

*Attorneys for Jeffrey Simpson and JJ Arch LLC*

Application DENIED as frivolous. The Clerk of Court is directed to terminate ECF No. 44.

SO ORDERED.

August 29, 2025

-4-