```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JEFFREY SIMPSON,                                                  :
                                                                  :
                              Plaintiff,                          :   25-CV-4004 (JAV)
                                                                  :
           -v-                                                    :   ORDER
                                                                  :
                                                                  :
JARED CHASSEN, et al.,                                            :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

Before this Court are three post-judgment discovery motions. On June 2, 2025, District Judge Jesse M. Furman granted Defendant Jared Chassen's request for expedited remand of this case "for a straightforward reason: Simpson is the plaintiff in the state-court action, and only a defendant may remove an action to federal court." ECF No. 21 at 1. On June 27, 2025, the Court granted Chassen's request for attorney's fees and costs related to the frivolous Removal proceeding under 28 U.S.C. § 1447(c), ECF No. 31 at 1, and enjoined Simpson from future removal of this case to federal court without this Court's prior permission due to Mr. Simpson's "vexatious history of litigation." *Id*. at 2. On July 30, 2025, Judge Furman entered a judgment of $27,271.62 in attorney's fees and costs for immediate enforcement against Mr. Simpson, ECF No. 42. On August 28, 2025, Mr. Simpson moved for relief from this judgment under Federal Rule of Civil Procedure 60(b), ECF No. 44, which Judge Furman denied as frivolous the following day. ECF No. 45. On September 29, 2025, Mr. Simpson filed a Notice of Appeal with respect to both the denial of his Rule 60(b) motion and the award of attorney's fees against

him.  ECF No. 46.[1]  Three motions followed:

1) On October 21, 2025, a letter motion by Mr. Chassen seeking a Court order compelling Mr. Simpson's compliance with post-judgment subpoenas seeking documents and information related to the attorney's fees award.  ECF No. 47.

2) On October 23, 2025, a letter motion by Mr. Simpson seeking a post-judgment discovery conference, a protective order related to the discovery sought, and a temporary Rule 69(a) administrative stay pending *In re JJ Arch LLC*, No. 1:24-cv-08649-JAV-SLC (S.D.N.Y. Nov. 14, 2024).  In this motion, Mr. Simpson also seeks a briefing schedule for a protective order, an order quashing the subpoenas, and "relief from any Rule 62(b) bond or an allowance of alternative assurance."  ECF No. 48.

3) On the same day, another letter motion by Mr. Simpson, refuting allegations in a letter that Mr. Chassen submitted to the Court in response to Mr. Simpson's previous motion and requesting a pre-discovery conference to discuss the appropriate scope of post-judgment discovery such that sensitive financial and family information are properly protected.  ECF No. 50.

On October 24, 2025, this case was reassigned from Judge Furman to this Court.  With respect to Mr. Simpson's motion for a stay pending disposition of the *In re JJ Arch LLC* bankruptcy appeal, Mr. Simpson is not a party to that action, and the outcome of that appeal has no bearing on the Court's determination that Mr. Simpson is liable for attorney's fees in this matter.  Accordingly, this Court will not stay enforcement of the attorney's fees judgment against him pending the outcome of that appeal.

---

[1] That appeal does not divest the Court of jurisdiction to enforce its orders or prevent the Court from authorizing discovery pursuant to Rule 69.  *See, e.g.*, *C.H. Sanders Co. v. BHAP Hous. Dev. Fund Co.*, 750 F. Supp. 67, 69 (E.D.N.Y. 1990).

Pursuant to Federal Rule of Civil Procedure 69, a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located and may rely on federal or state discovery procedures to obtain information relevant to the satisfaction of a judgment. Fed. R. Civ. P. 69(a)(1), (2). "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). Under New York law, a judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment by serving upon any person a subpoena. N.Y. C.P.L.R. 5223. Indeed, "C.P.L.R. 5223 sets forth a generous standard which permits the creditor a broad range of inquiry through either the judgment debtor or any third person with knowledge of the debtor's property." *Gryphon Domestic VI, LLC v. GBR Information Services Inc.*, 29 A.D. 3d 392, 393 (1st Dep't May 16, 2006) (internal citation omitted).

The Court does not find that the subpoenas require disclosure of privileged or other protected matter.

A number of the requests do not appear on their face to be directed to identifying assets from which the judgment may be satisfied. Moreover, the breadth and extent of the subpoenas are not proportional to the modest amount at issue. *Minpeco, S.A. v. Hunt*, No. 81 CIV. 7619 (MEL), 1989 WL 57704, at *1 (S.D.N.Y. May 24, 1989) ("Rule 69(a) discovery is subject to the same limitations as that of Rule 26 . . ."). The judgment at issue is for $27,271.62 in attorney's fees and costs. The information subpoena, ECF No. 47-2, seeks 42 categories of information, while the subpoena duces tecum, ECF No. 47-5, seeks 57 separate categories of documents, many of which are quite broad. For example, the subpoena duces tecum seeks all records of business expense reimbursements paid to Mr. Simpson by any business or entity in which he has

3

an interest; all of Mr. Simpson's phone bills, mobile bills, and utility bills for the past two years; Mr. Simpson's retainer agreements with his counsel and accountants; and all documents concerning any transfer of assets, properties, or accounts from July 1, 2023, through the present.

The Court therefore grants the motion to compel Request Nos. 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 22, 26, 27, 28, 29, 30, 31, 33, 34, and 37 of the information subpoena, and Request Nos. 4, 8, 11, 12, 14, 17, 18, 20, 21, 22, 23, 27, 28, 31, 32, 33, 34, 45, and 52 of the subpoena duces tecum. The Court otherwise quashes the subpoenas as unduly burdensome under Rule 45(d)(3), and grants the motion for a protective order pursuant to Rule 26(c)(1)(D) with respect to the remaining categories of information sought.

To the extent Mr. Simpson contends that the subpoenas require the production of sensitive and personal financial information, including his tax records, the Court's model protective order can be found on the Court's website. Pursuant to Section 5.N of the undersigned's Individual Rules and Practices in Civil Cases, the parties shall jointly submit for the Court's approval a proposed protective order to govern document production in this case by November 25, 2025. If the parties are unable to agree upon the form of the protective order, on that date the parties shall submit their competing proposals with respect to the proposed protective order.

As for the subpoenas issued upon Mrs. Simpson, "[i]n the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness," *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975), and "not on the grounds of relevancy or undue burden." *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590 (LTS) (HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013).

Accordingly, Mr. Chassen's motion to compel enforcement of his subpoenas against Mr.

4

and Mrs. Simpson is **GRANTED IN PART AND DENIED IN PART**, Mr. Simpson's motion for a protective order and an order quashing the subpoena is **GRANTED IN PART AND DENIED IN PART**, and the motion for a conference is **DENIED**.  Mr. Simpson is directed to respond in full to Mr. Chassen's subpoenas no later than thirty days from the date of this order.

    The Clerk of Court is directed to terminate ECF Nos. 47, 48, and 50.

    SO ORDERED.

Dated: November 19, 2025
       New York, New York

                                            JEANNETTE A. VARGAS
                                            United States District Judge