

December 19, 2025

The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      **Re:**   ***Simpson v. Chassen*, Case #25-104371 (S.D.N.Y. 2025)**
            Compliance with Subpoena Order/Protective Order (ECF Dkt. #52)

Dear Judge Vargas:

    On behalf of Jeffrey and Yael Simpson, thank you for Your Honor's clarification regarding the parties' requested Protective Orders (ECF Dkt. #54-55).

    We write to request an extension of the time to respond to the subpoenas (ECF Dkt. #47), as modified by the Court's November 19, 2025 Order (ECF Dkt. #52), to continue to collect documents from third parties, and to internally review them, including confidentiality and privilege review, and to ensure full compliance with the Court's Order and Protective Order (ECF Dkt. #57). My client and I had a substantial disagreement last week, and although we are back on track now, we were not communicating effectively as we should have been.

    The amount of documents and information to respond to is expansive and hands-on time is needed with the Simpsons. The holidays are a factor but we are all determined to doing what is necessary. The main point, however, is that we have concerns about privacy issues among the parties. JPMorgan Chase Bank is investigating a privacy breach stemming from Mr. Simpson's allegations of being locked out of his personal accounts originally held by First Republic Bank. Oak's principal owns a Dropbox account holding similar information. At a status conference before Judge Beckerman in the YJ Simco LLC bankruptcy yesterday, Case #25-10437 (Bankr. S.D.N.Y. 2025), the Chapter 7 Trustee's counsel stated to the effect that there are only two real parties in the YJ Simco bankruptcy: Oak and Mr. Chassen, and Mr. Simpson.

We wish to ensure a uniform and consistent interpretation of the Protective Order. We believe that Mr. Chassen's counsel may read Section 7 as allowing interchanges with Oak and Arch Real Estate Holdings LLC ("AREH"). We expect that the other side may share information between Oak and its principals and AREH, and possible related agents or advisors, through the Nondisclosure Agreement, and that such sharing would be later defended, to the extent identified and challenged, under Section 7, including subparagraphs (b) (even though it should not be necessary to do so, because it does not explicitly say counsel "for other persons subject to this Protective Order"); and that subparagraphs (c), (f), and (g) might be relied on defensively to share information without effect constraints with Kevin Wiener, for instance. We also seek to avoid such interpretation issues on subparagraph (a) as to information sharing with coverage counsel appointed for Mr. Chassen's asserted claim to the Great American Insurance Company interpleader funds (Index #653208/2024), as much of the remaining $2.1 million is disputed.

My client has not made a good presentation of himself. That is acknowledged, and a declaration that the undersigned submitted in the YJ Simco case is attached for reference. Although I have, as his prior counsel has also suggested, referred to Mr. Simpson as a whistleblower, and being retaliated against by the provocations of a single foreign adversary shapeshifting across a span of litigation (*see* Atty. Decl. in In re JJ Arch LLC, Case #24-08649 (S.D.N.Y. 2024), ECF Dkt. #52). The Court's Order limiting the subpoenas' scope observed the distinction between Mr. Simpson in his individual capacity, and in his derivative capacity and/or JJ Arch LLC itself. Client disagreements animate the structural conflict of interest. More importantly, there is a connected access to justice and "who is the client" issue if their identities are merged. While solutions are outside this action, they may play an additive role in compliance and effectively representing Mr. Simpson and his respective companies relative to JJ Arch. (My firm is staying on, uncompensated and despite these issues, for their best interests.)

Finally, discovery is underway in the main litigation before Justice Cohen, Index #158055/2023, including pending motions to compel and demands for updated Schedule K-1s and related information. Additionally, the undersigned is in the process of procuring the case files from prior bankruptcy counsel for JJ Arch, and separately from exploratory counsel for related entities in the JJ Arch bankruptcy, to produce evidence necessary in the YJ Simco bankruptcy, some of the records of which would be responsive to the subpoenas here.

Most importantly, however, Oak through AREH controls the entirety of the Arch Companies email domain and related Microsoft account (such as for Teams chats) from inception of the Arch Companies in late 2017 to present (including archcre.com), which still receives traffic, and historically contains a mixture of business and personal information responsive to the subpoenas, some of which Mr. Simpson has, some of which we know from AREH's disclosures in the YJ Simco case, Mr. Simpson does not. This includes key contracts regarding interests. A separation log was supposed to have been made to protect Mr. Simpson's or JJ Arch's privileged

information from being reviewed (NYSCEF Dkt. 1365), and we are in the process – pursuant to Justice Cohen's instructions to both sets of parties at a recent hearing on December 11, 2025 for each party to get a handle on their respective client's productions and demands, and to bring motions to compel discovery due and outstanding. Targeted discovery may be necessary, depending on responses to JJ Arch's and Mr. Simpson's case file demands, in relation to the interpleader action for information relevant to deciding the distribution of insurance funds.

An extension of any amount of time is respectfully requested for pacing and interparty coordination. The dual representation issue, alone or with the insurance issue, is not before this Court but suggested in support of equity. We wish to show good faith and best efforts. If the Court may wish to question counsel and/or their clients on these issues or the privacy restraints sought, we are available at the Court's direction for a status conference or otherwise.

> Respectfully submitted,
>
> Benjamin Robert Rajotte, Esq.
> One Maiden Lane, Suite 900
> New York, New York 10038
> (212) 463-6669
> rajb@mllg.nyc
>
> *Counsel for Jeffrey and Yael Simpson*

cc: All parties entitled to notice via ECF