SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT: HON. JOEL M. COHEN         PART      03M
                          Justice
-----------------------------------------------------------------X
JEFFREY SIMPSON, INDIVIDUALLY AND DERIVATIVELY,   INDEX NO.    158055/2023
AS MANAGING MEMBER OF JJ ARCH LLC, SUING
DERIVATIVELY AS MANAGING MEMBER OF ARCH REAL
ESTATE HOLDINGS LLC, JJ ARCH LLC,

                          Plaintiffs,            **ORDER IMPOSING SANCTIONS**

                  - v -

JARED CHASSEN, FIRST REPUBLIC BANK, YJ SIMCO
LLC, ARCH REAL ESTATE HOLDINGS LLC, 225 HPR LLC,
JJ NY 550 LLC, 1640 MONTAUK LLC, 1640 MOTORS
LLC, 146 E. 89 BORROWER 1 LLC,

                          Defendants.
-----------------------------------------------------------------X

This is the fourth order imposing sanctions against Plaintiff Jeffrey Simpson. In each of the prior three orders, the Court expressly warned Mr. Simpson that continued violations of the Part Rules—and, in particular, repeated disregard of the Court's clear directives prohibiting direct email communications with chambers on purportedly substantive matters while represented by counsel—would result in escalating sanctions, yet those warnings have gone unheeded (see NYSCEF 1847 [September 24, 2025 Order]; NYSCEF 1851 [September 29, 2025 Order]; and NYSCEF 1998 [October 8, 2025 Order]).

The most recent sanctions order was issued on October 8, 2025. Since that time, Mr. Simpson has sent more than a dozen emails (subsequently uploaded to NYSCEF by one of the Defendant's counsel) directly to the Court or copied the Court on such correspondence, including several on the very day the October 2025 Order was entered (NYSCEF 2126-2134; NYSCEF 2150; NYSCEF 2152-2153). With each successive email, Mr. Simpson has become increasingly

**OTHER ORDER – NON-MOTION**

aggressive and abusive, among other things repeatedly and baselessly accusing the Court of being "on the take" and daring the Court "to give [him] sanctions."

These persistent and brazen violations—committed while Mr. Simpson is the subject of a separate civil and criminal contempt motion for violating prior Court orders—have stymied the efficient progress of this case and related cases, burdened chambers with improper communications, diverted attention from other substantive matters, and interfered with the Court's ability to manage its docket.

In light of the ongoing violations of Part Rules and previous sanctions orders, the Court concludes that further sanctions are warranted. Accordingly, it is

**ORDERED** that Mr. Simpson is hereby fined the sum of $2,000 and shall pursuant to 22 NYCRR 130-1.3 deposit said amount with the Clerk of the Court, together with a copy of this order with notice of entry; it is further

**ORDERED** that written proof of the payment of this sanction shall be provided by Mr. Simpson's counsel to the Clerk of Part 3 within 30 days of this order; it is further

**ORDERED** that, in the event that such proof of payment is not provided within 30 days, the Court will direct the Clerk of the Court to enter a judgment against Mr. Simpson in the aforesaid sum; it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the Part shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).

**Mr. Simpson is warned that further violations may result in striking of his pleadings** (*Goldstein v CIBC World Markets Corp.*, 30 AD3d 217 [1st Dept 2006]).

DATE: 12/5/2025

JOEL M. COHEN, JSC

Check One: ☐ Case Disposed   ☒ Non-Final Disposition

Check if Appropriate: ☐ Other (Specify _____)