

January 23, 2026

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:    ***Simpson v. Chassen***, 25-2388 (2d Cir. Sept. 30, 2025)
> Supplement to Request for Extension of Briefing Schedule

Dear Ms. O'Hagan Wolfe:

This letter respectfully responds to the inquiry from Judy Pisnanont about the outcome of the status conference referenced in my January 15, 2026 letter to the Court. That letter referenced the then-pending status conference scheduled for January 21, 2026 in *Simpson v. Chassen*, Index #158055/2023 (Sup. Ct. N.Y. County, Comm. Div.) (NYSCEF Dkt. #2229) regarding the undersigned's intention to withdraw from representing Jeffrey Simpson personally in that action, while remaining as counsel of record for co-plaintiff JJ Arch LLC ("JJ Arch").

At the status conference, Justice Joel M. Cohen, J.S.C. granted the undersigned's motion to withdraw as counsel for Mr. Simpson (NYSCEF Dkt. #2314 *et seq.*; a true and correct copy of the moving papers is enclosed for the Court's convenience), while allowing counsel for 608941 NJ Inc., Arch Real Estate Holdings LLC, and Jared Chassen the opportunity to oppose the motion insofar as it provides that the undersigned will remain counsel of record for JJ Arch in the three related State Court actions (Indices #158055/2023, 653208/2024, and 654928/2024). The motion's return date is January 29, 2026, and answering papers are due January 27, 2026.

In the interest of avoiding prejudice to the client and facilitating process, and based on the client's informed consent, the undersigned does not intend to move to withdraw as counsel with respect to addressing the discrete issues raised in the instant appeal or representing Mr. and Mrs. Simpson in responding to the subpoenas served on them in connection with the underlying District Court action, Case #25-04004 (S.D.N.Y.) (JAV), before Judge Jeannette A. Vargas.

It is the undersigned's hope that this letter fully responds to the Court's question.

Respectfully submitted,

Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

*Counsel for Appellant Jeffrey Simpson*

cc: All parties entitled to notice via ACMS

Encl.

*Simpson et al. v. Chassen et. al.*, Index #158055/2023
(Sup. Ct. N.Y. County, Comm. Div.)

NYSCEF Dkt. #2314 *et seq.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION, PART 03M

---

JEFFREY SIMPSON, individually and derivatively as
Managing Member of JJ Arch LLC, suing derivatively
as Managing Member of ARCH REAL ESTATE
HOLDINGS LLC, and JJ ARCH LLC (collectively,
Counterclaim Defendants),

Plaintiffs,

- v -

JARED CHASSEN (Counterclaim Plaintiff), FIRST
REPUBLIC BANK, YJ SIMCO LLC (Counterclaim
Defendant), ARCH REAL ESTATE HOLDINGS LLC
(Nominal Party), and 225 HPR LLC, JJ NY 550 LLC,
1640 MONTAUK LLC, 1640 MOTORS LLC, and
146 E. 89 BORROWER 1 LLC (collectively, Nominal
Counterclaim Defendants); and 608941 NJ Inc.
(Intervenor and Counterclaim Defendant).

Defendants.

ERIC HUEBSCHER, as Temporary Receiver of
Certain Entities Controlled by JJ ARCH LLC.

Index #158055/2023

Before the Honorable
Joel M. Cohen, J.S.C.

Mot. Seq. #37

**<u>NOTICE OF MOTION</u>**

---

PLEASE TAKE NOTICE that, based on the accompanying Memorandum of Law and

Attorney Affirmation, the undersigned counsel will respectfully move this Court at the Motion

Submission Part, Room 130, Supreme Court of the State of New York, County of New York, 60

Centre Street, New York, New York 10007, on January 29, 2026 at 9:30 a.m., or as soon

thereafter as counsel may be heard, for an Order:

  1.  Pursuant to CPLR 321(b)(2), granting leave to withdraw as attorney of record for

Plaintiff Jeffrey Simpson in this action, in personal capacities in which he appears, individually

and derivatively on behalf of Plaintiff JJ Arch LLC ("JJ Arch"); and

  2.  Granting such other and further relief as the Court deems just and proper.

-1-

PLEASE TAKE FURTHER NOTICE that, pursuant to CPLR § 2214(b), answering papers must be served at least two (2) days before the return date as indicated above.

Respectfully submitted,

Dated: January 21, 2026
       Hartford County, Connecticut

MAIDEN LANE LAW GROUP
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669 | rajb@mllg.nyc

By: _____
    Benjamin Robert Rajotte (#4349049)

*Counsel for Jeffrey Simpson and JJ Arch LLC*

-2-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION, PART 03M

---

JEFFREY SIMPSON, individually and derivatively as
Managing Member of JJ Arch LLC, suing derivatively
as Managing Member of ARCH REAL ESTATE
HOLDINGS LLC, and JJ ARCH LLC (collectively,
Counterclaim Defendants),

Plaintiffs,

- v -

JARED CHASSEN (Counterclaim Plaintiff), FIRST
REPUBLIC BANK, YJ SIMCO LLC (Counterclaim
Defendant), ARCH REAL ESTATE HOLDINGS LLC
(Nominal Party), and 225 HPR LLC, JJ NY 550 LLC,
1640 MONTAUK LLC, 1640 MOTORS LLC, and
146 E. 89 BORROWER 1 LLC (collectively, Nominal
Counterclaim Defendants); and 608941 NJ Inc.
(Intervenor and Counterclaim Defendant).

Defendants.

ERIC HUEBSCHER, as Temporary Receiver of
Certain Entities Controlled by JJ ARCH LLC.

Index #158055/2023

Before the Honorable
Joel M. Cohen, J.S.C.

Mot. Seq. #37

**<u>MEMORANDUM OF LAW</u>**

## PRELIMINARY STATEMENT

This motion respectfully seeks leave to withdraw as counsel of record on behalf of
Plaintiff Jeffrey Simpson, in all personal capacities in which he appears in this action. It is based
on a now acute conflict risk in continued simultaneous representation of both Mr. Simpson
personally and JJ Arch LLC ("JJ Arch") simultaneously, and submitted in response to the Court's
direction that any withdrawal must proceed by an appropriate filing under CPLR § 321. This
request seeks to accomplish the transition in an orderly manner consistent with counsel's
obligations to avoid foreseeable prejudice to either represented party.

## BACKGROUND

As provided in more detail in the Attorney Affirmation, the Court issued a January 9, 2026 Notice stating it received emails from Mr. Simpson indicating he is no longer represented and wishes to proceed pro se, and noting that if a CPLR § 321 filing indicates he will do so, NYSCEF access may be reinstated. Undersigned counsel's January 13, 2026 letter advised the Court that representation had become infeasible as to Mr. Simpson personally while counsel also represents JJ Arch, and advised that Mr. Simpson told the undersigned on January 9, 2026 that he had filed three pro se 42 U.S.C. § 1983 actions naming Your Honor and New York State Unified Court System. Mr. Simpson's January 21, 2026 email to the Court from this morning further confirms that he intends to represent himself *pro se*.

## ARGUMENT

Good cause exists to permit partial withdrawal for Mr. Simpson under CPLR § 321(b)(2) and Rules of Professional Conduct 1.7, 1.13, and 1.16, while remaining counsel for JJ Arch, to avoid prejudice and disruption. This motion is submitted accordingly and in response to the Court's January 9, 2026 Notice. The record presents a concrete conflict risk in continued joint representation of JJ Arch and Mr. Simpson personally. Under Rule 1.7(a)(1), a lawyer may not represent a client if the representation will involve the lawyer in representing differing interests, which may include differing interests as it relates to legal strategy. Similarly, Rule 1.13(a) recognizes distinct "who is the client" obligations when representing both an organization and one of its members. Here, the circumstances described in the attached affirmation and exhibits indicate that continued simultaneous representation has become untenable.

Additionally, independent grounds exist under Rule 1.16. The Court's Notice reflects that Mr. Simpson has communicated that he is no longer represented and wishes to proceed *pro se*.

Accordingly, Rule 1.16(b)(3) requires withdrawal where "the lawyer is discharged." Permissive withdrawal, moreover, is supported by breakdowns over legal strategy that renders effective representation unreasonably difficult. Rule 1.16(c)(7); *see also* Rule 1.16(c)(4) (actions with which counsel has a fundamental disagreement); Rule 1.16(c)(12) (judicial discretion). At the same time, this motion is structured to minimize disruption under Rule 1.16(e), which requires steps that "avoid foreseeable prejudice," and Rule 1.16(c)(1), which requires that the withdrawal be "accomplished without material adverse effect on the interests of the client."

## CONCLUSION

For these reasons, Plaintiffs respectfully request an Order "as the Court may direct" permitting the withdrawal as counsel for Mr. Simpson individually and derivatively pursuant to CPLR § 321(b)(2) and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: January 21, 2026
    Hartford County, Connecticut

MAIDEN LANE LAW GROUP
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669 | rajb@mllg.nyc

By: _____
    Benjamin Robert Rajotte (#4349049)

*Counsel for Jeffrey Simpson and JJ Arch LLC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION, PART 03M

---

| | |
|---|---|
| JEFFREY SIMPSON, individually and derivatively as Managing Member of JJ Arch LLC, suing derivatively as Managing Member of ARCH REAL ESTATE HOLDINGS LLC, and JJ ARCH LLC (collectively, Counterclaim Defendants), | Index #158055/2023 |
| | Before the Honorable Joel M. Cohen, J.S.C. |
| Plaintiffs, | Mot. Seq. #37 |
| - v - | **ATTORNEY AFFIRMATION** |
| JARED CHASSEN (Counterclaim Plaintiff), FIRST REPUBLIC BANK, YJ SIMCO LLC (Counterclaim Defendant), ARCH REAL ESTATE HOLDINGS LLC (Nominal Party), and 225 HPR LLC, JJ NY 550 LLC, 1640 MONTAUK LLC, 1640 MOTORS LLC, and 146 E. 89 BORROWER 1 LLC (collectively, Nominal Counterclaim Defendants); and 608941 NJ Inc. (Intervenor and Counterclaim Defendant). | |
| Defendants. | |
| ERIC HUEBSCHER, as Temporary Receiver of Certain Entities Controlled by JJ ARCH LLC. | |

Pursuant to CPLR § 2106, I affirm the following under penalty of perjury:

1.        I am counsel of record for Plaintiffs JEFFREY SIMPSON and JJ ARCH LLC ("JJ Arch") in this action, and in the related actions in which this motion is to be cross-filed, namely Indices #653208/2024 and 654928/2024 (the "related actions").

2.        This affirmation in respectfully submitted in support of the proposed Order permitting the undersigned's withdrawal as counsel of record in this action and the related actions for Mr. Simpson, individually and derivatively on behalf of JJ Arch, while remaining counsel for JJ Arch, unless and until substitute counsel is retained or the Court orders otherwise.

3.      This motion is prompted by a material conflict risk in continuing to represent both JJ Arch and Mr. Simpson personally under the current circumstances.

4.      On January 9, 2026, the Court issued a Notice reflecting that it had received emails from Mr. Simpson, excluding the undersigned, indicating that he is no longer represented by counsel and wishes to represent himself. The Notice states that if Mr. Simpson chooses to represent himself at this time, the Court would approve reinstating his NYSCEF access, and that he may "represent only himself, and cannot represent or bring/defend claims on behalf of another person or an entity." (NYSCEF Dkt. #2225.)

5.      On January 9 and 13, 2026, the undersigned filed letters to the Court indicating that a position on representation would be forthcoming, while requesting limited scheduling relief. (NYSCEF Dkt. #2225, 2227-28). The request for scheduling relief continues now to responding to the motion for sanctions (Mot. Seq. #36) filed by counsel for 608941 NJ Inc. on the following day, January 14, 2026. (NYSCEF Dkt. #2230.)

6.      As the January 13, 2026 letter provides, continued representation of Mr. Simpson in his personal capacities has become infeasible while representing JJ Arch as well, and that Mr. Simpson's filings and communications referenced in the letter pointed to a fundamental conflict in Mr. Simpson and JJ Arch being represented by the same counsel.

7.      Over approximately the past two months, representing Mr. Simpson personally has become increasingly challenging in a manner that risks imperiling the quality and manageability of representation of both parties. This is reflected in direct communications by Mr. Simpson with multiple Courts and interested parties without copying or notifying counsel, some of which represent that I have been terminated and may not act on his behalf personally.

8.      Rulings adverse to both parties concerning 1640 Motors LLC and 1640 Montauk LLC in mid-December 2025 impaired attorney-client communication, which manifested most concretely on December 24, 2025 in developing a responsive legal strategy.

9.      On December 19, 2025, the undersigned requested an extension of time to respond to subpoenas issued by Defendant Jared Chassen through counsel on Mr. and Mrs. Simpson in the Southern District case to which this action was removed in April 2025 and remanded the following month upon payment of the filing fee by Receiver Eric Huebscher, Case #25-04004 (S.D.N.Y.), appeal, #25-2388 (2d Cir.). The District Court case is before U.S. District Judge Jeannette A. Vargas. (The appeal challenges the finding that the removal of this action to federal court was frivolous, whereas the posture of the District Court action has to do with enforcement of personal subpoenas pending appeal under Federal Rule of Civil Procedure 69.)

10.      The letter to Judge Vargas noted "substantial disagreement" regarding certain of my client's communications and manner of proceeding in his personal capacities before the relevant Courts. A true and correct copy is attached as Exhibit A. A true and correct copy of the undersigned's affirmation to similar effect in the YJ Simco bankruptcy, Case #24-10437 (Bankr. S.D.N.Y.) before U.S. Bankruptcy Judge Lisa G. Beckerman is attached as Exhibit B.

11.      On January 14, 2025, as indicated in the January 13, 2026 letter to this Court, the undersigned filed an emergency motion with the Second Circuit requesting an extension of time to file Mr. Simpson's appellate brief and appendix in the appeal referenced above, #25-2388, on account of this conflict. A true and correct copy is attached as Exhibit C.

12.      Both the January 13 and 14, 2026 letters advised the respective Courts that Mr. Simpson had notified the undersigned on January 9, 2026 that he had filed three *pro se* civil-

rights actions under 42 U.S.C. § 1983 in the Southern District, which name Your Honor and the New York State Unified Court System, among others, as defendants.

13.     Earlier today, Mr. Simpson sent an email to this Court regarding the status conference that was scheduled on January 14, 2026 to take place this afternoon. The email confirms Mr. Simpson's position that he wishes to proceed *pro se* at this time.

14.     The undersigned does not move to withdraw as counsel for JJ Arch, nor has Mr. Simpson requested such withdrawal, to avoid prejudice and maintain orderly proceedings and continuity until such time as new counsel may be procured, and while the Court determines the appropriate path forward for Mr. Simpson's participation and the litigation schedule. As proposed in the January 13, 2026 letter to this Court, the winddown contemplates an ongoing collaboration with Mr. Simpson with respect to more than twenty-five action items designed to ensure compliance with Court processes for himself and/or JJ Arch.

15.     At the same time, unrelatedly, it is likely that over the next approximately three months, personal/family medical issues are anticipated to impose manageable but unpredictably periodic constraints on my schedule. This is stated only as context for logistics, not as a request for substantive relief beyond what is sought by this motion.

Respectfully submitted,

Dated: January 21, 2026
      Hartford County, Connecticut

MAIDEN LANE LAW GROUP
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669 | rajb@mllg.nyc


By: _____
      Benjamin Robert Rajotte (#4349049)

*Counsel for Jeffrey Simpson and JJ Arch LLC*

-4-

# Exhibit A



December 19, 2025

The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      **Re:**    ***Simpson v. Chassen*, Case #25-104371 (S.D.N.Y. 2025)**
              Compliance with Subpoena Order/Protective Order (ECF Dkt. #52)

Dear Judge Vargas:

      On behalf of Jeffrey and Yael Simpson, thank you for Your Honor's clarification regarding the parties' requested Protective Orders (ECF Dkt. #54-55).

      We write to request an extension of the time to respond to the subpoenas (ECF Dkt. #47), as modified by the Court's November 19, 2025 Order (ECF Dkt. #52), to continue to collect documents from third parties, and to internally review them, including confidentiality and privilege review, and to ensure full compliance with the Court's Order and Protective Order (ECF Dkt. #57). My client and I had a substantial disagreement last week, and although we are back on track now, we were not communicating effectively as we should have been.

      The amount of documents and information to respond to is expansive and hands-on time is needed with the Simpsons. The holidays are a factor but we are all determined to doing what is necessary. The main point, however, is that we have concerns about privacy issues among the parties. JPMorgan Chase Bank is investigating a privacy breach stemming from Mr. Simpson's allegations of being locked out of his personal accounts originally held by First Republic Bank. Oak's principal owns a Dropbox account holding similar information. At a status conference before Judge Beckerman in the YJ Simco LLC bankruptcy yesterday, Case #25-10437 (Bankr. S.D.N.Y. 2025), the Chapter 7 Trustee's counsel stated to the effect that there are only two real parties in the YJ Simco bankruptcy: Oak and Mr. Chassen, and Mr. Simpson.

We wish to ensure a uniform and consistent interpretation of the Protective Order. We believe that Mr. Chassen's counsel may read Section 7 as allowing interchanges with Oak and Arch Real Estate Holdings LLC ("AREH"). We expect that the other side may share information between Oak and its principals and AREH, and possible related agents or advisors, through the Nondisclosure Agreement, and that such sharing would be later defended, to the extent identified and challenged, under Section 7, including subparagraphs (b) (even though it should not be necessary to do so, because it does not explicitly say counsel "for other persons subject to this Protective Order"); and that subparagraphs (c), (f), and (g) might be relied on defensively to share information without effect constraints with Kevin Wiener, for instance. We also seek to avoid such interpretation issues on subparagraph (a) as to information sharing with coverage counsel appointed for Mr. Chassen's asserted claim to the Great American Insurance Company interpleader funds (Index #653208/2024), as much of the remaining $2.1 million is disputed.

My client has not made a good presentation of himself. That is acknowledged, and a declaration that the undersigned submitted in the YJ Simco case is attached for reference. Although I have, as his prior counsel has also suggested, referred to Mr. Simpson as a whistleblower, and being retaliated against by the provocations of a single foreign adversary shapeshifting across a span of litigation (*see* Atty. Decl. in In re JJ Arch LLC, Case #24-08649 (S.D.N.Y. 2024), ECF Dkt. #52). The Court's Order limiting the subpoenas' scope observed the distinction between Mr. Simpson in his individual capacity, and in his derivative capacity and/or JJ Arch LLC itself. Client disagreements animate the structural conflict of interest. More importantly, there is a connected access to justice and "who is the client" issue if their identities are merged. While solutions are outside this action, they may play an additive role in compliance and effectively representing Mr. Simpson and his respective companies relative to JJ Arch. (My firm is staying on, uncompensated and despite these issues, for their best interests.)

Finally, discovery is underway in the main litigation before Justice Cohen, Index #158055/2023, including pending motions to compel and demands for updated Schedule K-1s and related information. Additionally, the undersigned is in the process of procuring the case files from prior bankruptcy counsel for JJ Arch, and separately from exploratory counsel for related entities in the JJ Arch bankruptcy, to produce evidence necessary in the YJ Simco bankruptcy, some of the records of which would be responsive to the subpoenas here.

Most importantly, however, Oak through AREH controls the entirety of the Arch Companies email domain and related Microsoft account (such as for Teams chats) from inception of the Arch Companies in late 2017 to present (including archcre.com), which still receives traffic, and historically contains a mixture of business and personal information responsive to the subpoenas, some of which Mr. Simpson has, some of which we know from AREH's disclosures in the YJ Simco case, Mr. Simpson does not. This includes key contracts regarding interests. A separation log was supposed to have been made to protect Mr. Simpson's or JJ Arch's privileged

information from being reviewed (NYSCEF Dkt. 1365), and we are in the process – pursuant to Justice Cohen's instructions to both sets of parties at a recent hearing on December 11, 2025 for each party to get a handle on their respective client's productions and demands, and to bring motions to compel discovery due and outstanding. Targeted discovery may be necessary, depending on responses to JJ Arch's and Mr. Simpson's case file demands, in relation to the interpleader action for information relevant to deciding the distribution of insurance funds.

An extension of any amount of time is respectfully requested for pacing and interparty coordination. The dual representation issue, alone or with the insurance issue, is not before this Court but suggested in support of equity. We wish to show good faith and best efforts. If the Court may wish to question counsel and/or their clients on these issues or the privacy restraints sought, we are available at the Court's direction for a status conference or otherwise.

Respectfully submitted,

Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

*Counsel for Jeffrey and Yael Simpson*

cc: All parties entitled to notice via ECF

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: YJ SIMCO LLC,

              Debtor.

Case #25-10437 (LGB)

Before the Honorable
Lisa G. Beckerman, U.S.B.J.

## <u>ATTORNEY DECARATION</u>

I, Benjamin Robert Rajotte, Esq., pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that this submission is true and correct to the best of my knowledge, information, and belief, formed after reasonable inquiry.

1.    This declaration is respectfully submitted in an attempt to provide background, if not clear up, questions based on how I understood this bankruptcy to have been brought and continued to the point of conversion. This declaration is intended only for context, in the interest of expressing my client's good faith, and not for addressing the substance as to any asset one way or the other.

2.    I first spoke with Jeffrey Simpson on or about March 31, 2025.

3.    I first spoke with David Goldwasser by email on or about April 3, 2025. The purpose of the email was an introduction by Mr. Simpson. A call was scheduled for the following week. It took place on April 7, 2025.

4.    Mr. Simpson entered a written engagement agreement with my firm, coincidentally, on April 7, 2025, as well.

5.      Mr. Simpson forwarded me a number of emails between himself and

Mr. Goldwasser from before the April 7, 2025 call, and he regularly copied me on

emails between himself and Mr. Goldwasser and/or Mr. Goldwasser's team

between approximately April 3, 2025 and the May 13, 2025 hearing on the United

States Trustee's motion to dismiss or convert the case from Chapter 11 to Chapter 7

of title 11 of the United States Code (the "Bankruptcy Code"). [ECF Dkt. #7.]

6.      The April 7, 2025 teleconference was fundamentally about setting up

an internal review process and standards for deciding how to correct the schedules

found deficient in this action [*see* ECF Dkt. min. entry, March 10, 2025], including

whether or not to amend them to include additional entities. No one on the call

disagreed with Mr. Goldwasser's suggestion of a property-by-property assessment.

7.      From review of the emails that followed, the entities examined

primarily included: (1) those named in *Chassen v. Simpson*, Index #654928/2024

(Sup. Ct. N.Y. County, Comm. Div. 2024); (2) the four "JJ Arch-Controlled

Properties," and their associated "JJ Arch-Controlled Entities," that are/were the

subject of the receivership in *Simpson v. Chassen*, Index #158055/2023 (Sup. Ct.

N.Y. County, Comm. Div. 2023); and (3) the Simpsons' residential properties.

8.      Mr. Goldwasser's declaration states: "After the Petition Date,

Simpson requested that I file essentially the same schedules of assets that were

- 2 -

filed in the JJ Arch LLC Chapter 11 case in this Debtor's case. I disagreed with that request." [ECF Dkt. #79 ¶11.]

9.      This declaration is intended to clarify two points. First, Charles Wertman, Esq., was on the April 7, 2025 call as counsel for YJ Simco LLC ("YJ Simco") as Debtor in this action. Although I do not remember the precipitating circumstances, toward the end of the call, Messrs. Simpson and Wertman began arguing, and Mr. Wertman left the call. I understand that, apart from possible emails, the two have not spoken since. The call ended soon afterward.

10.     Mr. Simpson is not an easy client. His impatience, discourtesies, and downright offensiveness at times, however, do not imply ill-intent.[1] YJ Simco's lack of bankruptcy counsel is the other half of the equation. The reason for this procedural posture probably lies somewhere in between them.

11.     Second, for completeness, Mr. Goldwasser's statement ought to be read as part of an ongoing dialogue with the Simpsons after the April 7, 2025 call.

12.     From reviewing relevant emails on which I was included, on April 21, 2025, I was copied on an email from Mr. Goldwasser to his staff with the subject,

---

[1]      The Court understandably may have concerns about his emails' tone and departure from expected process. This is not intended to condone such communications with the Bench or Chambers. Before the Honorable Joel M. Cohen, J.S.C., at the conclusion of the contempt proceeding, the undersigned stated the following: "I've had many, many heated exchanges with Mr. Simpson. Many. And I've said I am offended – I don't think I'm divulging any attorney/client privilege on this – that I am offended as an officer of the court, as a lawyer, at the temerity of emailing judges directly, copying them all and particularly, Your Honor, for how he has characterized Your Honor's presiding over this proceeding. We have spoken about this at length from the very beginning." [NYSCEF Dkt. #2502 at 26.]

"Immediate Action Required – YJ Simco Bankruptcy Schedules Due Tomorrow."

The email stated: "We are at a critical point in the YJ Simco bankruptcy. If we do

not finalize and file the appropriate schedules, the case is at risk of dismissal or

conversion. We need to complete this now, with total clarity and coordination."

Instructions followed. A true and correct copy is attached as Exhibit A.[2]

Respectfully submitted,

Dated: December 18, 2025          MAIDEN LANE LAW GROUP
      Hartford County, Connecticut

Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669 | rajb@mllg.nyc

*Attorneys for Interested Parties*
*Jeffrey and Yael Simpson*

---

[2]      Over the next few days, I was copied on a back-and-forth of emails in which the Simpsons provided a spreadsheet and Schedule K-1s (2002) for various entities. Mr. Goldwasser's team reviewed them, sent back revisions, and sought more information; however, nothing obviously was finalized.

**Exhibit C**

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

## MOTION INFORMATION STATEMENT

Docket Number(s): _____    _____Caption [use short title]_____

Motion for: _____

_____

_____

Set forth below precise, complete statement of relief sought:

_____

_____

_____

_____

_____

_____

MOVING PARTY:_____ OPPOSING PARTY:_____

     ___Plaintiff     ___Defendant

     ___Appellant/Petitioner   ___Appellee/Respondent

MOVING ATTORNEY:_____ OPPOSING ATTORNEY:_____
[name of attorney, with firm, address, phone number and e-mail]

_____ _____

_____ _____

_____ _____

Court- Judge/ Agency appealed from: _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
     ___Yes ___No (explain):_____
     _____

Opposing counsel's position on motion:
     ___Unopposed ___Opposed ___Don't Know
Does opposing counsel intend to file a response:
     ___Yes ___No ___Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?    ___Yes ___No
Has this relief been previously sought in this court?  ___Yes ___No
Requested return date and explanation of emergency:  _____
_____
_____
_____
_____

Is oral argument on motion requested?    ___Yes ___No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ___ Yes ___No If yes, enter date:_____

**Signature of Moving Attorney:**

_____Date:_____ Service by: ___CM/ECF ___Other [Attach proof of service]

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

JEFFREY SIMPSON,

                Appellant,

           - v -

JARED CHASSEN et al.,

                Appellees.

Case #25-2388

Appeal from
Case #25-04004 (JMF/JAV)

**EMERGENCY MOTION TO EXTEND TIME TO FILE APPELLANT'S
BRIEF AND APPENDIX, AND FOR INTERIM RELIEF TO PREVENT
AUTOMATIC DISMISSAL PENDING DETERMINATION**

      Benjamin Robert Rajotte, Esq., counsel to Appellant Jeffrey Simpson,

respectfully moves under Federal Rule of Appellate Procedure 27 and Local Rule

27.1 for an Order: (1) extending the deadline to file Appellant's opening brief and

appendix, currently due January 15, 2026; and (2) directing that the appeal not be

dismissed while this Emergency Motion is pending and disposed of.

### I. BASIS FOR EMERGENCY REQUEST

      On November 3, 2025, the Court ordered that Appellant's brief must be filed

on or before January 15, 2026, and that the appeal will be dismissed if the brief is

not filed by that date. For this reason, undersigned counsel respectfully requests

emergency consideration and interim protection, in the Court's discretion, to avoid dismissal while this motion is under submission.

This appeal concerns Mr. Simpson in his personal capacity, individually and derivatively as Managing Member of JJ Arch LLC. It arises from an award of attorneys' fees in connection with the remand of the underlying District Court case, Case #25-04004, to the New York Supreme Court, in *Simpson v. Chassen*, Index #158055/2023 (Sup. Ct. N.Y. County, Comm. Div. 2023).

This appeal is not on behalf of co-plaintiff JJ Arch LLC ("JJ Arch") in that case. Rather, undersigned counsel is in the process of seeking to withdraw from representing Mr. Simpson, individually and derivatively, in the underlying Supreme Court action, and two related actions also before the Supreme Court. In *Chassen v. Simpson*, Index #654928/2024 (Sup. Ct. N.Y. County, Comm. Div. 2024) and *Great Am. Ins. Co. v. Arch Real Estate Holdings LLC*, Index #653208/2024 (Sup. Ct. N.Y. County, Comm. Div. 2024).

The basis for this extension request stems from developments in that underlying representation which make continued representation in this appeal impracticable absent a short transition period to temporary limited-scope representation and/or new counsel to represent Mr. Simpson in his personal capacity should directors' and officers' insurance funds become available in the interpleader action, Index #653208/2024.

## II. EXTRAORDINARY CIRCUMSTANCE

Over the past approximately three weeks, communication with Appellant has become materially impaired and the attorney-client relationship has deteriorated to the point that continued representation of Mr. Simpson individually or derivatively is not feasible–particularly at the same time that the undersigned counsel is representing JJ Arch as well, and given that this appeal stems from the same State Court action in which the undersigned is in the process of seeking to withdraw from representing Mr. Simpson on the same basis, in *Simpson v. Chassen*, *supra*.

With respect to the undersigned's representation of Mr. Simpson in the State Court actions, New York Rule of Professional Conduct 1.16 provides mandatory withdrawal where "the lawyer is discharged," and permits withdrawal where, among other grounds, (a) "the client insists upon taking action with which the lawyer has a fundamental disagreement," (b) the representation has been rendered "unreasonably difficult," (c) "the client knowingly and freely assents to termination," as is expressly the case here, and (d) for other good cause.

Specifically, this issue manifested concretely on Friday, January 9, 2026, when Justice Joel M. Cohen, J.S.C. requested the undersigned's clarification upon notifying the parties that Mr. Simpson emailed the Court "indicating that he is no longer represented by counsel of record [Maiden Lane] and that he wishes to represent himself in this and other related actions." (NYSCEF Dkt. #2225.)

Additionally, on that day, Mr. Simpson informed the undersigned that he had filed three new *pro se* civil-rights actions, pursuant to 42 U.S.C. § 1983, in the Southern District of New York naming Justice Cohen and the New York State Unified Court System, and other parties, as defendants. The cases are captioned *Simpson v. Cohen* and are cited as follows: 1:26-cv-00110 (LTS) (S.D.N.Y. Jan. 3, 2026); 1:26-cv-00130 (LTS) (S.D.N.Y. Jan. 5, 2026); and 1:26-cv-00193 (UA) (S.D.N.Y. Jan. 8, 2026). Undersigned counsel did not advise filing these actions.

These filings point to a further, more fundamental conflict of interest in the undersigned's continuing representation of both Mr. Simpson and JJ Arch. Although JJ Arch is not part of this appeal, the undersigned represents both parties in the State Court action before Justice Cohen (Index #158055/2023) from which the removal originated in the instant District Court action that is the subject of this appeal (Case #25-04004). In the underlying District Court case, in requesting an extension of time to respond to subpoenas against Mr. Simpson and his wife, Yael Simpson, approximately three weeks ago, the undersigned stated:

> My client has not made a good presentation of himself. That is acknowledged…. Client disagreements animate the structural conflict of interest. More importantly, there is a connected access to justice and "who is the client" issue if their identities are merged….

(Case #25-04004, ECF Dkt. #59.) At this point in the representation, however, it has become wholly untenable to represent both clients simultaneously, as the

current personal *pro se* advocacy risks further conflating their identities. It should be noted that JJ Arch consists of three other members, including two nonparties.

The undersigned is in the process of preparing a motion to withdraw from representing Mr. Simpson individually and derivatively, for the Supreme Court's consideration in the original case on removal, while remaining on as counsel for JJ Arch until such time as new counsel is procured following the interpleader process. Relatedly, a cross-motion meant to preserve Mr. Simpson's and JJ Arch's rights in the interpleader action (Index #653208/2024) will be filed shortly afterward.

### III. REQUESTED EXTENSION

An extension of forty-five (45) days is respectfully requested, on or before March 2, 2026, or such other date as the Court deems appropriate for filing of the opening brief and appendix. At this time, the undersigned counsel is not seeking withdrawal from this matter. The issue turns on the conflict in representing both parties in related actions and the breakdown in attorney-client communication, and client trust in the attorney's performance of services.

For this appeal, however, unless and until Mr. Simpson is successful in retaining new counsel, which is unlikely within the time period of the extension, that the undersigned would continue to represent him for purpose of preparing the brief and appendix and appearing at oral argument, should the Court allow. The breakdown in communication that the withdrawal from personal representation in

the Supreme Court is meant to ameliorate has hindered representation in all other matters including this appeal. Both attorney and client are aligned in this goal, however it would strongly benefit from additional time in which personal representation is singularly focused on the objective of perfecting this appeal and responding to the subpoenas in the underlying District Court action. In both instances, prejudice to the client would result from a withdrawal at this time, however more time is necessary to realign the relationship for this purpose.

Because the Scheduling Order provides for dismissal effective January 15, 2026 if the brief is not filed, and because the Order states that the motion itself will not toll the filing date, the undersigned additionally requests that the Court stay the automatic dismissal pending determination of this Emergency Motion and, if granted, until the new deadline as may be determined by the Court.

## IV. LOCAL RULE 27.1(B) AND (D)(1) COMPLIANCE

No counsel for Appellees has filed a valid Acknowledgment and Notice of Appearance in this Court to date. Out of an abundance of caution and consistent with Local Rules 27.1(b) and (d)(1), the undersigned provided advance notice of the intent to file this Emergency Motion to counsel of record for both AREH and Mr. Chassen on January 12, 2026, and has served this motion on Appellees pursuant to Federal Rule of Appellate Procedure 25(b) immediately prior to its filing. Since providing notice, no objection or other response has been received.

- 6 -

## V. CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests that the Court extend the appendix and brief filing deadline and stay automatic dismissal pending decision and through the extended deadline if so ordered by the Court.

Respectfully submitted,

Dated:  January 14, 2026
       Hartford County, Connecticut

MAIDEN LANE LAW GROUP

Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669 | rajb@mllg.nyc

*Attorneys for Jeffrey Simpson*