**SCHWARTZ LAW PLLC**
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Email: allen@allenschwartzlaw.com

January 29, 2026

**VIA ECF**
Hon. Jeannette A. Vargas
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007
    Re: *Simpson v. Chassen*, 1:25-cv-04004-JAV

Dear Judge Vargas:

On behalf of Jared Chassen, I write to respectfully request that the Court enforce the subpoenas served on Jeffrey Simpson, and (1) hold a pre-motion conference and/or (2) schedule a hearing to hold Mr. Simpson in civil contempt of (a) this Court's order dated November 19, 2025 which ordered him to respond within 30 days to two subpoenas (an information subpoena and a subpoena duces tecum) served on him in September 2025 (ECF 52; *see also* ECF 47); and (b) this Court's order dated December 19, 2025, which extended Mr. Simpson's time to comply until January 23, 2026. ECF 61. As detailed below, despite repeated requests and an order compelling compliance, Mr. Simpson has not complied.[1]

Briefly, this proceeding arises from Mr. Simpson's improper removals of a state court case captioned *Simpson v. Chassen*, Index No. 158055/2023 (N.Y. Co.) (the "state court case") to federal court. On May 29, 2025, this Court granted Mr. Chassen's motion seeking the expedited remand of the state court case "for a straightforward reason: Simpson is the plaintiff in the state-court action, and only a defendant may remove an action to federal court." ECF 21 at 1 (citation omitted).[2] On June 27, 2025, this Court awarded Mr. Chassen his attorney's fees

---

[1] In what may have been an oversight, the Court's order did not explicitly direct Mrs. Simpson to comply with the subpoenas but referenced Mr. Simpson's lack of standing to move for a protective order on her behalf. ECF 52. Mrs. Simpson has not responded to the subpoenas either. Mr. Chassen respectfully requests that the Court enter an order compelling her compliance.

[2] Since the latest remand, Mr. Simpson has repeatedly told the state court that he is boycotting the proceedings. *See e.g.*, state court case New York State Electronic Court Filing System ("NYSCEF") Doc Nos. 2126-2127 (informing Court that "I am not participating in anything regarding a court hearing with you as it's adjudicator, not happening."); NYSCEF Doc. No. 2134 ("Unless I'm forced to by someone under the law (with competent jurisdiction) I will not present myself in front of a disastrous abomination of any type of justice system that occurs in the courtroom of Judge Joel Cohen."); NYSCEF Doc. No. 2150 ("I'm going to copy the honorable Joel Cohen. His rules don't matter anyway he makes them up as he goes and he breaks the CPLR rules on a daily basis."); NYSCEF Doc. No. 2152 ("[M]y Fed removal was money good so no you had no authority and any authority, you have when you broke the law. You break the law every day in this courtroom on this case I'm sure you do it elsewhere too."); NYSCEF Doc. No. 2179 ("Go ahead with your sanctions there will be a lawsuit that will bring this court to the federal court by Monday for its horrific acts of extreme prejudice, bias, discrimination, negligence of reporting

incurred in connection with the improper removal pursuant to 28 U.S.C. § 1447(c) because "the law could not be clearer: 'Quite simply, a party who is in the position of plaintiff cannot remove.'" ECF 31 (quoting *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988). The Court also enjoined further removals of the state court case without the Court's prior permission given "Simpson's record of frivolous removal efforts," "his vexatious conduct in state court," and "his repeated and frivolous efforts to delay state court proceedings . . ." ECF 31 at 2-3.³ On June 31, 2025, the Court entered a money judgment against Mr. Simpson and in favor of Mr. Chassen in the amount of $27,271.62. ECF 43. The Court denied Mr. Simpson's motion to vacate the judgment as frivolous. ECF 45.

On September 10, 2025, Mr. Chassen served Mr. Simpson (and Mrs. Simpson) with post-judgment discovery, namely information subpoenas and subpoenas duces tecums. ECF 47-1. The information subpoenas, by statute, required a response within 7 days, and the subpoenas duces tecum had a response deadline of October 6, 2025. ECF 47-2 through 5.

On September 26, 2025 the undersigned sent Mr. Simpson's counsel a letter explaining that the deadline to respond to the information subpoenas had lapsed and requested to meet and confer. ECF 47-6. His counsel responded by asking about discovery in the state court case: "[w]here is the discovery on Motion 29 Allen?," (*id.* at Sept. 26, 2025, 1:55 p.m. email), and by issuing a threat if any subpoenas were pursued against Mrs. Simpson. *Id.* at Sept. 26, 2025, 3:23 p.m. email ("If you sue his wife, that is a no going back point, Allen."). No responses to the information subpoenas were received from either of the Simpsons.⁴

On October 9, 2025, the undersigned sent Mr. Simpson's counsel a letter explaining that the time to respond to the subpoenas duces tecums had also now lapsed, with no responses received. ECF 47-8. His counsel responded, "[t]his is on appeal and we are requesting a stay. You have no standing to even request such a thing, after defrauding the Court." ECF 47-7 at Oct. 9, 2025 11:43 email. Further follow ups were made on October 16, 2025, and thereafter Mr. Simpson's counsel claimed to be seeking a stay pending appeal. *Id.* Mr. Simpson then inserted himself into the email chain, in abusive email to the undersigned that stated:

Allen,

---

criminal acts and much more to be followed. Take up your sanctions there. as I said many moons ago I will not present myself in front of a corrupt / . judge court ever again.").²

³ Mr. Simpson's acts of defiance towards the state court are amply documented in a trail of email correspondence, sanctions awards, and other evidence of bad faith conduct over the course of the proceeding. *See e.g.*, NYSCEF Doc. No. 2072 (post-hearing memorandum of pending contempt motion detailing evidentiary record of Simpson's defiance of the Court's receiver orders); NYSCEF Doc. No. 36, 86, 159, 419, 631, 1112 at ¶ 36, 1373 at 219:8-19, 220:26-221:13, 225:4-9, 225:10-15 266:23-269:8, 281:1-16, 1374 at 207:3-210-6, 289:19-23, 238:18-243-8 (filing unilateral Chapter 11 bankruptcy for JJ Arch despite admitting that he understood that Court's interim orders required Chassen's consent); NYSCEF Doc. Nos. 1847, 1851, 1998, 2157 (four sanctions awards against Simpson, including one which warned that further defiance would lead to the striking of his pleadings, which Simpson has never paid and has since serially violated).

⁴ Notably, Mr. Simpson has also refused to produce any discovery or appear for a deposition in the state court case. *See* **Exhibit 4**, Schwartz Affirm. filed in state court case.

2

> Why are you following up? Jared owes me millions, wake up! Your favorite judge didn't even agree with you when you tried to lie to the Court about the Member Loan and when Jared committing bank fraud to Connect One bank.
>
> Go harass someone else. When is he going to return the funds he stole? Now he is trying to sell vehicles that are subject to "claw back" in the bankruptcy that he had no grounds or standing to object to. The same vehicles that he illegally extorted me for, in bad faith.
>
> I would think you corrupt scum will finally realize that i am going to have you investigated and justice will prevail.
>
> Ben, do not respond to this piece of dirt again on my behalf.

ECF 47-9.

On October 21, 2025, Mr. Chassen moved to compel compliance with the subpoenas. ECF 47. Mr. Simpson filed motions for a protective order and for a conference. ECF 48, 50. On November 19, 2025, the Court granted Mr. Chassen's motion to compel in part, quashing certain demands, while compelling compliance with others. ECF 52. The Court gave a deadline to respond of thirty days and directed the parties to submit a protective order by November 25, 2025. *Id.* The Court entered a protective order on December 19, 2025. ECF 58. On December 19, 2025, Mr. Simpson's counsel wrote the Court requesting more time and telling the Court that "[m]y client and I had a substantial disagreement last week, and although we are on track now, we were not communicating effectively as we should have been." ECF 59 at 1. On December 19, 2025, the Court granted Mr. Simpson until January 23, 2026 to comply. ECF 61. No responses were provided by January 23, 2026.

On January 23, 2026, Mr. Simpson's counsel wrote "to inform the Court that the undersigned is working diligently with Mr. and Mrs. Simpson to respond to the requests left intact by the Court's Order (ECF Dkt. #52), which my firm is working to complete on or before Monday January 26, 2026." ECF 62. He also informed the Court that "based on the client's informed consent, the undersigned does not intend to move to withdraw as counsel with respect to . . . responding to the instant subpoenas in this action." *Id.* at 2. No response to the subpoenas were provided on Monday, January 26, 2026.

On Tuesday, January 27, 2026, Mr. Simpson emailed the parties a letter to the Court that was subsequently e-filed at ECF 63. The abusive email to the parties, Justice Cohen, and Judge Beckerman of the United State Bankruptcy court, and others, that attached this letter at ECF 63 stated as follows:

> Since I'm attacked in multiple courts at the same time, here's a courtesy copy of what is being filed in the federal court to respond to Schwartz's "terroristic" actions toward me that somehow stick even though he's a lying, cheating, disgusting human that should've lost his license a long time ago but how would that happen when he's one of Seddio's "goons". He will lose his license before

3

> I'm done, unquestionably - he'll be turning it in for his perjury and participation in this vindictive collusion and unlawful actions with judges.

See **Exhibit 1**. In the letter to this Court attached to the email, Mr. Simpson stated that he was not going to respond to the subpoenas. ECF 63 ("I hope Your Honor understands but I must take a stand and hold back from replying to requests of "terrorists" given their actions over the last 2.5 years."). He also referenced a potential forthcoming personal bankruptcy filing and claimed that he was pro se in this matter despite having counsel of record in this proceeding based on his own informed consent. *Id.* ("I hope Your Honor understands the predicament that I am in, especially without counsel at the present time.").

On January 28, 2026, I sent an email to Mr. Simpson's counsel demanding compliance and an explanation considering counsel's representation to the Court on Friday but initially did not receive any response from him. *See* **Exhibit 2**. Instead, I received a response from Mr. Simpson himself in which he claimed that Mr. Rajotte was "transitioning out," that I should speak directly to Mr. Simpson, and that Mr. Simpson was planning to file a personal bankruptcy. *Id.* In response to my further email to his counsel requesting to talk, Mr. Simpson's counsel told me he would be available the next day, but when I contacted him at the agreed-upon time, I was told that he was unavailable, after which he wrote me that he would call me in a "few minutes," but I received no call. *See* **Exhibit 3**.[5]

"Federal courts 'have inherent power to enforce compliance with their lawful orders through civil contempt.'" *Avalon Holdings Corp. v Gentile,* 18CV7291 (DLC), 2024 WL 4252058, at *1 (S.D.N.Y. Sept. 20, 2024) (quoting *In re Markus*, 78 F.4th 554, 564 (2d Cir. 2023). Under the Federal Rules of Civil Procedure, courts may treat as contempt a party's failure to comply with discovery orders, (Fed. R. Civ. P. 37(b)(2)(A)(vii)), or a failure to comply with a subpoena. Fed. R. Civ. P. 45(g). Civil contempt requires showing three elements: (1) that the order is clear and unambiguous; (2) proof of noncompliance by clear and convincing evidence; and (3) that the party has not diligently attempted to comply in a reasonable manner. *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016). Any remedies imposed by the Court for civil contempt must be "designed to compel the party to comply with the court's orders, rather than to punish." *Avalon Holdings Corp.*, 2024 WL 4252058, at *2.

As detailed above, Mr. Simpson has not complied with the Court's orders. Mr. Simpson non-compliance comes even after the Court pruned the demands at his belated request and entered a protective order when he claimed he could not respond without one. The judgement is indisputably a valid one and the Court has already found that the pruned demands are reasonable and proportionate and compelled compliance. The orders themselves were clear and unambiguous, and Mr. Simpson's non-compliance and communications evidence that he has not diligently attempted, and is not diligently attempting, to comply in a reasonable manner. All the elements supporting a civil contempt finding are present here.

Sincerely,
/s/ Allen Schwartz, Esq.

---

[5] No notice of any kind has been provided of any actual personal bankruptcy filing (and counsel is not aware of any such filing) nor of any withdrawal by Mr. Rajotte as counsel to Mr. Simpson in this proceeding.