SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION
------------------------------------------------------------------x
JEFFREY SIMPSON, individually and derivatively,
as managing member of JJ ARCH LLC,
suing derivatively as managing member of
ARCH REAL ESTATE HOLDINGS LLC,
and JJ ARCH LLC,
       *Plaintiffs*                                Index No. 158055/2023

        -against-                                    Justice Joel M. Cohen

JARED CHASSEN and FIRST REPUBLIC BANK,    Mot. Seq. 036
        *Defendants*
------------------------------------------------------------------x
JARED CHASSEN, individually and derivatively
on behalf of JJ ARCH LLC, as member,
and as member of JJ ARCH LLC, derivatively on behalf
of 225 HPR LLC, JJ NY 550 LLC, 1640 MONTAUK LLC,
1640 MOTORS LLC, 146 E. 89 BORROWER 1 LLC,
and ARCH REAL ESTATE HOLDINGS LLC,
        *Counterclaim Plaintiff*

        -against-

JEFFREY SIMPSON and YJ SIMCO LLC,
        *Counterclaim Defendants*

        -and-

JJ ARCH LLC, 225 HPR LLC, JJ NY 550 LLC,
1640 MONTAUK LLC, 1640 MOTORS LLC,
146 E. 89 BORROWER 1 LLC, and
ARCH REAL ESTATE HOLDINGS LLC,
        *Nominal Defendants*
------------------------------------------------------------------x
608941 NJ, INC.
        *Plaintiff*

-against-

JEFFREY SIMPSON, JJ ARCH LLC and ARCH REAL
ESTATE HOLDINGS LLC,
        *Defendants*,

      -and-

ARCH REAL ESTATE HOLDINGS LLC,
      *Nominal Defendant*

------------------------------------------------------------------------x

**AFFIRMATION OF ALLEN SCHWARTZ, ESQ. IN SUPPORT OF MOTION**

      ALLEN SCHWARTZ, Esq., an attorney duly admitted to practice law in the State of New York, hereby affirms under penalty of perjury pursuant to CPLR 2106 as follows:

      1.    I am the principal of Schwartz Law PLLC, counsel to Jared Chassen in this action. I submit this affirmation in support of the motion to strike the pleadings of Jeffrey Simpson ("Simpson"), the dismissal of his complaint, the entry of a default judgment against him, and for an award of costs and attorney's fees incurred in connection with this motion and discovery in this matter pursuant to CPLR 3126. I have personal knowledge of the facts affirmed to herein based on my role as counsel for Chassen and involvement in these proceedings.[1]

      **I.**    **Simpson has Long-Refused to Respond to Chassen's Discovery Demands**

      2.    Chassen served a notice of discovery and inspection on Simpson (annexed hereto as Exhibit 1) on February 22, 2024. On December 17, 2024, the Court issued a Scheduling Order, *inter alia*, that expressly required Simpson to respond to this demand by no later than January 10, 2025. *See* NYSCEF Doc. No. 1001 (the "Scheduling Order") ("With respect to any document disclosure devices, such as requests, notices, demands, or subpoenas issued prior to the bankruptcy stay and/or notice of removal and to which any party has not yet responded, responses to such devices shall be served by January 10, 2025. **For the avoidance of doubt,**

---

[1] The attached exhibits are true and accurate copies of the original documents. Additionally, all documents cited herein, or the annexed Memorandum of Law, or any other filings in this motion by citation to the NYSCEF docket in this action are fully incorporated herein and are part of the record of this motion. CPLR 2214(c) provides that "[i]n an e-filed action, a party that files papers in connection with a motion need not include copies of papers that were filed previously electronically with the court, but may make reference to them, giving the docket numbers on the e-filing system."

**this includes Jeffrey Simpson's Responses to Jared Chassen's First Notice of Discovery and Inspection dated February 22, 2024**") (emphasis added). Simpson has never responded to this demand, nor produced any documents in connection with it.[2]

3. Chassen also served a second notice of discovery inspection (annexed hereto as Exhibit 2), and interrogatories (annexed hereto as Exhibit 3) on Simpson on January 10, 2025, the deadline provided in the Courts's December 17, 2024 Scheduling Order. Simpson never responded to these demands either, nor produced any documents in connection with it.

4. When the undersigned contacted Simpson's counsel on December 16, 2025 to demand that Simpson respond to these demands, he was met with the following email response: "Move to compel that deadline, I am done playing your games, and go ahead and post this." See Exhibit 4. A follow up response one minute later contained only the words, "Sorry, 'Mr. Schwartz,'" with the undersigned's name in quotations. See Exhibit 5.

5. Chassen served a notice of deposition on Simpson and JJ Arch LLC on December 16, 2025. NYSCEF Doc. Nos. 2188-2189. Simpson ignored this demand as well, did not request any extension or move for any protective order, and did not appear. This was not surprising, as Simpson's counsel had informed the undersigned and counsel for Oak and AREH in November 2025 that Simpson would not appear for any deposition in this case under any circumstances. See NYSCEF Doc. No. 2079, Nov. 20, 2025 Letter to Court at 2.[3]

---

[2] Simpson also never served any additional discovery demands by the deadline set by the Court.

[3] On November 18, 2025, the parties appeared for discovery conference with the Court's law clerk concerning their proposed amended scheduling orders. The discovery conference ended with the Court's clerk directing Simpson to respond to the parties and the Court by the end of the day regarding whether or not the Simpson Parties would agree to provide responses to outstanding discovery within 20 days, and giving the parties until the end of the week to e-file any deficiency letters outlining in detail any alleged deficiencies in discovery responses. Counsel for the Simpson Parties never emailed the Court with a date certain as directed and filed no deficiency letter of any kind. Immediately following the discovery conference, the parties also met and conferred to discuss dates for party depositions. During the meet and confer, counsel for the Simpson Parties announced for the first time that Simpson would not appear for any deposition in this case.

## II. Simpson's Refusal has Been Willful and Contumacious

6. To discern the willfulness and contumaciousness of Simpson's refusal to respond or appear, the Court need look no further than Simpson's own emails to the Court. Since approximately October 2025, Simpson has repeatedly told the Court in his email correspondence that he is boycotting these and other related proceedings. *See e.g.*, NYSCEF Doc Nos. 2126-2127 (informing Court that "I am not participating in anything regarding a court hearing with you as it's adjudicator, not happening."); NYSCEF Doc. No. 2134 ("Unless I'm forced to by someone under the law (with competent jurisdiction) I will not present myself in front of a disastrous abomination of any type of justice system that occurs in the courtroom of Judge Joel Cohen."); NYSCEF Doc. No. 2150 ("I'm going to copy the honorable Joel Cohen. His rules don't matter anyway he makes them up as he goes and he breaks the CPLR rules on a daily basis."); NYSCEF Doc. No. 2152 ("[M]y Fed removal was money good so no you had no authority and any authority, you have when you broke the law. You break the law every day in this courtroom on this case I'm sure you do it elsewhere too."); NYSCEF Doc. No. 2179 ("Go ahead with your sanctions there will be a lawsuit that will bring this court to the federal court by Monday for its horrific acts of extreme prejudice, bias, discrimination, negligence of reporting criminal acts and much more to be followed. Take up your sanctions there. as I said many moons ago I will not present myself in front of a corrupt / . judge court ever again.").[4]

7. Moreover, Simpson has repeatedly defied the Court's rules and orders prohibiting such email correspondence, even while facing an express warning that his pleadings may be stricken if he continues such defiance. NYSCEF Doc. Nos. 1847, 1851, 1998, 2157 (four

---

[4] Simpson's most recent emails are annexed to the Affirmation of David A. Gold ("Gold Affirm.") submitted in support of this motion.

sanctions awards against Simpson, which Simpson has violated each in turn).[5] These orders show that monetary sanctions, and even the threat of his pleadings being stricken, have no impact on Simpson.

8. Simpson's defiance has extended to most, if not all, of the Court's other orders in this action. *See e.g.*, NYSCEF Doc. No. 2072 (post-hearing memorandum detailing Simpson's defiance of the Court's receiver orders);[6] NYSCEF Doc. Nos. 36, 86, 159, 419, 631, 1112 at ¶ 36, 1373 at 219:8-19, 220:26-221:13. 225:4-9, 225:10-15. 266:23-269:8, 281:1-16, 1374 at 207:3-210-6, 289:19-23, 238:18-243-8 (filing unilateral Chapter 11 bankruptcy for JJ Arch despite admitting that he understood that Court's interim orders required Chassen's consent); NYSCEF Doc. Nos. 2198, 2221-2223 (detailing Simpson's defiance of recent order entered in December 2025 and attaching email where Simpson copies receiver and states, inter alia, "[a]nd yes I'll copy that piece of shit Eric Huebscher here on the email because that's what he is a piece of shit" despite Receiver Orders' express bar on such emails and harassment of the receiver).[7]

9. Simpson has also been found by at least two federal courts to have engaged in frivolous efforts to delay and avoid these proceedings by multiple removals and bad-faith filings in federal court since March 2024. *In re JJ Arch LLC*, No. 24-10381 (JPM), 2024 WL 2933427, at *20 (Bankr. S.D.N.Y. June 10, 2024) (recommending remand following Simpson's April 2024

---

[5] Many of Simpson's emails have been subsequently filed on the NYSCEF docket at NYSCEF Doc. Nos. 1860-1897, 1909-1911, 2126-2134, 2150, 2152-2153, 2179-2185. Simpson himself posted many such emails to NYSCEF and filed a letter to the Court where he said that in his view "we do not have a Court or a Judge on this Case . . ." NYSCEF Doc. Nos. 1923-1983. Simpson, unsurprisingly, has never paid any of the fines in those orders despite being ordered to do so. The last order warned Simpson that further defiance could lead to the striking of his pleadings. NYSCEF Doc. No. 2157. Demonstrating that he is undeterred by such warnings or such consequences, since the fourth sanctions order, Simpson has continued to send such emails and has continued to defy the orders, including as recently as January 13, 2025. *See* exhibits to Gold Affirm.

[6] The post-hearing memorandum and documents cited therein by NYSCEF citation are expressly incorporated herein by reference.

[7] *See* NYSCEF Doc. No. 1360; NYSCEF Doc. No. 1508.

removal of this proceeding to federal bankruptcy court and finding that Simpson removed this case to bankruptcy court in an act of bad-faith forum shopping); *In re JJ Arch LLC*, 663 B.R. 258, 282, 284 (Bankr. S.D.N.Y 2024) (dismissing JJ Arch bankruptcy filing as filed in subjective and objective bad faith and finding that Simpson filed the bankruptcy to "to avoid the resolution of the governance issues raised in the State Court Proceeding—a proceeding initiated by Mr. Simpson."); *Simpson v. Chassen*, No. 25-CV-4004 (JMF), 2025 WL 1784931, at *1-2 (S.D.N.Y. June 27, 2025) (enjoining further removals given "Simpson's record of frivolous removal efforts," "his vexatious conduct in state court," and his "repeated and frivolous efforts to delay the state court proceedings."); *Simpson v Chassen*, No. 25-CV-4004 (JMF), 2025 U.S. Dist. LEXIS 102522, at *2 (S.D.N.Y. May 29, 2025) (granting Chassen an expedited remand).

### III. Simpson's Longstanding Record of Defiance, and Principles of Equity, Support the Granting of this Motion

10. Despite the Court's extreme patience with Simpson to date, Simpson has made it abundantly clear by his actions that his refusal to comply and appear is willful and contumacious and part of a direct and concerted attack on the integrity of the Court and these proceedings. Simpson's behavior has been so far outside the boundaries of acceptable or normal litigant behavior as to not only warrant, but practically compel, the striking of his pleadings and the dismissal of his complaint and the entry of a default judgment on Chassen's counterclaims. Litigants with dramatically less egregious behavior than Simpson's here have had their pleadings stricken and defaults entered against them. Simpson's ongoing abuse of the parties, his routine defiance of court orders, and his refusal to comply with his discovery obligations, have made it impossible to prosecute and defend this action.

11. Accordingly, the Court should grant this motion together with such other and further relief as the Court deems just and proper.

I affirm this 14th day of January 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

By: _____
      Allen Schwartz, Esq.

## WORD COUNT CERTIFICATION

I, Allen Schwartz, Esq., hereby certify that this affirmation contains fewer than 7000 words, exclusive of the caption and signature block, and that it complies with applicable word limits. I relied on Microsoft Word to ascertain the word count.

By: _____
Allen Schwartz