**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JEFFREY SIMPSON,

                Plaintiff,

-- against –

JARED CHASSEN, et al.,

                Defendants.

Civil Action No. 25-CV-4004 (JAV)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSTRUE OR FOR RELIEF FROM INJUNCTION PROHIBITING REMOVAL WITHOUT COURT CONSENT**

**Preliminary Statement**

This memorandum of law is respectfully submitted in support of the motion of Jeffrey Simpson (the "Debtor"), in his capacity as debtor in possession in bankruptcy case no. 26-10359 (LGB), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for an order (a) construing this Court's Memorandum Opinion and Order of June 27, 2025, ECF No. 31 (the "Injunction Order") that prohibits him from removing the underlying action pending in the Supreme Court of the State of New York, County of New York, Index No. 158055/2023 (the "Referenced Action") as not applicable to him in his capacity as debtor in possession, or (b) granting relief from the Injunction Order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to permit him to remove the Referenced Action pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452(a), or (c) granting him permission to remove the Referenced Action pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452(a), under the terms of the Injunction Order.

4934-8323-3427 v.1

**Statement of the Case**

This case is what remains of a removed and remanded state court action. On May 9, 2025, Jeffrey Simpson, the named plaintiff in the Referenced Action, prior to the filing of his own chapter 11 bankruptcy petition on February 19, 2026, acting *pro se*, removed the referenced state court action to this Court. ECF No. 1. A notice of the filing of the Debtor's chapter 11 petition has been filed with this Court. ECF No. 67. This case was the third removal of the Referenced Action. The first removal was effected by JJ Arch LLC, a limited liability company of which Jeffrey Simpson had been a member, while JJ Arch was a debtor in its own chapter 11 bankruptcy case. The case was remanded after the bankruptcy court had dismissed the JJ Arch chapter 11 case in conjunction with the dismissal of the chapter 11 case. Order Remanding Adversary Proceeding to the New York Supreme Court, Commercial Division, *Simpson v. Chassen (In re JJ Arch LLC)*, Bankruptcy Case No. 24-10381 (JPM), Adversary No. 24-01335 (JPM), ECF Doc. 51 (Bankr. S.D.N.Y. Oct. 28, 2024). The second removal was by the Debtor prior to his bankruptcy filing, and was remanded by Chief Judge Laura Taylor Swain for failure to pay the filing fee or proceed *in forma pauperis*. Order of Dismissal, *Simpson v. Chassen*, Case No. 1:25-CV-2372 (LTS), ECF Doc. 34 (S.D.N.Y. Apr. 25, 2025). Because the third removal preceded his bankruptcy filing and followed the remand upon the dismissal of the JJ Arch bankruptcy case, the third removal was not made pursuant to the bankruptcy removal statute. As explained by Judge Jesse M. Furman of this Court, who was presiding over this action at the time, the third remand was made "for a straightforward reason: Simpson is the plaintiff in the state-court action, and only a defendant may remove an action to federal court."[1]

---

[1] As discussed below, the quoted statement does not apply the bankruptcy removal statute.

4934-8323-3427 v.1

Injunction Order at 1 (quoting Memorandum Opinion and Order of May 29, 2025, ECF No. 21 (the "Third Remand Order," at 1).

Following the Third Remand Order, Judge Furman entertained a motion for sanctions against the Debtor. In the Injunction Order, Judge Furman granted the motion of Jared Chassen for costs and attorneys' fees, but the actual amount was subject to a further submission. Injunction Order at 1, 4. Significantly, the Injunction Order states: "Second, the Court enjoins Simpson from future removal of this case to federal court without this Court's prior permission." *Id.* at 2. The Injunction Order further states, "The injunction's scope is limited to future removal of *this* action to federal court." *Id.* at 3. It is this injunction that the Debtor seeks a construction that it does not apply to him in his new capacity as debtor in possession, or alternatively, relief from its provision to allow him to remove the referenced action under the bankruptcy removal statute, or permission to do under the terms of the injunction itself.

The actual award of $27,271.62 in attorneys' fees and costs came in a separate order, dated July 30, 2025, ECF No. 42 (the "Fee Award Order"), and is further set forth in a clerk's judgment, dated July 31, 2025, ECF No. 43 (the "Clerk's Judgment"), the enforcement of which is stayed by virtue of the Debtor's bankruptcy filing, pursuant to 11 U.S.C. § 362(a), and which is also on appeal to the Second Circuit, Docket No. 25-2388.[2] Following the filing of a notice

---

[2] The Second Circuit has also stayed the appeal "[i]n accordance with the provisions of U.S. Bankruptcy Code, 11 U.S.C. § 362." Order, *Simpson v. Chassen*, Docket No. 25-2388 (2d Cir. Feb. 27, 2026). Notably, the notice of appeal, dated September 9, 2025, ECF No. 46 (the "Notice of Appeal"), appeals from the Fee Award Order, the Clerk's Judgment, and a separate order denying a motion to vacate, dated August 29, 2025, ECF No. 45 (the "Denial Order"). Significantly, the Injunction Order is not named in the Notice of Appeal. Nor is the Injunction Order mentioned in the motion to vacate, dated August 28, 2025, ECF No. 44, which is the subject of the Denial Order. Consequently, the Injunction Order is not the subject of the pending appeal, and this Court is not divested of jurisdiction by the pending appeal to entertain this motion, which addresses only the Injunction Order.

of the Debtor's bankruptcy filing, dated February 24, 2026, ECF No. 67, this Court also issued an order staying all post-judgment collection efforts, dated March 3, 2026, ECF No. 68.

Significantly, following the Debtor's chapter 11 filing, Justice Cohen stayed the Referenced Action in its entirety. Order, *Simpson v. Chassen*, Index No. 158055/2023, NYSCEF No. 2363 (Sup. Ct. N.Y. Cnty. Feb. 27, 2026). Following letters from the parties that requested and opposed reconsideration of the stay, Justice Cohen issued a court notice declining to disturb the stay, stating:

> [T]his case at this point should be included in the federal proceedings so that it can move forward . . . . Maintaining related proceedings in a single forum (to ensure coordination and avoid inconsistent rulings) has long been the Courts preference in these interconnected matters, and at this juncture the Bankruptcy Court appears to be that forum.

Court Notice, *Simpson v. Chassen*, Index No. 158055/2023, NYSCEF No. 2369 (Sup. Ct. N.Y. Cnty. Mar. 10, 2026).

## Argument

### I

### THE ANTI-REMOVAL INJUNCTION SHOULD NOT BE APPLICABLE TO A TRUSTEE IN BANKRUPTCY FOR JEFFREY SIMPSON, SO IT SHOULD NOT BE APPLICABLE TO HIM IN HIS CAPACITY AS DEBTOR IN POSSESSION.

The bankruptcy removal statute provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Notably, this statute authorizes the removal by "A party," which includes a plaintiff and does not have any unanimity requirement. *Cal. Public Employee's Retirement Sys. v. Worldcom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004). The bankruptcy removal statute fosters the goal of centralizing litigation that pertains to a bankruptcy estate. Describing 28 U.S.C. § 1452(a) and its predecessor statute, former 28 U.S.C. § 1478(b), the Second Circuit observed:

> The Senate Report on the [Bankruptcy] Reform Act explains the purpose of the provisions as follows:
>
> > This broad grant of jurisdiction will enable the bankruptcy courts . . . to dispose of controversies that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in the State court or in the federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy court.
>
> S. Rep. No. 95-989, at 153 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5989. Similarly, the House Report explains that the breadth conferred by the new jurisdictional provisions was intended to "greatly diminish the basis for litigation of jurisdictional issues which consumes so much time, money, and energy of the bankruptcy system and of those involved in the administration of the debtors' affairs." H.R. Rep. No. 95-595, at 46 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6007. In sum, Sections 1452(a) and 1334(b) were intended to decrease the litigation costs to the estate resulting from actions arising in or related to a bankruptcy case.

*Cal. Public Employee's Retirement Sys. v. Worldcom, Inc.*, 368 F.3d at 96-97.

As the Supreme Court has recognized, "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected to the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). Federal bankruptcy jurisdiction clearly encompasses all aspects of this action, because federal bankruptcy jurisdiction extends to "all civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334(b). In the Second Circuit, an action is

related to a bankruptcy case "if the action's outcome might have any conceivable effect on the bankrupt estate." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 339-40 (2d Cir. 2018). Explaining further, the Second Circuit stated that: "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the administration of the bankrupt estate." *Id.* at 340 (2d Cir. 2018) (quoting *Celotex*, 514 U.S. at 308 n.6). Thus, there is little doubt that the Referenced Action is within the federal bankruptcy jurisdiction because it encompasses claims by and against the Debtor, and implicates property of the Debtor's estate.

If there were a different trustee of the Debtor's estate, it could not be seriously contended that the Injunction Order would bar such different trustee from removing the Referenced Action under the bankruptcy removal statute to foster the goal of centralization of litigation concerning the bankruptcy estate. *See* Fed. R. Bankr. P. 6009 ("With or without court approval, the trustee or debtor in possession may: (a) prosecute – or appear in and defend – any pending action or proceeding by or against the debtor"). But because the Debtor filed for chapter 11, there is no different trustee. The Debtor is a debtor in possession. 11 U.S.C. § 1101(1). A debtor in possession has all of the rights, powers, functions, and duties of a trustee, except for the right to compensation. *Id.* § 1107(a). In this case, the Debtor seeks a construction of the Injunction Order that it does not apply to him in his capacity as a debtor in possession. If a separate trustee could remove the Referenced Action to centralize litigation pertaining to the Debtor and the Debtor's estate before the bankruptcy court, then, it is respectfully submitted that there is no good reason to prohibit such removal just because the name of the person with the rights, powers, functions, and duties of the trustee is Jeffrey Simpson.

6

Just as bankruptcy courts have the authority to construe their own orders, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); it is respectfully submitted that this Court has no less authority with respect to its own orders. *Residential Funding Co. v. Greenpoint Mortg. Funding, Inc. (In re Residential Capital, LLC)*, 519 B.R. 593, 601 (S.D.N.Y. 2014) ("all courts, including bankruptcy courts, retain the jurisdiction to interpret and enforce their own orders"). Based on the foregoing, it is respectfully submitted that the Court should construe the Injunction Order an inapplicable to the Debtor in his capacity as debtor in possession.

## II

### ALTERNATIVELY, THE DEBTOR IS ENTITLED TO RELIEF FROM THE INJUNCTION ORDER UNDER RULE 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides that this Court may grant relief from a final order or judgment if: "(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or *applying it prospectively is no longer equitable*; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6) (emphasis added). In the present case, for the reasons set forth above, because of the Debtor's chapter 11 filing and his status as a debtor in possession with the rights, powers, functions, and duties of a trustee, and the stay entered by Justice Cohen in the Referenced Action, it is respectfully submitted that, even if the Injunction Order applies to the Debtor, it is no longer equitable to apply it prospectively to prevent the removal of the Referenced Action to his own personal chapter 11 case. Moreover, if subdivision (5) of Rule 60(b) is deemed inapplicable, then the filing of his own personal chapter 11 petition is a reason, not encompassed by any of the other five subdivisions of Rule 60(b), for relief from the Injunction Order, thus meriting relief under Rule 60(b)(6). Because this motion is being made within one month of the

filing of the Debtor's chapter 11 petition, it is made within a reasonable time as required by the rule. Fed. R. Civ. P. 60(c)(1). It is therefore respectfully submitted that the Debtor should be granted relief from the Injunction Order under Rule 60(b) to permit him to remove the Referenced Action to the bankruptcy court.

### III

### ALTERNATIVELY, THIS COURT SHOULD GRANT PERMISSION WITHIN THE PURVIEW OF THE INJUNCTION ORDER FOR THE DEBTOR'S REMOVAL OF THE REFERENCED ACTION TO THE BANKRUPTCY COURT.

In issuing the Injunction, Judge Furman clearly contemplated that, if given a good reason, the Court would grant the Debtor permission to remove the Referenced Action. It is respectfully submitted that the Debtor's chapter 11 filing and his status as a debtor in possession with the rights, powers, functions, and duties of a trustee, together with the stay entered by Justice Cohen in the Referenced Action, is a good and sufficient reason for this Court to grant permission to the Debtor to remove the Referenced Action under the terms of the Injunction Order itself.

### Conclusion

For the reasons set forth above, Jeffrey Simpson, in his capacity as debtor in possession, respectfully requests that his motion for an order (a) construing the Injunction Order as not applicable to him in his capacity as debtor in possession, or (b) granting relief from the Injunction Order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to permit him to remove the Referenced Action pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452(a), or (c) granting him permission to remove the Referenced Action pursuant to the bankruptcy

4934-8323-3427 v.1

removal statute, 28 U.S.C. § 1452(a), under the terms of the Injunction Order, be granted in all respects, and that he be granted such other and further relief as is just.

Dated: New York, New York
      March 12, 2026

                      Respectfully submitted,

                      BECKER, GLYNN, MUFFLY,
                      CHASSIN & HOSINSKI LLP

                      By: */s/ Alec P. Ostrow*
                          Alec P. Ostrow
                      299 Park Avenue
                      New York, New York 10171
                      (212) 888-3033
                      aostrow@beckerglynn.com

                      *Proposed Bankruptcy Counsel for*
                      *Jeffrey Simpson, as Debtor in Possession*

4934-8323-3427 v.1