UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY SIMPSON,

                    Plaintiff,

      -- against –

JARED CHASSEN, et al.,

                    Defendants.

Civil Action No. 25-CV-4004 (JAV)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION
TO CONSTRUE OR FOR RELIEF FROM INJUNCTION
PROHIBITING REMOVAL WITHOUT COURT CONSENT**

**Preliminary Statement**

This reply memorandum of law is respectfully submitted in further support of the motion of Jeffrey Simpson (the "Debtor"), in his capacity as debtor in possession in bankruptcy case no. 26-10359 (LGB), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for an order (a) construing this Court's Memorandum Opinion and Order of June 27, 2025, ECF No. 31 (the "Injunction Order") that prohibits him from removing the underlying action pending in the Supreme Court of the State of New York, County of New York, Index No. 158055/2023 (the "Referenced Action") as not applicable to him in his capacity as debtor in possession, or (b) granting relief from the Injunction Order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to permit him to remove the Referenced Action pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452(a), or (c) granting him permission to remove the Referenced Action pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452(a), under the terms of the Injunction Order.

4912-0190-9669 v.1

The motion has drawn opposition from (i) Jared Chassen, whose counsel filed a memorandum of law [ECF Doc. 77], and a declaration in opposition [ECF Doc. 78]; and (ii) Arch Real Estate Holdings LLC ("AREH") and 608941 NJ Inc. ("Oak"), jointly [ECF Doc. 79]. These oppositions filings are heavy on character assassination against the Debtor, but light on legal analysis.  For the reasons set forth below, the opposition should be overruled and the motion should be granted.

**Argument**

**I**

**THE OPPOSITION FAILS TO CONFRONT THE CONSEQUENCES OF THE DEBTOR'S BANKRUPTCY FILING, NAMELY, THE DEBTOR'S NEW RIGHTS AND RESPONSIBILITIES, AND THE OTHER EFFECTS OF THE BANKRUPTCY CODE.**

After an extensive review of the history of the prior removals, the first legal argument made is that the anti-removal injunction should apply to Mr. Simpson as a debtor in possession because he is still the same person, and thus undeserving of the relief he has requested.  It is true that Mr. Simpson is the same person after his personal bankruptcy filing as before.  What is different is that after his personal bankruptcy filing he has the rights, powers, functions, and duties of a trustee.  11 U.S.C. §§ 1101(1), 1107(a).  "The powers and duties of a bankruptcy trustee are extensive." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985).  Among other things, Mr. Simpson in his capacity as the debtor in possession is the representative of his bankruptcy estate, with the power to sue and be sued, *id.* § 323(a)-(b); the right to use, sell or lease property of the estate (subject to court approval outside the ordinary course of business), *id.* § 363(b)-(c); the right (subject to court approval) to borrow money on behalf of the estate, *id.* § 364; the right to compel the turnover of property of the estate, *id.* § 542;

2

the right to bring actions to avoid and recover certain transfers of property, *id.* §§ 544, 547, 548, 549, 550; and the duty to be accountable for all property received, *id.* §§ 704(a)(2), 1106(a)(1). In his actions as trustee he has the duty to maximize the value of the estate. *Weintraub*, 471 U.S. at 352. He had none of the rights, powers, functions and duties prior to the filing of his personal chapter 11 petition. The authorities cited by the opposition do not say otherwise.

In exercising his authority to administer his estate, Mr. Simpson must have the same flexibility as any trustee. The Referenced Action has been stayed in its entirety by the state court and it currently remains stayed. A trustee would have options regarding the Reference Action. The trustee could leave the Referenced Action stayed and start a fresh adversary proceeding in the bankruptcy court. The trustee could instead remove the Referenced Action. The other parties to the Reference Action would have the opportunity to oppose whatever choice the trustee makes. The trustee would certainly deem it beneficial to minimize the administrative burden and costs of litigating the estate's claims against others and the others' claims against the estate in multiple forums. The trustee should have the unfettered right to make a determination regarding whether to remove the Referenced Action free of any restrictions placed upon the pre-petition debtor. By virtue of his status as a debtor in possession, Mr. Simpson should have that same unfettered right. Whether because the Injunction Order is not applicable to him as a debtor in possession or because it is inequitable to apply prospectively to him as a debtor in possession under Fed. R. Civ. P. 60(b)(5), his motion should be granted.

4912-0190-9669 v.1

## II

### THE ARGUMENT THAT REMOVAL IS FUTILE BECAUSE OF MANDATORY OR PERMISSIVE ABSTENTION SHOULD NOT BE CONSIDERED IN THIS MOTION, AND IN ANY EVENT IS WITHOUT MERIT OR CANNOT BE <u>DETERMINED ON THIS RECORD.</u>

The relief sought by Mr. Simpson is the right to seek removal of the Referenced Action so that it may be heard and determined in his personal bankruptcy case. His motion does not seek a preemptive determination that a motion to remand lacks merit. It is inappropriate for the opposition to raise arguments to remand the Referenced Action, which has not yet been removed, because these arguments do not address the right to seek removal, and because Mr. Simpson is limited to 3,500 words in reply memorandum of law, where he would have two and one-half times as many words in an opposition memorandum of law. *See* Individual Rules and Practices in Civil Cases, Honorable Jeannette A. Vargas, United States District Judge, ¶ 5(A). Moreover, because a civil action removed to this Court under the bankruptcy removal statute ordinarily gets referred to the bankruptcy court under this Court's Amended Standing Order of Reference, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012), this Court is likely not the court that would hear the remand motion in the first instance.[1]

If despite the foregoing, this Court considers the opposition's remand arguments, it should rule that they lack merit or cannot be determined on this record. The argument is that

---

[1] The district court does have the authority to withdraw the reference from the bankruptcy court and decide cases and proceedings as a court of first resort. 28 U.S.C. § 157(d). Such withdrawal is mandatory only when "the resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* There is no contention that the Referenced Proceeding meets that criteria. Permissive withdrawal for cause shown requires the consideration of several factors, including the most efficient use of judicial resources and what will promote uniformity of bankruptcy administration. *S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burgey Boys, Inc.)*, 94 F.3d 755, 762 (2d Cir. 1996).

4912-0190-9669 v.1

removal is futile because remand is required by mandatory abstention, pursuant to 28 U.S.C. § 1334(c)(2).  But this argument falters on the principal requirement for mandatory abstention, namely that the State law claim or cause of action is "related to a case under title 11 but not arising under title 11 or arising in a case under title 11," or stated differently, the proceeding is not a core proceeding.  *See id.* § 157(b)(1) (equating core proceedings with those arising under title 11, or arising in a case under title 11).  The Referenced Action is a core proceeding for several independent reasons.

It should be emphasized that the document list on NYSCEF in the Referenced Action contains 2,378 entries.  Although most of the documents listed are not relevant to the analysis of whether the Referenced Action is a core proceeding, it is respectfully submitted that a thorough discussion of the claims made and issues raised by the numerous parties would take more than the 3,500 words allotted for a reply memorandum of law.  What follows is necessarily an abbreviated discussion of the claims and issues.

One part of the statute for referring bankruptcy matters to the bankruptcy court states:

> The bankruptcy judge shall determine, on the judge's own motion or on a timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.  A determination that a proceeding is not core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

*Id.* § 157(b)(3).  Thus, the bankruptcy judge ordinarily makes the initial determination whether a matter is a core proceeding and whether the resolution depends on state law is not the deciding factor.  The Second Circuit has held that core proceedings should be given a broad interpretation that is "close to or congruent with constitutional limits."  *U.S. Lines, Inc. v. Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. (In re U.S. Lines, Inc.)*, 197 F.3d 631, 637 (2d Cir. 1999) (quoting *Resolution Tr. Corp. v. Best Prods. Co. (In re Best Prods. Co.)*, 68 F.3d 26, 31

5

(2d Cir. 1995)).   In the Second Circuit, "whether a contract proceeding is core depends on (1) whether the contract is antecedent to the reorganization petition; and (2) the degree to which the proceeding is independent of the reorganization.  The latter inquiry hinges on 'the nature of the proceeding.'"  *Universal Oil Ltd v. Allfirst Bank (In re Millenium Seacarriers, Inc.)*, 419 F.3d 83, 97 (2d Cir. 2005) (quoting *U.S. Lines*, 197 F.3d at 637) (quoting, in turn *S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.)*, 45 F.3d 702, 707 (2d Cir. 1995)).  Proceedings can be core by virtue of their nature "if either (1) the type of proceeding is unique to or uniquely affected by the bankruptcy proceedings," such as allowance of claims, or "(2) the proceedings directly affect a core bankruptcy function."  *Millenium Seacarriers*, 419 F.3d at 97; *U.S. Lines*, 197 F.3d at 637.  Core bankruptcy functions include determining whether to allow or disallow claims.  *Millenium Seacarriers*, 419 F.3d at 99-100; *S.G. Phillips*, 45 F.3d at 705.

The most cursory review of the pleadings in the Referenced Action reveals that monetary claims have been asserted against Mr. Simpson and that Mr. Simpson has asserted monetary claims against the other parties.  Core proceedings include the determination of both claims against the estate, 28 U.S.C. § 157(b)(2)(B), and counterclaims by the estate against persons filing claims against the estate, *id.* § 157(b)(2)(C).  Now, it may be contended that the objecting parties have not filed claims against the estate.  That is currently true.  Nevertheless, that is likely to change shortly.  Although no deadline has yet been set for the filing of claims, at the Debtor's request, the bankruptcy court will set one.  Fed. R. Bankr. P. 3003(c)(3); Bankr. S.D.N.Y. R. 3003-1 (referencing the bankruptcy court's Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim).  At that point, the objecting parties, who are major creditors in the bankruptcy case, will have to choose whether to file their claims or to

4912-0190-9669 v.1

forgo being treated as creditors in the bankruptcy case.  Of course, if and when proofs of claims are filed by parties to the Referenced Action, if the Referenced Action is removed, it immediately becomes a core proceeding.[2]

In addition, because the Debtor is an individual, parties to the Referenced Action may seek to have their claims against the Debtor determined to be nondischargeable in bankruptcy, pursuant to 11 U.S.C. §§ 523(a)(2), (4), (6), 523(c)(1); Fed. R. Bankr. P. 4007(a); or to deny the Debtor a discharge of any debts, pursuant to 11 U.S.C. § 1141(a)(3); Fed. R. Bankr. P. 4004(a). Such proceedings are core proceedings.  28 U.S.C. § 157(b)(2)(I)-(J).  To determine the dischargeability of a debt, there must be a debt.  The Bankruptcy Code defines "debt" as the liability on a claim.  11 U.S.C. § 101(12).  Consequently, if the Referenced Action is removed and a determination of dischargeability is sought, the determination of the liability and amount of the claim becomes a core proceeding.  Similarly, to have standing to object to the Debtor's being granted a discharge, one must be a creditor with a valid claim.  *See id.* § 727(c).[3]  Such determination, of course, is a core proceeding, and if that determination takes place in the Referenced Action after removal, the Referenced Action becomes a core proceeding.

A cursory review of the filings in the Referenced Action will also reveal the appointment of a temporary receiver.  That receiver has been authorized to conduct sales of certain property. After the filing of the Debtor's bankruptcy case, the bankruptcy court enjoined the receiver from

---

[2] It is not too fanciful to suspect that the reason the objecting parties seek this Court's determination now that the Referenced Action is not a core proceeding is that they do not want that determination to be made by the bankruptcy court after they have filed their proofs of claim.

[3] The provision for granting a discharge in chapter 11 cases, 11 U.S.C. § 1141(d), expressly incorporates § 727.

4912-0190-9669 v.1

conducting a sale that included property claimed to be owned by the Debtor.  A copy of the bankruptcy court's order is attached as an exhibit to the reply declaration of Alec P. Ostrow. The bankruptcy court determined that the automatic stay, *id.* § 362(a), was enforced and extended to prevent the sale until the bankruptcy court could determine the disputes as to whether property included in the sale was property of the Debtor's estate.  Thus, the Referenced Action contains issues as to whether property in the possession, custody, or control of the receiver is property of the estate, and should be turned over to the Debtor as the representative of the estate.  The determination of such issues presents a core proceeding.  28 U.S.C. § 157(b)(2)(E) (orders to turnover property of the estate); *DeFlora Lake Dev. Assocs. Inc. v. Hyde Park (In re DeFlora Lake Dev. Assocs. Inc.)*, 571 B.R. 587, 592 (Bankr. S.D.N.Y. 2017) (the determination whether certain property is property of the estate is a core proceeding).

Finally, because the Referenced Action embraces so much of the Debtor's relationships with his major creditors, it is inconceivable that it does not represent a proceeding that affects "the administration of the estate" or is one "affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship," and thus constitutes a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A), (O).  As stated by Second Circuit, a proceeding that affects core bankruptcy functions is a core proceeding.  *Millenium Seacarriers*, 419 F.3d at 97; *U.S. Lines*, 197 F.3d at 637.

Based on the foregoing, within the limited space permitted by a reply memorandum of law, it is respectfully submitted that the Debtor has demonstrated that the Referenced Action, if removed, will qualify as a core proceeding, or that whether Referenced Action qualifies as a core

8

4912-0190-9669 v.1

proceeding cannot be determined on this record. As a result, the objecting parties' futility argument must be rejected, and their opposition to the Debtor's motion must be overruled.[4]

### Conclusion

For the reasons set forth above and in the original motion papers, Jeffrey Simpson, in his capacity as debtor in possession, respectfully requests that his motion for an order (a) construing the Injunction Order as not applicable to him in his capacity as debtor in possession, or (b) granting relief from the Injunction Order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to permit him to remove the Referenced Action pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452(a), or (c) granting him permission to remove the Referenced Action pursuant to the bankruptcy removal statute, under the terms of the Injunction Order, be granted in all respects, and that he be granted such other and further relief as is just.

Dated: New York, New York
      April 27, 2026

Respectfully submitted,

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP

By: _/s/ Alec P. Ostrow_____
      Alec P. Ostrow
299 Park Avenue
New York, New York 10171
(212) 888-3033
aostrow@beckerglynn.com

*Proposed Bankruptcy Counsel for*
*Jeffrey Simpson, as Debtor in Possession*

---

[4] As an alternative to mandatory abstention, Mr. Chassen's memorandum of law argues in footnote 45 that removal is also futile because of permissive abstention, pursuant to 28 U.S.C. § 1334(c)(1). Permissive abstention is discretionary, and should be exercised sparingly because this Court, like all federal courts "have a virtually unflagging obligation to exercise the jurisdiction given to them, and may may abstain only for a few and extraordinary and narrow circumstances." *Delaware Tr. Co. v. Wilmington Tr. N.A.*, 534 B.R. 500, 513 (S.D.N.Y. 2015) (cleaned up, internal quotation omitted); *accord Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P.*, 487 B.R. 158, 165 (S.D.N.Y. 2013).

4912-0190-9669 v.1