**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JEFFREY SIMPSON,

                Plaintiff,

       -- against --

JARED CHASSEN, et al.,

                Defendants.

Civil Action No. 25-CV-4004 (JAV)

### DECLARATION OF ALEC P. OSTROW IN SUPPORT OF MOTION TO CONSTRUE OR FOR RELIEF FROM INJUNCTION PROHIBITING REMOVAL WITHOUT COURT CONSENT

Alec P. Ostrow hereby declares the following under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am a member of the bar of this Court and a member of the firm of Becker, Glynn, Muffly, Chassin & Hosinski, LLP, the attorneys that filed the chapter 11 petition for Jeffrey Solomon Simpson (the "Debtor"), and are his proposed counsel as debtor in possession in his chapter 11 case, which is pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 26-10359 (LGB), before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge. I filed the notice of the Debtor's bankruptcy filing that is ECF No. 67 in this case.

2. I make this reply declaration in further support of the Debtor's motion plaintiff's motion for an order (a) construing this Court's Memorandum Opinion and Order of June 27, 2025, ECF No. 31 (the "Injunction Order") that prohibits him from removing the underlying action pending in the Supreme Court of the State of New York, County of New York, Index No.

4936-5477-6230 v.1

158055/2023 (the "Referenced Action") as not applicable to him in his capacity as debtor in possession, or (b) granting relief from the Injunction Order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to permit him to remove the Referenced Action pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452(a), or (c) granting him permission to remove the Referenced Action pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452(a), under the terms of the Injunction Order.  The purpose of this declaration is to attach true and correct copies of the principal documents referred to in the accompanying memorandum of law.

3.      Attached hereto as an exhibit is a true and correct copy of the Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay, entered by the Bankruptcy Court in Adversary Proceeding No. 26-01013 (LGB), ECF Doc. 22, within the Debtor's bankruptcy case on March 25, 2026.

6.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 27, 2026

/s/ Alec P. Ostrow
Alec P. Ostrow

2

# EXHIBIT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>               Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and<br>Debtor in Possession,<br><br>             Plaintiff,<br><br>   – against –<br><br>ERIC HUEBSCHER, as Receiver of Certain Assets<br>of JJ Arch,<br><br>             Defendant. | Adv. Proc. No. 26-01013 (LGB) |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR**
**INJUNCTIVE RELIEF ENFORCING AND EXPANDING THE AUTOMATIC STAY**

Upon the motion [ECF No. 2] (the "Motion") of Plaintiff Jeffrey Solomon Simpson (the "Debtor"), as Debtor and Debtor in Possession, for entry of an order enforcing and extending the automatic stay to prohibit the defendant Eric Heubscher, as Receiver of certain assets of JJ Arch (the "Receiver") from conducting an auction (the "Auction") selling assets claimed to belong to the Debtor's estate until such claims can be resolved, and from shutting down a business that will risk the expansion of the Debtor's liabilities and impede his reorganization efforts; and the Receiver having filed an objection to the Motion [ECF No. 12]; and Jared Chassen ("Chassen") having filed an objection to the Motion [ECF No. 14]; and the Court having subject matter jurisdiction to consider and determine the Motion, and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court having held a hearing on the Motion on March 24, 2026; and after due deliberation and for the reasons set forth on the record, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein;

2. The automatic stay under section 362(a) of the Bankruptcy Code (the "Code") applies and is enforceable as to any personal property (the "Personal Property") of the Debtor located at 1640 Montauk Highway, Water Mill New York 11976 (the "1640 Montauk Property");

3. The automatic stay under section 362(a) of the Code is extended pursuant to section 105(a) of the Code as to the entire Auction but only until such time as any disputes concerning whether certain of the Personal Property is property of the Debtor's estate are resolved pursuant to the procedures described below;

4. The Debtor has until **April 23, 2026 at 4:00 p.m. (ET)** (the "Filing Deadline") to: (1) visit the 1640 Montauk Property at a date and time arranged in advance and acceptable to both the Debtor and the Receiver with appropriate security personnel provided by the Receiver present at the 1640 Montauk Property to identify all items that the Debtor claims is his Personal Property[1]; and (2) file on this Court's docket an itemized list (the "List") of such Personal Property which separately lists each item of Personal Property (including any identifying serial numbers and vehicle identification numbers), along with copies of any documentation evidencing the Debtor's alleged ownership of such Personal

---

[1] The Debtor is authorized to go to the 1640 Montauk Property for a single occasion and for the sole purpose of identifying his alleged items of personal property. The Debtor shall work with the Receiver to make appropriate arrangements to ensure the Debtor is accompanied by appropriate security personnel at the time of the visit to the 1640 Montauk Property.

Property. To the extent that any order issued by another court precludes or enjoins the Debtor from visiting the 1640 Montauk Property, this Order hereby supersedes any such order solely with respect to the site visit authorized by this Court as set forth herein;

5.  If the List is not filed by the Filing Deadline, the Receiver is authorized to proceed with the Auction and set aside and hold $34,500[2] in trust, with amounts to be paid out to the Debtor to the extent he is able to later prove at an evidentiary hearing before this Court that any items at the 1640 Montauk Property sold at the Auction constituted property of the Debtor's estate;

6.  If the List is timely filed, **May 3, 2026 at 4:00 p.m. (ET)** (the "Objection Deadline") is the deadline for the Receiver to object to any of the items of Personal Property included on the List as to whether such items are property of the Debtor's estate;

7.  If no objections are filed by the Objection Deadline, the Debtor will have until **May 18, 2026** to remove the personal property items set forth on the List from the 1640 Montauk Property, at the Debtor's own cost, at a date and time arranged in advance and acceptable to both the Debtor and the Receiver with appropriate security personnel provided by the Receiver present at the 1640 Montauk Property. To the extent that any order issued by another court precludes or enjoins the Debtor from visiting the 1640 Montauk Property to retrieve undisputed Personal Property, this Order hereby supersedes any such order solely with respect to this site visit. If no objections are filed by the Objection Deadline, the Auction may proceed on May 19, 2026 or such other later date as the Receiver shall select and, if the Debtor fails to remove all of the personal property items set forth on the

---

[2] As pointed out in the Receiver's Objection to the Motion [ECF No. 12], this amount represents the total monetary value of the property specifically listed as located on the 1640 Montauk Property, according to the Debtor's filed bankruptcy schedules, which are filed under penalty of perjury. *See* Receiver's Objection at 4.

3

List from the 1640 Montauk Property by May 18, 2026, the Receiver may sell such personal property items at the Auction and promptly remit the sale proceeds for such personal property items to the Debtor;

8. If an objection to the List is timely filed by the Receiver, a scheduling conference will take place on **May 7, 2026 at 10:00 a.m. (ET)** via Zoom for Government to discuss scheduling of an evidentiary hearing before this Court with respect to the dispute as to whether certain items on the List are property of the Debtor's estate;

9. The pre-trial conference currently scheduled in this adversary proceeding for March 31, 2026 is adjourned to **May 7, 2026 at 10:00 a.m. (ET)**; and

10. This Court shall retain jurisdiction over any matter or dispute arising from or relating to this Order.

Dated: March 25, 2026
New York, New York

*/s/ Lisa G. Beckerman*
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE